Skip to Main Content Logout My Account Search Menu Search Refine Search Back          Location : All Courts   Images

# REGISTER OF ACTIONS
## CASE NO. D-202-CV-2023-06297

| | | |
|---|---|---|
| **Elizabeth Lindsey v. Albuquerque Public Schools Board of Education, et al.** | § § § § § § | Case Type: **Other** <br> Date Filed: **08/07/2023** <br> Location: <br> Judicial Officer: **Ortega, Lisa Chavez** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **Albuquerque Public Schools Board of Education** | **Mia Kern Lardy** <br> *Retained* <br> 505-848-1819(W) <br><br> Laura Meghan Unklesbay <br> *Retained* <br> 505-848-1808(W) |
| **Defendant** | **Blea, Melanie** | **Mia Kern Lardy** <br> *Retained* <br> 505-848-1819(W) <br><br> Laura Meghan Unklesbay <br> *Retained* <br> 505-848-1808(W) |
| **Plaintiff** | **Lindsey, Elizabeth** <br><br> 4717 Brenda Street NE <br> Albuquerque, NM 87109 | **Heather C. Burke** <br> *Retained* <br> 505-428-9424(W) <br><br> ~~Pro Se~~Kenneth Charles Detro <br> *~~Retained~~* <br> ~~505-584-4273(W)~~ |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 08/07/2023 | **Cause Of Actions** <br> Action Type | Other <br> Action |
| 08/07/2023 | **OPN: COMPLAINT** | |
| 08/07/2023 | **JURY DEMAND 6 PERSON** | |
| 08/07/2023 | **ARB: CERT NOT SUBJECT** | |
| 12/13/2023 | **MTN: TO WITHDRAW** <br> *Motion for Leave to Withdraw* | |
| 12/13/2023 | **ORD: WITHDRAWAL/ SUBSTITUTION OF COUNSEL** | |
| 01/17/2024 | **ENTRY OF APPEARANCE** | |
| 02/09/2024 | **Cause Of Actions** <br> Action Type | Statutes, Ordinance Violations, Miscellaneous <br> Action |
| 02/09/2024 | **AMENDED COMPLAINT** | |

| | | | | |
|---|---|---|---|---|
| 02/12/2024 | **Summons** | | | |
| | Albuquerque Public Schools Board of Education | Served <br> Response Due <br> Returned | 02/20/2024 <br> 03/21/2024 <br> 03/01/2024 | |
| 02/16/2024 | **Summons** | | | |
| | Blea, Melanie | Served <br> Response Due <br> Returned | 02/20/2024 <br> 03/21/2024 <br> 03/01/2024 | |

| | |
|---|---|
| 03/01/2024 | **AFFIDAVIT OF SERVICE** |
| 03/01/2024 | **AFFIDAVIT OF SERVICE** |
| 03/21/2024 | **MTN: TO DISMISS** |
| 04/05/2024 | **AFFIDAVIT OF SERVICE** |



EXHIBIT

A

04/05/2024 **RETURN OF SERVICE** Case 1:24-cv-00393-GBW-JFR    Document 1-1    Filed 04/25/24    Page 2 of 40
04/05/2024 **NTC: NOTICE**
*of Withdrawal of Defendants Motion to Dismiss*

---

**FINANCIAL INFORMATION**

**Plaintiff** Lindsey, Elizabeth

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | 282.00 |
| Total Payments and Credits | | | | 282.00 |
| **Balance Due as of 04/25/2024** | | | | **0.00** |

| | | | | |
|---|---|---|---|---|
| 08/08/2023 | Transaction Assessment | | | 282.00 |
| 08/08/2023 | File & Serve Payment | Receipt # ALBD-2023-19085 | Lindsey, Elizabeth | (282.00) |

---

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
8/7/2023 9:28 PM
KATINA WATSON
CLERK OF THE COURT
Brianna Rankin

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**ELIZABETH LINDSEY,**

      **Plaintiff,**

                                               D-202-CV-2023-06297

**v.**                                       **Case No.** _____

**ALBUQUERQUE PUBLIC SCHOOLS,**

      **Defendant.**

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

Plaintiff, Elizabeth Lindsey, by and through her attorneys, THE GILPIN LAW FIRM, LLC, (Donald G. Gilpin and Kenneth C. Detro), alleges and states:

### JURISDICTION AND VENUE

1. This action is brought by Plaintiff to remedy violations of the New Mexico Human Rights Act (HRA), the Families Medical Leave Act (FMLA), and the Americans with Disabilities Act (ADA). Plaintiff seeks damages and other appropriate legal relief.

2. Plaintiff is a resident of Albuquerque, Bernalillo County, and New Mexico.

3. Defendant, Albuquerque Public Schools (APS) is a governmental entity doing business in New Mexico.

4. Defendant is an employer within the meaning of the HRA and FMLA.

5. Upon information and belief, Defendant employs more than 10,800 employees.

6. Venue is proper because all the unlawful practices complained herein occurred within the County of Bernalillo.

7. The District Court has personal and subject matter jurisdiction.

8. Plaintiff filed EEOC/NMHRA, and DOL claims, exhausting her administrative remedies and has received a right to sue.

1

## ALLEGATIONS

9.      Plaintiff has worked for Defendant in multiple iterations and in various capacities since 2007. Plaintiff has been continuously employed as a Special Education Support Teacher for APS since August 2021.

10.      August 2022: Administrator Melanie Blea became Plaintiff's supervisor.

11.      On or about August 8, 2022, a meeting occurred between Human Resources (HR), Ms. Blea, and Plaintiff. The purpose of that meeting was to apprise Ms. Blea of Plaintiff's then existing ADA accommodations which included virtual meeting attendance and an accommodated office space.

12.      November 7, 2022: Plaintiff, absent any due process, received notice of a disciplinary hearing with HR to be held November 14, 2022. The substance of the meeting was questioning Plaintiff about covering Service Hours.

13.      On November 8, 2022, Plaintiff filed a complaint with APS Office of Equal Opportunity Services (EOS) because APS had not provided ADA accommodations to Plaintiff since the August 8, 2022 meeting with Supervisor Blea.

14.      On November 17, 2022, Plaintiff, having received no response to her EOS Complaint, contacted then APS Superintendent Scott Elder for assistance.

15.      December 2, 2022: Plaintiff submitted intermittent FMLA papers for processing at APS HR.

16.      On December 5, 2022, An ADA interactive process meeting was held during which Plaintiff's ADA accommodation plan was changed to clarify and document Plaintiff's accommodations in the meeting of August of 2022 which included virtual meeting attendance and an accommodated office space.

