UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


ELIZABETH LINDSEY,

      Plaintiff,

v.                                                                No. 1:24-cv-393

ALBUQUERQUE PUBLIC SCHOOLS
BOARD OF EDUCATION,
MELANIE BLEA, in her individual capacity,

      Defendants.


## JOINT STATUS REPORTAND PROVISIONAL DISCOVERY PLAN

      Pursuant to FED. R. CIV. P. 26(f), a meeting was held on May 23, 2024, at 3:00 pm. and

was attended by:

**For Plaintiff:**

Heather Burke
1000 Cordova Place #24
Santa Fe, NM 87505
(505) 428-9424
heather@hburkelaw.com

**For Defendant(s):**

Laura M. Unklesbay (now withdrawn as counsel for APS, [Doc. 10])
Tessa L. Chrisman
P.O. Box 2168
Albuquerque, NM 87103-2168
505.848.1800/ Fax: 505.848.9710
mia.lardy@modrall.com
tchrisman@modrall.com

**NATURE OF THE CASE**

Plaintiff's Complaint alleges she was discriminated against by Defendants based on her disability; that she was harassed by Defendants based on her disability, subjecting her to a hostile work environment; that Defendants failed to accommodate her; and that Defendants interfered with her FMLA.  Plaintiff filed this action in the Second Judicial District Court, County of Bernalillo, State of New Mexico and Defendants removed it to the United States Court for the District of New Mexico.

**AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES**

Plaintiff intends to file: Plaintiff intends to amend her complaint to include more recent violations of law.

Plaintiff should be allowed until **August 18, 2024** to move to amend the pleadings and until **August 18, 2024** to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendant intends to file:  None at this time.

Defendants(s) should be allowed until **September 19, 2024** to move to amend the pleadings and until **September 19, 2024** to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

**STIPULATIONS**

All parties maintain that venue is properly laid in this District and that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

**PLAINTIFFS' CONTENTIONS:**

Plaintiff has been employed by Defendant APS since 2007. She has several life-affecting disabilities which require reasonable accommodations.  One of her primary disabilities is a rare neurological condition which adversely affects her hearing and which makes Ms. Lindsey

extremely sensitive to loud and/or disruptive sounds in her surroundings.  Such disruptions cause physical pain, physiological responses such as vertigo, sudden muscle weakness and an extended inability to concentrate which can last for hours after a disruptive event.

In or around August 2021, Plaintiff began working as a Special Education Support Teacher. From the time she began working in that capacity, Plaintiff's supervisor allowed her the flexibility to control her work environment, and Plaintiff primarily worked from home or remotely from school sites, as needed. When Defendant Blea became Plaintiff's supervisor in July 2022, she assigned Plaintiff a cubical office in a former warehouse. (M Building) In August 2022, Plaintiff met to discuss reasonable accommodations, which included virtual meeting attendance and an accommodated office space. Plaintiff continued working from home as much as possible, while waiting for Defendants to accommodate her.

In November 2022, Ms. Lindsey, without proper due process, was suddenly issued notice of a disciplinary hearing to be held November 14, 2022 regarding her service hours. This discipline had no basis, and Defendant Blea had done no reasonable investigation before deciding to discipline Plaintiff.  Plaintiff filed internal EEO complaints and petitioned the superintendent, but received no response.  On December 2, 2022, Because of the harassment and stress that Defendant Blea was causing her, Plaintiff submitted FMLA certification forms for intermittent leave.  On December 5, 2022 a formal interactive process meeting was held to document the accommodations had been discussed in August 2022.  That day, office space was provided, but the location of the accommodated office was very distant from all but one of Plaintiff's work sites, causing substantially increased burden.