17.      December 5, 2022: Supervisor Blea provided the office space accommodation at a location

that was very distant from all but one of Plaintiff's work sites.

18.     January 18, 2023: Plaintiff received an email from supervisor Blea stating that Plaintiff was required to make up IEP mandated special education service hours with students that had been missed due to the use of intermittent FMLA leave.

19.     January 19, 2023: Plaintiff receives an email from Meg Christ, Extended Leave Specialist for HR at APS, stating that "APS [was] required to service the students."

20.     January 23, 2023, Supervisor Blea denied Plaintiff's pre-approved accommodation allowing Plaintiff to attend department meetings virtually.

21.     January 24, 2022: Plaintiff petitioned Superintendent Elger to intervene on the denial of accommodation that had occurred the prior day.

22.     January 27, 2023: Plaintiff expressed concern because the IEP mandated service hours of those special needs students to whom her services were to be directed were not being met in Plaintiff's absence because supervisor Blea had failed to provide substitute coverage during Plaintiff's approved FMLA leave. Failure to so cover violated Article 5, Section I (1) *Conditions of Professional Service*, In which Defendant is constrained to provide coverage under such circumstances.

23.     February 3, 2023: Plaintiff met with supervisor Blea, and Jessica Rivera Senior Staffing Agent for HR at APS, to discuss several concerns including the lack of substitute coverage during Plaintiff's FMLA leave. Supervisor Blea again asserted that Plaintiff was required to make up service time with her students in the wake of missing those service hours during FMLA leave. Ms. Rivera stated that such service hours make up time should not infringe on Plaintiff's planning time. Supervisor Blea ordered Plaintiff to provide a report of weekly service hour shortages which Plaintiff did provide throughout her remaining time.

24.     February 14, 2023: An ADA interactive process meeting was held during which Plaintiff's

3

ADA Accommodation plan was again clarified to contain language to the effect that virtual meeting participation was to be allowed upon *request* of Plaintiff and not subject to the discretion of supervisor Blea.

25.    February 13, 2023: Plaintiff received an email from supervisor Blea demanding that Plaintiff make up service hours to students that coming week.

26.    February 21, 2023: supervisor Blea instructed Plaintiff to create and maintain a spreadsheet tracking FMLA leave, missed service time with students, and time made up and when such times were made up.

27.    To supervisor Blea's request, Plaintiff responded that making up time was impossible as her schedule was already full, and that she could not possibly know what particular times were made up or predict an FMLA leave event, based in Plaintiff's assumption that Supervisor Blea intended to fulfill Defendant's obligation to provide substitute coverage for those hours.

28.    March 8, 2023: Supervisor Blea issued email refusing a reasonable caseload adjustment to prevent the presence of two Special Education Support Teachers in any classroom at the same time.

29.    April 5-11: In the wake of a flurry of emails, supervisor Blea ordered Plaintiff to hand deliver a mileage form despite the fact that they had been emailed all that year. Supervisor Blea also demanded a "Red ink Signature," which was not required.

30.    April 19, 2023: Plaintiff notified supervisor Blea that a new student had need for special education hours to be scheduled as the result of an Individual Educational Program (IEP) meeting. Supervisor Blea added the student to Plaintiff's caseload despite Plaintiff's protestations that she was soon to be starting an extended period of leave.

31.    April 23, 2023: continuous FMLA was approved by HR at APS.

32.    April 26, 2023: absent any communication regarding how APS would see to Plaintiff's

4

caseload in her absence, Plaintiff e-mailed a caseload summary to supervisor Blea and Anita Atler the Associate Superintendent for Special Education. Plaintiff's summary included a service hour shortage spreadsheet for all students for the entire Spring semester concluding that there would be a total shortage of 138.25 hours throughout the semester based on a lack of substitute coverage to date.

## COUNT I.  DISCRIMINATION

33.    Plaintiff repeats and realleges each and every allegation contained in all other paragraphs of this complaint with the same force and effect as if set forth herein.

34.    Plaintiff is a Public Employee.

35.    Plaintiff, a disabled person, has a physical or mental impairment that substantially limits one or more major life activity.

36.    Plaintiff suffers from Superior Canal Dehiscence Syndrome a serious medical condition.

37.    Plaintiff is otherwise qualified to complete all duties associated with her job despite her disability as evidenced by the number of years during which she successfully accomplished those tasks prior to the events herein described.

38.    Plaintiff communicated to Defendant her right to ADA accommodations to which the Defendant agreed on multiple occasions.

39.    Defendant however intentionally discriminated against Plaintiff by denying ADA accommodations that were the byproduct of, and agreed upon during, interactive Process meetings between Defendant and Plaintiff. These included four months of non-accommodated office space and disallowance of virtual attendance of meetings.

40.    Plaintiff has suffered damages as a result of discrimination against her based in her disability.

5

## COUNT II. HARASSMENT

41.    Plaintiff repeats and realleges each and every allegation contained in all other paragraphs of this complaint with the same force and effect as if set forth herein.

42.    Defendant intentionally subjected Plaintiff to harassment and hostile work environment based in disability discrimination consisting of:

  a.  pervasive refusal to accommodate Plaintiff in full knowledge of prior existing ADA accommodations arranged by and through Defendant on behalf of Plaintiff. These included refusal to allow meetings virtually and not providing an accommodated office for four months.

  b.  Commanding Plaintiff to make up service hours for Plaintiff's special needs students in direct contradiction to FMLA rules and APS/ATF negotiated agreement.

  c.  Commanding Plaintiff to keep unnecessary, exacting and impossible records regarding the coverage of service hours for Plaintiff's special needs students.

  d.  Pervasive refusal to provide substitute coverage for Plaintiff's special needs students IEP mandated service hours during Plaintiff's FMLA leave

  e.  Adding a new student to Plaintiff's case load immediately upon being informed that Plaintiff was just about to begin a period of extended leave

43.    Plaintiff suffered damages as a result of intentional discriminatory harassment by Defendant that resulted in a hostile work environment.

## COUNT III. FAILURE TO ACCOMMODATE

44.    Plaintiff repeats and realleges each and every allegation contained in all other paragraphs of this complaint with the same force and effect as if set forth herein.

6

45.    Defendant had direct knowledge of Plaintiff's disability having engaged in the ADA interactive process with Plaintiff on several occasions.