On January 18, 2023, Defendant Blea told Plaintiff that she was required to make up IEP service hours that she missed due to the use of her FMLA leave.  Defendants failed to secure

3

coverage for these duties when Plaintiff was on FMLA leave and instead required her to work extra hours to do the work that was missed while she was absent.  On January 23, 2023 Defendant Blea denied Plaintiff's already approved accommodation of virtual meeting attendance.  Defendant Blea continued to insist that Plaintiff must "make-up" work missed while out on FMLA and continued harassing Plaintiff, and interfering with her FMLA.  This unchecked harassment, interference and hostility caused Plaintiff to have to transfer to a different position in August 2023.

## DEFENDANTS' CONTENTIONS:

Defendants deny that they discriminated against or harassed Plaintiff on the basis of any disability, and further deny that they created a hostile work environment for Plaintiff. Defendants deny the allegations in Plaintiff's Complaint and affirmatively state that they acted at all times in good faith and in compliance with state and federal law in relation to Plaintiff's claims. Defendants further state that Plaintiff's claims for relief are barred in whole or in part by the Affirmative Defenses identified in their Answer to Plaintiff's Complaint, as well as any additional affirmative defenses that may be discovered during the course of discovery. Defendants deny that they are responsible for an award of damages, in any amount, to Plaintiff. Defendants incorporate herein by reference all defenses and denials as set forth in their Answer.

## <u>PROVISIONAL DISCOVERY PLAN</u>

The parties jointly propose to the Court the following discovery plan *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

> List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony.  It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."
>
> List all documents which you believe, at this time, will be exhibits at the trial.
>
> List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

### <u>Plaintiffs' Anticipated Witnesses:</u>

Diann Vogt - PreK Inclusion teacher - 505-350-0475
10201 Santa Paula NE, ABQ 87111
Expected to testify regarding Plaintiff's work performance and Plaintiff's claims of discrimination, harassment and failure to accommodate, and their impact on Plaintiff.

Beth Bingham-Stimmel - special ed teacher at IAES - 419-308-5328
3905 El Dedo Court SE, Rio Rancho 87124
Expected to testify regarding Plaintiff's work performance and Plaintiff's claims of discrimination, harassment and failure to accommodate, and their impact on Plaintiff.

Helen Roberson - special ed teacher at GISCCS - 505-803-0114
Address TBD
Expected to testify regarding Plaintiff's work performance and Plaintiff's claims of discrimination, harassment and failure to accommodate, and the impact on Plaintiff

Katha Brady - special ed teacher at GISCCS - 505-440-1728
Address TBD
Expected to testify regarding Plaintiff's accommodations

Bruce Lindsey – Plaintiff's spouse - 505-918-8324
c/o counsel for Plaintiff
Expected to testify as to Plaintiff's claims and her emotional distress.

Sally Eden Moretti, PsyD – Plaintiff's therapist - 505-933-1807
Address TBD

### <u>Plaintiffs' Anticipated Expert Witnesses:</u>
Plaintiff may call medical experts to testify about her disability, but has not yet identified any.

**Plaintiffs' Anticipated Exhibits:**

Requests for accommodation
FMLA certification forms
Plaintiff will supplement this list as additional exhibits are discovered.

**Defendant's Anticipated Witnesses:**

1. Elizabeth Lindsey
   c/o Heather Burke, Attorney at Law
   1000 Cordova Place #24
   Santa Fe, New Mexico 87505
   (505) 428-9424
   heather@hburkelaw.com

   Ms. Lindsey is expected to testify regarding the allegations in her Complaint.

2. Melanie Blea
   c/o Mia K. Lardy and Tessa L. Chrisman
   P.O. Box 2168
   500 Fourth Street NW, Suite 1000
   Albuquerque, NM 87103-2168
   (505) 848-1800
   mia.lardy@modrall.com
   tessa.chrisman@modrall.com

   Ms. Blea may testify regarding her knowledge of Plaintiff's claims and Plaintiff's work at
   Rio Grande High School, and her interactions with Ms. Lindsey and co-workers at Rio
   Grande High School.