46.    Plaintiff made requests for accommodations, accepted and agreed upon by Defendant, that specifically, she would be allowed to attend meetings virtually and be assigned an accommodated office.

47.    Defendant however refused Plaintiff those accommodations upon reasonable request by Plaintiff.

## COUNT IV. INTERFERENCE WITH FMLA

48.    Plaintiff repeats and realleges each and every allegation contained in all other paragraphs of this complaint with the same force and effect as if set forth herein.

49.    Plaintiff processed a claim for and was authorized by Defendant granting Plaintiff both intermittent and continuous FMLA on separate occasions.

50.    Plaintiff gave appropriate notice for each FMLA leave event.

51.    Defendant refused to provide substitute coverage for Plaintiff's IEP mandated service hours for special needs students during the times of her FMLA leave.

52.    Defendant required Plaintiff to make up service hours lost as a result of approved FMLA leave events as well as penalizing her by docking her sick time.

53.    Defendant continued to hold Plaintiff responsible for that coverage despite its knowledge that it was responsible for providing coverage, of service hours in Plaintiffs absence due to FMLA leave.

54.    Defendant's continued requirement that Plaintiff cover lost service hours constituted a threat that were Plaintiff not able to complete coverage of those hours, she would be subjected to progressive discipline and eventual loss of her job.

55.    Defendant's continued requirement that Plaintiff cover lost service hours constituted an

7

intentional attempt to dissuade Plaintiff from rightfully utilizing FMLA hours due to her.

56.    Defendant's requirement that Plaintiff cover the service hours lost during her authorized use of FMLA prejudiced Plaintiff by forcing her to worry about the loss of IEP mandated service hours for her special needs students, increasing her work load, causing emotional distress, and forcing her to fear disciplinary action and for the security of her continued employment.

## CONCLUSION

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment:

(A)    Awarding Plaintiff compensatory damages that would make her whole for all earnings she would have received but for Defendant's discriminatory, and unlawful treatment, including, but not limited to, wages and other benefits;

(B)    Awarding Plaintiff, the costs for this action together with reasonable attorney's fees as provided by the FMLA laws and the New Mexico Human Rights Act;

(C)    Awarding Plaintiff liquidated (double) Damages for Defendant's bad faith interference with Plaintiff's rightful use of FMLA.

(D)    Awarding Plaintiff punitive damages against Defendant for Defendant's violation of FMLA.

(E)    Awarding Plaintiff compensatory damages for her mental anguish and humiliation

(F)    Granting such other and further relief as this Court deems necessary and proper.

Respectfully submitted,

GILPIN LAW FIRM, LLC

*/s/ Kenneth C. Detro*
Donald G. Gilpin
Kenneth C. Detro
6757 Academy Road NE, Ste. B
Albuquerque, NM 87109
Phone: 505-244-3861
Fax: 505-254-0044
*Attorneys for Plaintiff*

8

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
8/7/2023 9:28 PM
KATINA WATSON
CLERK OF THE COURT
Brianna Rankin

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

ELIZABETH LINDSEY,

       Plaintiff,

v.                               Case No. _____  D-202-CV-2023-06297

ALBUQUERQUE PUBLIC SCHOOLS,

       Defendant.

## DEMAND FOR A JURY TRIAL

Plaintiff, Elizabeth Lindsey, by and through her attorneys of record, Gilpin Law Firm,

LLC (Donald G. Gilpin and Kenneth C. Detro), requests a six person jury pursuant to Rule 1-

038, NMRA 1998.

Respectfully submitted,

GILPIN LAW FIRM, LLC

*/s/ Kenneth C. Detro*
Donald G. Gilpin
Kenneth C. Detro
6757 Academy Road NE
Ste. B
Albuquerque, NM 87109
Phone: 505-244-3861
Fax: 505-254-0044
*Attorneys for Plaintiff*

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
8/7/2023 9:28 PM
KATINA WATSON
CLERK OF THE COURT
Brianna Rankin

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**ELIZABETH LINDSEY,**

        **Plaintiff,**

**v.**                                   **Case No.**   D-202-CV-2023-06297

**ALBUQUERQUE PUBLIC SCHOOLS,**

        **Defendant.**

### PLAINTIFF'S CERTIFICATION REGARDING ARBITRATION

I, Kenneth C. Detro, counsel for Plaintiff, certify that:

1.    This case is subject to referral to arbitration under LR2-603.  No party seeks relief other than money judgment and no party seeks an award in excess of $25,000.00 exclusive of punitive damages and exclusive of interest, costs, and attorney's fees.

√    2.    This case is **not subject** to referral to arbitration under LR2-603 because at least one party seeks relief other than money judgment and/or at least one party seeks an award in excess of $50,000.00 exclusive of punitive damages and of interests, costs and attorney's fees.

Respectfully submitted,

GILPIN LAW FIRM, LLC


*/s/ Kenneth C. Detro*
Donald G. Gilpin
Kenneth C. Detro
6757 Academy Road NE
Ste. B
Albuquerque, NM 87109
Phone: 505-244-3861
Fax: 505-254-0044
*Attorneys for Plaintiff*

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
12/13/2023 11:50 AM
KATINA WATSON
CLERK OF THE COURT
Alyssa Garza

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

**ELIZABETH LINDSEY,**

       **Plaintiff,**

**v.**                                 **Case No. D-202-CV-2023-06297**

**ALBUQUERQUE PUBLIC SCHOOLS,**

       **Defendant.**

## MOTION FOR LEAVE TO WITHDRAW

**COMES NOW,** Plaintiff Elizabeth Lindsey and the Gilpin Law Firm LLC., Donald G. Gilpin and Kenneth C. Detro (Firm), and hereby submits this Motion for Leave allowing Counsel to Withdraw from the above captioned case. As grounds thereof, the Gilpin Law Firm states:

1. Donald G. Gilpin has a medical condition rendering him incapable of practicing law. As such, the Gilpin Law Firm must withdraw as counsel of record.

2. The Firm, having suffered loss of its principal to disability, and being aware of the pending deadline for Plaintiff to appeal decision of the Human Rights Bureau regarding his charge against the above captioned Defendant, did write for Plaintiff a complaint in order to toll the statute of limitations regarding such appeals.

3. Plaintiff did, at that time, agree that the Firm was soon to withdraw and that it was filing a Complaint solely to avoid this Court's loss of jurisdiction over Plaintiff's matter, and in order to give her time to find another attorney. Process however, has yet to be served.