3. Jessica Rivera
   c/o Mia K. Lardy and Tessa L. Chrisman
   P.O. Box 2168
   500 Fourth Street NW, Suite 1000
   Albuquerque, NM 87103-2168
   (505) 848-1800
   mia.lardy@modrall.com
   tessa.chrisman@modrall.com

   Ms. Rivera may testify regarding her knowledge of Plaintiff's claims and Plaintiff's work
   at Rio Grande High School, and her interactions with Ms. Lindsey, if any.

4. Socorro Rodriguez
    c/o Mia K. Lardy and Tessa L. Chrisman
   P.O. Box 2168
   500 Fourth Street NW, Suite 1000

Albuquerque, NM 87103-2168
(505) 848-1800
mia.lardy@modrall.com
tessa.chrisman@modrall.com

Ms. Rodriguez may testify regarding her knowledge of Plaintiff's claims and Plaintiff's work at Rio Grande High School, and her interactions with Ms. Lindsey, if any.

5. Any witness identified by any other party.

6. Any witness deposed in connection with this lawsuit.

7. Rebuttal witnesses, the need for which cannot presently be determined.

8. Witnesses needed for authentication of or to lay a foundation for the admission of documents or exhibits.

9. Witnesses identified through the course of discovery.

## Defendant's Anticipated Expert Witnesses:

1. Defendants' experts are undetermined at this time.

## Defendant's Anticipated Exhibits:

1. At this time, Defendants have not determined which if any exhibits they may introduce.

## Discovery will be needed on the following subjects:

1. Plaintiff's interactions with staff and employees of Defendant APS, including the frequency, nature, content, and outcome of any such interactions;

2. The interactive process between Plaintiff and Defendant APS;

3. Plaintiff's disability under the ADA, including the nature, extent, and history of her condition;

4. Plaintiff's communications with Defendants concerning FMLA leave;

5. The nature of Plaintiff's position(s) with APS, including essential work functions, performance history, and qualifications;

6.  Any adverse actions allegedly taken by Defendants against Plaintiff;

7.  Plaintiff's claimed damages; and

8.  Any issue(s) identified through the course of discovery or raised by subsequent pleadings or motions practice.

Maximum of **twenty-five (25)** additional interrogatories by each party to any other party. (Responses due **thirty (30)** days after service).

Maximum of **twenty-five (25)** additional requests for admission by each party to any other party.  (Response due **thirty (30)** days after service).

Maximum of **eight (8)** depositions by Plaintiff(s) and **eight (8)** by Defendant(s).

Each deposition limited to maximum of **seven (7)** hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

from Plaintiff(s) by **November 15, 2024**

from Defendant(s) by **December 20, 2024**

Supplementation under Rule 26(e) in accordance with Rule 26.

All discovery commenced in time to be complete by **January 15, 2024**.

## PRETRIAL MOTIONS

Plaintiff intends to file: None presently anticipated.

Defendant intends to file:  A Motion to Dismiss or Motion for Summary Judgment on Plaintiff's Complaint, in whole or in part.

## ESTIMATED TRIAL TIME

The parties estimate trial will require **four (4) days.**

___ This is a non-jury case.

 X  This is a jury case.

The parties request a pretrial conference in **May 2025.**

## SETTLEMENT

The possibility of settlement in this case is considered moderate and would likely be enhanced through mediation.  The parties request a settlement conference in **September 2024.**

## EXCEPTIONS

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

APPROVED WITHOUT EXCEPTIONS

MODRALL, SPERLING, ROEHL,
    HARRIS & SISK, P.A.

By: */s/ Tessa L. Chrisman*
        Mia K. Lardy
        Tessa Chrisman
        *Attorneys for Defendants*
        P.O. Box 2168
        Albuquerque, NM 87103-2168
        505.848.1800/ Fax: 505.848.9710
        mia.lardy@modrall.com
        tchrisman@modrall.com

HEATHER BURKER LAW

By:    *Approved via Email*
        Heather Burke
        1000 Cordova Place #24
        Santa Fe, NM 87505
        (505) 428-9424
        heather@hburkelaw.com

Y:\dox\client\11301\1492\DRAFTS\W5076796.DOCX

9