Page 1 of 3

4. Per Rule 1-089 NMRA, in the event that the Firm is granted leave to withdraw, Plaintiff Gutierrez will have 20 days to find another attorney, after which she will be deemed by this Court to have made entry of appearance *pro se*.

5. Plaintiff Gutierrez requires time to obtain new counsel. Thus, Plaintiff requests that this Court allow this case to languish in its docket for a reasonable period not to exceed six months.

6. Plaintiff's current contact information is as follows:

a. Elizabeth Lindsey
4717 Brenda Street NE
Albuquerque NM 87109
(505) 918-8325
bethlindsey1970@gmail.com

7. Because Defendant has not been served, no counsel exists and so cannot be contacted, under Rule 1-007.1 (A), to determine opposition.

WHEREFORE, Plaintiff and Firm seek an order:

A. Granting the Firm leave to withdraw from the above captioned case;

B. Allowing that Plaintiff's Complaint may languish in Its docket for a period not to exceed six (6) months or until entry of new Counsel;

C. For any other relief this Court may find right and proper.

Respectfully submitted,

THE GILPIN LAW FIRM, LLC

*/s/ Kenneth C. Detro*
Donald G. Gilpin, Esq.
Kenneth C. Detro, Esq.
C/O Cheryl McLean Esq.

Page 2 of 3

914 Lomas Blvd. NW
Albuquerque NM 87102
Phone: 505-244-3861
Fax: 505-254-0044
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was

electronically filed using the Court's Odyssey system.

*/s/ Kenneth C. Detro*
KENNETH C. DETRO
*Attorney for Plaintiff*

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
12/13/2023 3:22 PM
KATINA WATSON
CLERK OF THE COURT
Alyssa Garza

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**ELIZABETH LINDSEY,**

       **Plaintiff,**

**v.**                                   **Case No. D-202-CV-2023-06297**

**ALBUQUERQUE PUBLIC SCHOOLS,**

       **Defendant.**

## ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD

**THIS MATTER**, having come before the Court on *Motion for Leave to Withdraw,* and the Court having reviewed the Motion, and being otherwise advised in the premises,

**FINDS**: This Motion is well taken.

**IT IS THUS ORDERED** that *Plaintiff's Motion for Leave to Withdraw* is **GRANTED**.

**NOW, THEREFORE, THE COURT ORDERS THAT**:

1. The Gilpin Law Firm (Donald Gilpin and Kenneth C. Detro) are withdrawn as counsel of record for Plaintiff Elizabeth Lindsey;

2. Plaintiff shall have 20 days to find an attorney and will thereafter be deemed to have made an entry of appearance *pro se.* Plaintiff's current contact information is as follows:

    a. **Elizabeth Lindsey**
       **4717 Brenda Street NE**

1

**Albuquerque NM 87109**
**(505) 918-8325**
bethlindsey1970@gmail.com

3.  Plaintiff Lindsey is informed that she shall act diligently to pursue this matter. If she pursues this case without counsel, she will be held to the same standard and will be required to follow the same rules as an attorney.

4.  Plaintiff Lindsey shall proceed without delay in completing service of process.

5.  Withdrawing counsel shall mail a copy of this order to Elizabeth Lindsey and shall file a Certificate of Mailing upon completion.

Judge Lisa Chavez Ortega
District Court Judge
Division XIII

**Please note:  This order deviates from the proposed form/s of order originally submitted.  Please review carefully.**

Submitted by:

*/s/ Kenneth C. Detro*
The Gilpin Law Firm, LLC
Donald G. Gilpin, Esq.
Kenneth C. Detro, Esq.
C/O Cheryl McLean
914 Lomas Blvd NW
Albuquerque NM 87102
505-244-3861
*Attorneys for Plaintiff*

2

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
1/17/2024 3:08 PM
KATINA WATSON
CLERK OF THE COURT
Brittany Valencia

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**ELIZABETH LINDSEY,**

     **Plaintiff,**

**v.**                                                                      **D-202-CV-2023-06297**

**ALBUQUERQUE PUBLIC SCHOOLS,**

     **Defendant**

## ENTRY OF APPEARANCE

Heather Burke hereby enters her appearance on behalf of Plaintiff Elizabeth Lindsey.

Respectfully Submitted.

Heather Burke
Attorney at Law
1000 Cordova Place #24
Santa Fe, NM 87505
(505) 428-9424
heather@hburkelaw.com

## CERTIFICATE OF SERVICE

1

I hereby certify that a copy of the foregoing was filed to be served upon opposing counsel of record through the Court's efile and serve system on this 17th day of January, 2024.

Respectfully Submitted.

Heather Burke
Attorney at Law
1000 Cordova Place #24
Santa Fe, NM 87505
(505) 428-9424
heather@hburkelaw.com

2

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
2/9/2024 4:02 PM
KATINA WATSON
CLERK OF THE COURT
Jennie L Sotelo

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

ELIZABETH LINDSEY,

Plaintiff,

v.

Case No. D-202-CV-2023-06297

ALBUQUERQUE PUBLIC SCHOOLS
BOARD OF EDUCATION,
MELANIE BLEA, in her individual capacity,

Defendants

## FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE NEW MEXICO HUMAN RIGHTS ACT, AND THE FAMILY AND MEDICAL LEAVE ACT

Plaintiff, Elizabeth Lindsey, by and through her attorney Heather Burke, alleges and states:

## JURISDICTION AND VENUE

1. This action is brought by Plaintiff to remedy violations of the New Mexico Human Rights Act (HRA), the Families Medical Leave Act (FMLA), and the Americans with Disabilities Act (ADA). Plaintiff seeks damages and other appropriate legal relief

2. Plaintiff is a resident of Albuquerque, Bernalillo County, and New Mexico.

3. Defendant, Albuquerque Public Schools Board of Education ("APS") is a governmental entity doing business in New Mexico.

4. Defendant is an employer within the meaning of the HRA and FMLA.

5. Defendant Blea is employed by APS and is an employer under the FMLA.

1

6. Upon information and belief, Defendant employs more than 10,800 employees.

7. Venue is proper because all the unlawful practices complained herein occurred within the County of Bernalillo.

8. The District Court has personal and subject matter jurisdiction.

9. Plaintiff filed EEOC/NMHRA, and DOL claims, exhausting her administrative remedies and has received a right to sue, dated May 9, 2023.

## FACTUAL BASIS

10. Plaintiff has worked for Defendant in multiple iterations and in various capacities since 2007. Plaintiff has been continuously employed as a Special Education Support Teacher for APS since August 2021.

11. August 2022: Administrator Melanie Blea became Plaintiff's supervisor.

12. On or about August 8, 2022, a meeting occurred between Human Resources (HR), Ms. Blea, and Plaintiff. The purpose of that meeting was to apprise Ms. Blea of Plaintiff's then existing ADA accommodations which included virtual meeting attendance and an accommodated office space.

13. November 7, 2022: Plaintiff, absent any due process, received notice of a disciplinary hearing with HR to be held November 14, 2022. The substance of the meeting was questioning Plaintiff about covering Service Hours.

14. On November 8, 2022, Plaintiff filed a complaint with APS Office of Equal Opportunity Services (EOS) because APS had not provided ADA accommodations to Plaintiff since

2

the August 8, 2022 meeting with Supervisor Blea.

15. On November 17, 2022, Plaintiff, having received no response to her EOS Complaint, contacted then APS Superintendent Scott Elder for assistance.

16. December 2, 2022: Plaintiff submitted intermittent FMLA papers for processing at APS HR.

17. On December 5, 2022, An ADA interactive process meeting was held during which Plaintiff's ADA accommodation plan was changed to clarify and document Plaintiff's accommodations from the meeting of August of 2022 which included virtual meeting attendance and an accommodated office space.

18. December 5, 2022: Supervisor Blea provided the office space accommodation at a location that was very distant from all but one of Plaintiff's work sites.

19. January 18, 2023: Plaintiff received an email from supervisor Blea stating that Plaintiff was required to make up IEP mandated special education service hours with students that had been missed due to the use of intermittent FMLA leave.

20. January 19, 2023: Plaintiff receives an email from Meg Christ, Extended Leave Specialist for HR at APS, stating that "APS [was] required to service the students."

21. January 23, 2023, Supervisor Blea denied Plaintiff's pre-approved accommodation allowing Plaintiff to attend department meetings virtually.

22. January 24, 2022: Plaintiff petitioned Superintendent Elger to intervene on the denial of accommodation that had occurred the prior day.

23. January 27, 2023: Plaintiff expressed concern because the IEP mandated service hours of those special needs students to whom her services were to be directed were not being met in Plaintiff's absence because supervisor Blea had failed to provide substitute coverage

3

during Plaintiff's approved FMLA leave. Failure to so cover violated Article 5, Section I (1) Conditions of Professional Service, In which Defendant is constrained to provide coverage under such circumstances.

24. February 3, 2023: Plaintiff met with supervisor Blea, and Jessica Rivera Senior Staffing Agent for HR at APS, to discuss several concerns including the lack of substitute coverage during Plaintiff's FMLA leave. Supervisor Blea again asserted that Plaintiff was required to make up service time with her students in the wake of missing those service hours during FMLA leave. Ms. Rivera stated that such service hours make up time should not infringe on Plaintiff's planning time. Supervisor Blea ordered Plaintiff to provide a report of weekly service hour shortages which Plaintiff did provide throughout her remaining time.

25. February 14, 2023: An ADA interactive process meeting was held during which Plaintiff's ADA Accommodation plan was again clarified to contain language to the effect that virtual meeting participation was to be allowed upon request of Plaintiff and not subject to the discretion of supervisor Blea.

26. February 13, 2023: Plaintiff received an email from supervisor Blea demanding that Plaintiff make up service hours to students that coming week.

27. February 21, 2023: supervisor Blea instructed Plaintiff to create and maintain a spreadsheet tracking FMLA leave, missed service time with students, and time made up and when such times were made up.

28. To supervisor Blea's request, Plaintiff responded that making up time was impossible as her schedule was already full, and that she could not possibly know what particular times were made up or predict an FMLA leave event, based in Plaintiff's assumption that

4

Supervisor Blea intended to fulfill Defendant's obligation to provide substitute coverage for those hours.

29. March 8, 2023: Supervisor Blea issued email refusing a reasonable caseload adjustment to prevent the presence of two Special Education Support Teachers in any classroom at the same time.

30. April 5-11: In the wake of a flurry of emails, supervisor Blea ordered Plaintiff to hand deliver a mileage form despite the fact that they had been emailed all that year. Supervisor Blea also demanded a "Red ink Signature," which was not required.

31. April 19, 2023: Plaintiff notified supervisor Blea that a new student had need for special education hours to be scheduled as the result of an Individual Educational Program (IEP) meeting. Supervisor Blea added the student to Plaintiff's caseload despite Plaintiff's protestations that she was soon to be starting an extended period of leave.

32. April 23, 2023: continuous FMLA was approved by HR at APS.

33. April 26, 2023: absent any communication regarding how APS would see to Plaintiff's caseload in her absence, Plaintiff e-mailed a caseload summary to supervisor Blea and Anita Atler the Associate Superintendent for Special Education. Plaintiff's summary included a service hour shortage spreadsheet for all students for the entire Spring semester concluding that there would be a total shortage of 138.25 hours throughout the semester based on a lack of substitute coverage to date.

34. Due to the hostility and adverse actions against her, Plaintiff transferred to another position on August 16, 2023.

5

## COUNT I.   DISABILITY DISCRIMINATION

35. Plaintiff repeats and realleges each and every allegation contained in all other paragraphs of this complaint with the same force and effect as if set forth herein.

36. Plaintiff is a Public Employee.

37. Plaintiff, a disabled person, has a physical or mental impairment that substantially limits one or more major life activity.

38. Plaintiff suffers from Superior Canal Dehiscence Syndrome a serious medical condition.

39. Plaintiff is otherwise qualified to complete all duties associated with her job despite her disability as evidenced by the number of years during which she successfully accomplished those tasks prior to the events herein described.

40. Plaintiff communicated to Defendant her right to ADA accommodations to which the Defendant agreed on multiple occasions.

41. Defendant however intentionally discriminated against Plaintiff by denying ADA accommodations that were the byproduct of, and agreed upon during, interactive Process meetings between Defendant and Plaintiff. These included four months of non-accommodated office space and disallowance of virtual attendance of meetings.

42. Plaintiff has suffered damages as a result of discrimination against her based in her disability.

## COUNT II. DISABILITY HARASSMENT

43. Plaintiff repeats and realleges each and every allegation contained in all other paragraphs of this complaint with the same force and effect as if set forth herein.

6

44. Defendant intentionally subjected Plaintiff to harassment and hostile work environment based in disability discrimination consisting of:

    (A)    pervasive refusal to accommodate Plaintiff in full knowledge of prior existing ADA accommodations arranged by and through Defendant on behalf of Plaintiff. These included refusal to allow meetings virtually and not providing an accommodated office for four months.

    (B)    Commanding Plaintiff to make up service hours for Plaintiff's special needs students in direct contradiction to FMLA rules and APS/ATF negotiated agreement.

    (C)    Commanding Plaintiff to keep unnecessary, exacting and impossible records regarding the coverage of service hours for Plaintiff's special needs students.

    (D)    Pervasive refusal to provide substitute coverage for Plaintiff's special needs students IEP mandated service hours during Plaintiff's FMLA leave

    (E)    Adding a new student to Plaintiff's case load immediately upon being informed that Plaintiff was just about to begin a period of extended leave

45. 43.    Plaintiff suffered damages as a result of intentional discriminatory harassment by Defendant that resulted in a hostile work environment.

## COUNT III. FAILURE TO ACCOMMODATE

46. Plaintiff repeats and realleges each and every allegation contained in all other paragraphs of this complaint with the same force and effect as if set forth herein.

47. Defendant had direct knowledge of Plaintiff s disability having engaged in the ADA

7

interactive process with Plaintiff on several occasions.

48. Plaintiff made requests for accommodations, accepted and agreed upon by Defendant, that specifically, she would be allowed to attend meetings virtually and be assigned an accommodated office.

49. Defendant however refused Plaintiff those accommodations upon reasonable request by Plaintiff.

50. As a result of Defendants violations, Plaintiff suffered damages.

## COUNT IV. INTERFERENCE WITH FMLA

### (Defendants APS and Blea)

51. Plaintiff repeats and realleges each and every allegation contained in all other paragraphs of this complaint with the same force and effect as if set forth herein.

52. Defendant Blea was Plaintiff's direct supervisor, acts in the interest of APS, supervised and controlled her work schedules and conditions of employment, including decisions regarding leave and job assignments.

53. Plaintiff processed a claim for and was authorized by Defendant granting Plaintiff both intermittent and continuous FMLA on separate occasions.

54. Plaintiff gave appropriate notice for each FMLA leave event, which complied with APS policy.

55. Defendants refused to provide substitute coverage for Plaintiff s IEP mandated service hours for special needs students during the times of her FMLA leave.

56. Defendants required Plaintiff to make up service hours lost as a result of approved FMLA leave events as well as penalizing her by docking her sick time, in violation of the

8

FMLA.

57. Defendants continued to hold Plaintiff responsible for that coverage despite its knowledge that it was responsible for providing coverage, of service hours in Plaintiffs absence due to FMLA leave.

58. Defendant's continued requirement that Plaintiff cover lost service hours constituted a threat that were Plaintiff not able to complete coverage of those hours, she would be subjected to progressive discipline and eventual loss of her job.

59. Defendant's continued requirement that Plaintiff cover lost service hours constituted an intentional attempt to dissuade Plaintiff from rightfully utilizing FMLA hours due to her.

60. Defendant's requirement that Plaintiff cover the service hours lost during her authorized use of FMLA prejudiced Plaintiff by forcing her to worry about the loss of IEP mandated service hours for her special needs students, increasing her work load, causing emotional distress, and forcing her to fear disciplinary action and for the security of her continued employment.

61. As a result of Defendants interference, Plaintiff suffered damages.

## CONCLUSION

62. WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

    (A)    Awarding Plaintiff compensatory damages that would make her whole for all earnings she would have received but for Defendant's discriminatory, and unlawful treatment, including, but not limited to, wages and other benefits;

    (B)    Awarding Plaintiff, the costs for this action together with reasonable attorney's

9

fees as provided by the FMLA and the New Mexico Human Rights Act;

(C)     Awarding  Plaintiff  liquidated (double) Damages for  Defendant's  bad faith interference with Plaintiff s rightful use of FMLA.

(D)     Awarding Plaintiff punitive  damages against Defendant for Defendant's violation of FMLA.

(E)     Awarding Plaintiff compensatory damages for her mental anguish and humiliation

(F)     Granting such other and further relief as this Court deems necessary and proper.

Respectfully Submitted.

Heather Burke
Attorney at Law
1000 Cordova Place #24
Santa Fe, NM 87505
(505) 428-9424
heather@hburkelaw.com

10

## STATE OF NEW MEXICO COUNTY OF BERNALILLO SECOND JUDICIAL DISTRICT COURT

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
3/1/2024 7:07 PM
KATINA WATSON
CLERK OF THE COURT
Christopher Wait

**ELIZABETH LINDSEY**

    *Plaintiff(s) / Petitioner(s)*

v.

    Case No.: D-202-CV-2023-06297

**ALBUQUERQUE PUBLIC SCHOOLS BOARD OF EDUCATION, MELANIE BLEA, in her individual capacity**

    *Defendant(s) / Respondent(s)*

### AFFIDAVIT OF SERVICE

I, Cody Caudill, being duly sworn, state:

I am 18 years or older and not a party to this action or a member of a corporation or organization that is a party to this action.

I served the following documents to Albuquerque Public Schools Board of Education in Bernalillo County, NM on February 20, 2024 at 1:45 pm at 6400 Uptown Boulevard Northeast, Albuquerque, NM 87110 by leaving the following documents with Marian Pino who as Receptionist is authorized by appointment or by law to receive service of process for Albuquerque Public Schools Board of Education.

Complaint
Summons

Additional Description:
Marian Stated Melanie Blea no longer with this office Frances Garcia took over her position

American Indian or Alaska Native Female, est. age 55-64, glasses: N, Black hair, 220 lbs to 240 lbs, Unknown.
Geolocation of Serve: https://google.com/maps?q=35.1030679334,-106.5726963216
Photograph: See Exhibit 1

_____
Signature
Cody Caudill
+1 (505) 459-0599

STATE OF NEW MEXICO
NOTARY PUBLIC
Trinity Lanae Narvaiz
Commission No. 1138427
July 25, 2026

Subscribed and sworn to before me this 20th day of
February, 2024, by
Cody L. Caudill.
Witness my hand and official seal.

_____
Notary Public

My commission expires:
July 25, 2026

Proof Job #465605

Page 1

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
3/1/2024 7:07 PM
KATINA WATSON
CLERK OF THE COURT
Christopher Waites

STATE OF NEW MEXICO COUNTY OF BERNALILLO SECOND JUDICIAL DISTRICT COURT

**ELIZABETH LINDSEY**

>   *Plaintiff(s) / Petitioner(s)*

v.

Case No.: D-202-CV-2023-06297

**ALBUQUERQUE PUBLIC SCHOOLS BOARD OF EDUCATION, MELANIE BLEA, in her individual capacity**

>   *Defendant(s) / Respondent(s)*

### AFFIDAVIT OF SERVICE

I, Cody Caudill, being duly sworn, state:

I am 18 years or older and not a party to this action or a member of a corporation or organization that is a party to this action.

I served the following documents to Melanie Blea in Bernalillo County, NM on February 20, 2024 at 1:48 pm at 6400 Uptown Blvd. NE, Suite 200 West, Albuquerque, NM 87110 by workplace substituted service by leaving the documents at the usual workplace of Melanie Blea with Marian Puno who is the Receptionist for Melanie Blea.

Complaint
Summons

Additional Description:
Marian Pino stated subject no longer working in this office. Frances Garcia has taken over her position

American Indian or Alaska Native Female, est. age 55-64, glasses: N, Black hair, 220 lbs to 240 lbs, Unknown.
Geolocation of Serve: https://google.com/maps?q=35.1031159215,-106.5727164574
Photograph: See Exhibit 1

Signature
Cody Caudill
+1 (505) 459-0599

Subscribed and sworn to before me this 28th day of February 2024, by Cody Caudill. Witness my hand and official seal.

Notary Public

My commission expires:
July 25, 2026

STATE OF NEW MEXICO
NOTARY PUBLIC
Trinity Lanae Narvaiz
Commission No. 1138427
July 25, 2026

Proof Job #465606

Page 1

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
3/21/2024 2:28 PM
KATINA WATSON
CLERK OF THE COURT
Alyssa Garza

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

ELIZABETH LINDSEY,

Plaintiff,

v.                                                          No. D-202-CV-2023-06297

ALBUQUERQUE PUBLIC SCHOOLS
BOARD OF EDUCATION,
MELANIE BLEA, in her individual capacity,

        Defendants.

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR INSUFFICIENT SERVICE OF PROCESS

Defendants Board of Education of Albuquerque Public Schools ("APS") and Melanie Blea by and through their counsel of record, Modrall, Sperling, Roehl, Harris & Sisk, P.A. (Mia K. Lardy and Laura M. Unklesbay), and pursuant to Rule 1-012(B)(5) NMRA, insufficiency of service of process, hereby moves this Court for an order dismissing Plaintiff's Complaint in its entirety against Defendants because Plaintiff improperly served Defendant APS by failing to comply with NMRA, Rule 1-004(H)(1)(h) and improperly served Defendant Blea by failing to comply with NMRA, Rule 1-004(F). Pursuant to Rule 1-007.1(C)(1) NMRA, concurrence of Plaintiff was not sought prior to the filing of this motion.

### ARGUMENT

### This Court should dismiss Plaintiff's Complaint pursuant to Rule 1-012(B)(5) for insufficient service of process.

Rule 1-004 NMRA governs service of process in New Mexico. If, as here, a defendant is a school district or school board, service of process shall be made upon the defendant "by serving a

copy of process to the superintendent of the district." Rule 1-004(H)(1)(h). Further, if a defendant is an individual, service of process shall be made to the individual personally. Rule 1-004(F)(1)(a). New Mexico courts have established that "a court lacks jurisdiction to pronounce judgment over a defendant or respondent unless that defendant or respondent has been properly summoned to court." *Trujillo v. Goodwin*, 2005-NMCA-095, ¶ 8, 138 N.M. 48, 116 P.3d 839. Without proper service, a court cannot "exercise jurisdiction over a defendant and render a binding judgment." *Ortiz v. Shaw*, 2008-NMCA-136, ¶ 17, 145 N.M. 58, 193 P.3d 605.

Rule 1-004(A)(2) states that "[u]pon the filing of the complaint, the clerk shall issue a summons and deliver it to the plaintiff for service." "Service of process shall be made with reasonable diligence, and the original summons with proof of service shall be filed with the court. . . " Rule 1-004(C)(2). "'[S]ervice of process' means delivery of a *summons* or other process in the manner provided by Rule 1-004 NMRA." Rule 1-001(B)(4) NMRA (emphasis added); *see also Ortiz*, 2008-NMCA-136, ¶ 16 (the rules require "mailing of both the summons and the complaint"). The reason for this requirement is that this is "the means by which jurisdiction is obtained over a person [or company] to compel the person [or company] to appear in a judicial proceeding. . . " Rule 1-001(B); *see also Goodwin*, 2005-NMCA-095, ¶ 8 ("It is well established in our cases that a court lacks jurisdiction to pronounce judgment over a defendant or respondent unless that defendant or respondent has been properly summoned into court."); *Ortiz*, 2008-NMCA-136, ¶ 17 (Without proper service a court cannot "exercise jurisdiction over a defendant and render a binding judgment."). This process affords the defendant due process as required under the law. *See* Rule 1-004 (committee commentary).

New Mexico rules required Plaintiff to deliver a summons of process to the APS superintendent. NMRA, Rule 1-004(H)(1)(h). Instead, Plaintiff delivered a summons of process to

APS' special education department. *See Affidavit of Service*, filed March 1, 2024. Accordingly, Plaintiff failed to sufficiently serve APS, precluding this Court from exercising jurisdiction over APS.

Additionally, New Mexico rules required Plaintiff to deliver a summons of process on Defendant Melanie Blea personally. NMRA, Rule 1-004(F)(1). Instead, Plaintiff attempted to serve Ms. Blea through her place of employment. *See Affidavit of Service*, filed March 1, 2024. However, Plaintiff failed to even properly serve Ms. Blea at her place of employment. As stated in the *Affidavit of Service* itself, the summons was left with an office where Ms. Blea no longer works. *Id*. The process server was therefore well aware that he was not serving Ms. Blea appropriately. Accordingly, Plaintiff failed to sufficiently serve Ms. Blea, precluding this Court from having jurisdiction over Ms. Blea.

**2.      Dismissal is the appropriate remedy.**

Rule 1-012(B)(5) allows dismissal based on insufficiency of service of process. In interpreting federal rule 12(b)(5), a motion to dismiss under subpart (b)(5) is appropriate for "challenging the. . . lack of delivery of the summons. . . " as required under Rule 1-004. *Richardson v. All. Tire & Rubber Co.*, 158 F.R.D. 475, 477 (D. Kan. 1994) (citation omitted). Therefore, under Rule 1-012(B)(5) "a defendant may object to plaintiff's failure to comply with the procedural requirements for proper service set forth in or incorporated by Rule 4" that deal with the issuance of a summons or lack of service thereof. *Martinez-Jones v. Dulce Indep. Sch.*, No. CIV 07-0703 JB/WDS, 2008 WL 2229457, at *4 (D.N.M. Mar. 14, 2008) (citation and internal quotation marks omitted); *see also, e.g.*, *Fin. Indem. Co. v. Cordoba*, 2012-NMCA-016, ¶ 16, 271 P.3d 768 (looking to a federal analysis of Rule 12(B) in deciding at 1-012(B) motion).

3

Because Plaintiff failed to comply with the procedural requirements of Rule 1-004 by failing to serve Defendants as required by Rule 1-004, dismissal of Plaintiff's Complaint in its entirety is proper under Rule 1-012(B)(5).

## CONCLUSION

Dismissal by this Court over all of the claims in Plaintiff's Complaint is appropriate pursuant to Rule 1-012(B)(5) NMRA because Plaintiff failed to properly serve both Defendants in accordance with Rule 1-004. Based on the foregoing, APS and Melanie Blea respectfully request that this Court dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.

*Electronically filed*

By: /s/ *Laura M. Unklesbay*
Mia K. Lardy
Laura M. Unklesbay
*Attorneys for Defendant APS*
P.O. Box 2168
Albuquerque, NM 87103-2168
505.848.1800/ Fax: 505.848.9710
mia.lardy@modrall.com
laura.unklesbay@modrall.com

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed on this 21st day of March 2024. I further certify that this filing caused a copy to be electronically served consistent with the court's electronic service procedures, on below counsel:

**Heather Burke Law**
Heather Burke
1000 Cordova Place #24
Santa Fe, NM 87505
(505) 428-9424
heather@hburkelaw.com

By: _/s/ Laura M. Unklesbay_
        Laura M. Unklesbay

5

STATE OF NEW MEXICO COUNTY OF BERNALILLO SECOND JUDICIAL DISTRICT COURT

**Elizabeth Lindsey**

*Plaintiff(s) / Petitioner(s)*

v.

Case No.: D-202-CV-2023-06297

**Albuquerque Public Schools Board of Education; Melanie Blea**

*Defendant(s) / Respondent(s)*

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
4/5/2024 12:09 PM
KATINA WATSON
CLERK OF THE COURT
Shellene Ror

## AFFIDAVIT OF SERVICE

I, Robert Sellman, being duly sworn, state:

I am 18 years or older and not a party to this action or a member of a corporation or organization that is a party to this action.

I served the following documents to Albuquerque Public Schools Board of Education in Bernalillo County, NM on March 27, 2024 at 3:35 pm at 6400 Uptown Blvd. NE, Suite 600 East, Albuquerque, NM 87110 by leaving the following documents with Veronica Pena who as Receptionist is authorized by appointment or by law to receive service of process for Albuquerque Public Schools Board of Education .

Complaint
Summons

Hispanic or Latino Female, est. age 45-54, glasses: N, Auburn hair, 100 lbs to 120 lbs, 5' to 5' 3".
Geolocation of Serve: https://google.com/maps?q=35.0756182046,-106.5227559568
Photograph: See Exhibit 1

Total Cost: $90.00

Signature
Robert Sellman
+1 (505) 980-9911

STATE OF NEW MEXICO
NOTARY PUBLIC
SHANNON MARTINEZ
COMMISSION #1093772
COMMISSION EXPIRES 06/24/2025

Subscribed and sworn to before me this 1st day of April , 2024 , by Robert Sellman .
Witness my hand and official seal.

Notary Public

My commission expires:
June 24 2025

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
4/5/2024 12:09 PM
KATINA WATSON
CLERK OF THE COURT
Shellene Romero

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

ELIZABETH LINDSEY,

     Plaintiff,

v.                                                                                    D-202-CV-2023-06297

ALBUQUERQUE PUBLIC SCHOOLS

BOARD OF EDUCATION,

MELANIE BLEA, in her individual capacity,


Defendants


### RETURN OF SUMMONS


I, Heather Burke, counsel for Plaintiff, certify that on April 4, 2024 I served a true and correct copy

of the First Amended Complaint, and Summons for Melanie Blea via email, to Laura M. Unklesbay

counsel for Defendants at her email address: LMU@modrall.com.  Ms. Unklesbay is authorized and

agreed to accept service on Defendant Blea's behalf.


                                         Respectfully Submitted.


                                         Heather Burke
                                         Attorney at Law
                                         1000 Cordova Place #24
                                         Santa Fe, NM 87505
                                         (505) 428-9424
                                         heather@hburkelaw.com

1

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
4/5/2024 1:49 PM
KATINA WATSON
CLERK OF THE COURT
Adriana Maldonado

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

ELIZABETH LINDSEY,

      Plaintiff,

v.                                                                    No. D-202-CV-2023-06297

ALBUQUERQUE PUBLIC SCHOOLS
BOARD OF EDUCATION,
MELANIE BLEA, in her individual capacity,

      Defendants.

### NOTICE OF WITHDRAWAL OF DEFENDANTS' MOTION TO DISMISS

Defendants Albuquerque Public Schools Board of Education and Melanie Blea (collectively "Defendants"), by and through Modrall, Sperling, Roehl, Harris & Sisk, P.A. (Mia K. Lardy and Laura M. Unklesbay), respectfully provide this Notice of Withdrawal of Defendants' Motion to Dismiss that was filed on March 21, 2024.

                        Respectfully submitted,

                        MODRALL, SPERLING, ROEHL, HARRIS
                        & SISK,P.A.

                        By: /s/ *Laura M. Unklesbay*
                            Mia K. Lardy
                            Laura M. Unklesbay
                            *Attorneys for Defendant APS*
                            P.O. Box 2168
                            Albuquerque, NM 87103-2168
                            505.848.1800/ Fax: 505.848.9710
                            mia.lardy@modrall.com
                            laura.unklesbay@modrall.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed on this 5th day of April 2024. I further certify that this filing caused a copy to be electronically served consistent with the court's electronic service procedures, on below counsel:

**Heather Burke Law**
Heather Burke
1000 Cordova Place #24
Santa Fe, NM 87505
(505) 428-9424
heather@hburkelaw.com


By:   _/s/ Laura M. Unklesbay_
         Laura M. Unklesbay