IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELIZABETH LINDSEY,

    Plaintiff,

v.                                           Case No. 1:24-CV-00393 GBW/JFR

ALBUQUERQUE PUBLIC SCHOOLS
BOARD OF EDUCATION,
MELANIE BLEA, in her individual capacity,

    Defendants.

**<u>DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT</u>**

Defendants Board of Education of Albuquerque Public Schools (hereinafter referred to as "APS') and Melanie Blea, by and through counsel, Modrall, Sperling, Roehl, Harris & Sisk, P.A. (Mia K. Lardy and Tessa L. Chrisman), submit this Answer to Plaintiff's Second Amended Complaint for Violations of the New Mexico Human Rights Act and the Family and Medical Leave Act ("Complaint"). For their Answer, Defendants state as follows:

**Jurisdiction and Venue**

1.    In response to Paragraph 1 of the Complaint, Defendants admit only that Plaintiff has included claims in her Complaint that she purports are premised on the New Mexico Human Rights Act (NMHRA), the Families Medical Leave Act (FMLA), and the Americans with Disabilities Act (ADA). Defendants expressly deny that Plaintiff is entitled to an award of damages in any amount for any of these claims.

2.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 2 of the Complaint, and therefore, deny the same.

3.    Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. Defendants admit that Defendant Blea is employed by APS. The remainder of Paragraph 5 of the Complaint calls for a legal conclusion to which no response is required.

6. Defendant APS admits the allegations contained in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

8. Paragraph 8 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

9. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 9 of the Complaint, and therefore, deny the same.

10. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 10 of the Complaint, and therefore, deny the same.

**Factual Basis**

11. Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12. Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint. Defendants affirmatively state that on August 8, 2022, a meeting occurred between Defendant Blea, Plaintiff, and the APS ADA Coordinator. Defendants deny the remaining allegations contained in Paragraph 13 of the Complaint.

14. With respect to the allegations contained in Paragraph 14 of the Complaint, Defendants admit that Plaintiff was provided notice of a meeting with APS Human Resources to be held November 14, 2022. Defendants deny the remaining allegations contained in Paragraph 14 of the Complaint.

15. With respect to the allegations contained in Paragraph 15 of the Complaint, Defendants admit that Plaintiff filed a complaint with APS Office of Equal Opportunity Services. Defendants deny the remaining allegations contained in Paragraph 15 of the Complaint.

16. With respect to the allegations contained in Paragraph 16 of the Complaint, Defendants admit that Plaintiff contacted Scott Elder on November 16, 2022. Defendants deny the remaining allegations contained in Paragraph 16 of the Complaint.

17. With respect to the allegations contained in Paragraph 17 of the Complaint, Defendants state that the referenced documents speak for themselves and deny any allegations inconsistent therewith.

18. With respect to the allegations contained in Paragraph 18 of the Complaint, Defendants admit only that an interactive process meeting took place on December 5, 2022 to discuss Plaintiff's accommodations. Defendants deny the remaining allegations contained in Paragraph 18 of the Complaint.

19. With respect to the allegations contained in Paragraph 19 of the Complaint, Defendants admit that Plaintiff was provided office space. Defendants deny the remaining allegations contained in Paragraph 19 of the Complaint.

20. With respect to the allegations contained in Paragraph 20 of the Complaint, Defendants state that the referenced email speaks for itself and deny any allegations inconsistent therewith.

21. With respect to the allegations contained in Paragraph 21 of the Complaint, Defendants state that the referenced email speaks for itself and deny any allegations inconsistent therewith.

22. With respect to the allegations contained in Paragraph 22 of the Complaint, Defendants admit that a department meeting occurred on January 23, 2023. Defendants deny the remaining allegations contained in Paragraph 22 of the Complaint.

23. With respect to the allegations contained in Paragraph 23 of the Complaint, Defendants admit that Plaintiff contacted Scott Elder on January 24, 2023. Defendants deny the remaining allegations contained in Paragraph 23 of the Complaint.

24. With respect to the allegations contained in Paragraph 24 of the Complaint, Defendants state that the referenced email speaks for itself and deny any allegations inconsistent therewith. Defendants specifically deny any allegations that there were violations of the rights of any students. Defendants deny the remaining allegations contained in Paragraph 24 of the Complaint.

25. With respect to the allegations contained in Paragraph 25 of the Complaint, Defendants admit that a meeting took place on February 3, 2023 and that Plaintiff was requested to create a log of any missed service hours. Defendants deny the remaining allegations contained in Paragraph 25 of the Complaint.

26. With respect to the allegations contained in Paragraph 26 of the Complaint, Defendants admit that a meeting was held on February 14, 2023. As for the remaining allegations, Defendants state that the reference accommodation documents speak for themselves and deny any allegations inconsistent therewith.

27. With respect to the allegations contained in Paragraph 27 of the Complaint, Defendants state that the referenced email speaks for itself and deny any allegations inconsistent therewith.

28. With respect to the allegations contained in Paragraph 28 of the Complaint, Defendants state that the referenced email speaks for itself and deny any allegations inconsistent therewith.

29. With respect to the allegations contained in Paragraph 29 of the Complaint, Defendants state that the referenced email speaks for itself and deny any allegations inconsistent therewith.

30. With respect to the allegations contained in Paragraph 30 of the Complaint, Defendants state that the referenced email speaks for itself and deny any allegations inconsistent therewith.

31. With respect to the allegations contained in Paragraph 31 of the Complaint, Defendants state that the referenced emails speak for themselves and deny any allegations inconsistent therewith.

32. With respect to the allegations contained in Paragraph 32 of the Complaint, Defendants state that the referenced email speaks for itself and deny any allegations inconsistent therewith.

33. With respect to the allegations contained in Paragraph 33 of the Complaint, Defendants state that the FMLA communication and documents speak for themselves and deny any allegations inconsistent therewith.

34. With respect to the allegations contained in Paragraph 34 of the Complaint, Defendants state that the referenced email speaks for itself and deny any allegations inconsistent therewith.

35. With respect to the allegations contained in Paragraph 35 of the Complaint, Defendants only admit that Plaintiff transferred to a new position. Defendants deny the remaining allegations contained in Paragraph 34 of the Complaint.

36. Defendants deny Paragraph 36 of the Complaint.

37. Defendants deny Paragraph 37 of the Complaint.

38. Defendants deny Paragraph 38 of the Complaint.

39. Defendants deny Paragraph 39 of the Complaint.

40. Defendants deny Paragraph 40 of the Complaint.

41. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 41 of the Complaint, and therefore, deny the same.

42. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 42 of the Complaint, and therefore, deny the same.

43. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 43 of the Complaint, and therefore, deny the same.

44. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 44 of the Complaint, and therefore, deny the same.

45. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 45 of the Complaint, and therefore, deny the same.

46. Defendants admit only that Plaintiff filed a complaint with the APS Equal Opportunity Services Office on or about March 1, 2024. Defendant denies the remaining allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 48 of the Complaint, and therefore, deny the same.

49. Defendants admit that on February 29, 2024, Plaintiff asked for an ADA review meeting to be scheduled, and that on March 20, 2024, an ADA meeting was held. APS denies the remaining allegations contained in Paragraph 49 of the Complaint.

50. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 50 of the Complaint, and therefore, deny the same.

51. Defendants admit that the March 1, 2024 email from Socorro Rodriguez speaks for itself and that Plaintiff's counsel responded on March 3, 2024. APS denies the remaining allegations contained in Paragraph 51 of the Complaint.

52. Defendants admit that an ADA meeting was held on March 20, 2024. Defendant Blea was not Plaintiff's supervisor at this time and was not present, nor was she required to be present, at this meeting. Defendants deny the remaining allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations in Paragraph 53 of the Complaint and specifically state that Defendant Blea was not Plaintiff's supervisor at this time and was not present, nor was she required to be present, at this meeting.

54. Defendants deny the allegations in Paragraph 54 of the Complaint and specifically state that Defendant Blea was not Plaintiff's supervisor at this time and was not present, nor was she required to be present, at this meeting.

55. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 55 of the Complaint, and therefore, deny the same. Defendants specifically

state that Defendant Blea was not Plaintiff's supervisor at this time and was not present, nor was she required to be present, at this meeting.

56. Defendants deny the allegations in Paragraph 56 of the Complaint. Defendants specifically state that Defendant Blea was not Plaintiff's supervisor at this time.

57. Defendants admit that it sent Plaintiff a letter on April 26, 2024 outlining her accommodations which speaks for itself and, thus, deny any allegations inconsistent therewith. Defendants specifically state that Defendant Blea was not Plaintiff's supervisor at this time.

58. Defendants admit that it sent Plaintiff a letter on April 26, 2024 outlining her accommodations which speaks for itself and, thus, deny any allegations inconsistent therewith. Defendants specifically state that Defendant Blea was not Plaintiff's supervisor at this time.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint. Defendants specifically state that Defendant Blea was not Plaintiff's supervisor at this time.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint. Defendants specifically state that Defendant Blea was not Plaintiff's supervisor at this time.

61. Defendants deny Paragraph 61 of the Complaint. Defendants specifically state that Defendant Blea was not Plaintiff's supervisor at this time.

62. Defendants deny Paragraph 62 of the Complaint. Defendants specifically state that Defendant Blea was not Plaintiff's supervisor at this time.

63. Defendants deny the allegations in Paragraph 63 of the Complaint. Defendants specifically state that Defendant Blea was not Plaintiff's supervisor at this time.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint. Defendants specifically state that Defendant Blea was not Plaintiff's supervisor at this time.

65. Defendants deny the allegations in Paragraph 65 of the Complaint. Defendants specifically state that Defendant Blea was not Plaintiff's supervisor at this time.

66. Defendants deny the allegations in Paragraph 66 of the Complaint. Defendants specifically state that Defendant Blea was not Plaintiff's supervisor at this time.

67. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 67 of the Complaint, and therefore, deny the same. Defendants specifically state that Defendant Blea was not Plaintiff's supervisor at this time.

68. Defendants deny the allegations in Paragraph 68 of the Complaint. Defendants specifically deny that they have subjected Plaintiff to any harassment or hostility. Defendants specifically state that Defendant Blea was not Plaintiff's supervisor at this time.

**Count I – Disability Discrimination**

69. In response to Paragraph 69 of the Complaint, Defendants re-state all preceding paragraphs of this Answer and incorporated them therein.

70. Defendants admit the allegations contained in Paragraph 70 of the Complaint.

71. Paragraph 71 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, APS states that Plaintiff's Medical Inquiry Forms in Response to an Accommodation Request and subsequent documentation speaks for itself and deny any allegations inconsistent therewith.

72. APS states that Plaintiff's Medical Inquiry Forms in Response to an Accommodation Request and subsequent documentation speaks for itself and deny any allegations inconsistent therewith.

73. APS is without sufficient information to admit or deny the allegations contained in Paragraph 73 of the Complaint and therefore denies the same.

74. With respect to the allegations contained in Paragraph 74 of the Complaint, Defendants admit only that they participated in the ADA interactive process with Plaintiff and any ADA documentation speaks for itself.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in Paragraph 78 of the Complaint.

## Count II – Disability Harassment

79. In response to Paragraph 79 of the Complaint, Defendants re-state all preceding paragraphs of this Answer and incorporated them therein.

80. Defendants deny the allegations contained in Paragraph 80 of the Complaint and in all sub-paragraphs of Paragraph 80.

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in Paragraph 85 of the Complaint.

## Count III – Failure to Accommodate

86. In response to Paragraph 86 of the Complaint, Defendants re-state all preceding paragraphs of this Answer and incorporated them therein.

87. Paragraph 87 states a legal conclusion which requires no response. To the extent a further response is deemed necessary, Defendants deny owing any duty contrary to the applicable state and/or federal law.

88. In response to Paragraph 88, Defendants admit that they have engaged in the ADA interactive process with Plaintiff.

89. With respect to the allegations contained in Paragraph 89 of the Complaint, Defendants state that the signed accommodation documents speak for themselves and deny any allegations inconsistent therewith.

90. Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 94 of the Complaint and therefore deny the same.

95. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 95 of the Complaint and therefore deny the same.

96. Paragraph 96 states a legal conclusion to which no response is required. To the extent a further response is deemed necessary, Defendants deny that they failed to accommodate Plaintiff and any remaining allegations inconsistent therewith.

97. Defendants deny the allegations contained in Paragraph 97 of the Complaint. Defendants specifically deny that they have failed to accommodate Plaintiff.

98. Defendants deny the allegations contained in Paragraph 98 of the Complaint. Defendants specifically deny that they have failed to accommodate Plaintiff.

99. Paragraph 99 states a legal conclusion to which no response is required. To the extent a further response is deemed necessary, Defendants deny that they failed to accommodate Plaintiff and any remaining allegations inconsistent therewith.

100. Defendants deny the allegations contained in Paragraph 100 of the Complaint.

## Count IV – Interference with FMLA

101. In response to Paragraph 101 of the Complaint, Defendants re-state all preceding paragraphs of this Answer and incorporated them therein.

102. With respect to the allegations contained in Paragraph 102 of the Complaint, Defendants state that Defendant Blea was Plaintiff's direct supervisor. Defendants deny the remaining allegations contained in Paragraph 102 of the Complaint.

103. With respect to the allegations contained in Paragraph 103 of the Complaint, Defendants state that the referenced documents speak for themselves and deny any allegations inconsistent therewith.

104. With respect to the allegations contained in Paragraph 104 of the Complaint, Defendants state that the FMLA communication and documents speak for themselves and deny any allegations inconsistent therewith.

105. Defendants deny the allegations contained in Paragraph 105 of the Complaint.

106. Defendants deny the allegations contained in Paragraph 106 of the Complaint.

107. Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108. Defendants deny the allegations contained in Paragraph 108 of the Complaint.

109. Defendants deny the allegations contained in Paragraph 109 of the Complaint.

110. Defendants deny the allegations contained in Paragraph 110 of the Complaint.

111. Defendants deny the allegations contained in Paragraph 111 of the Complaint.

## Conclusion

112. Defendants deny that Plaintiff is entitled to any of the relief requested in Paragraph 112 of the Complaint or in any sub-paragraphs of Paragraph 112.

113. Defendants deny every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendants deny any liability to Plaintiff and plead the following affirmative defenses.

## FIRST DEFENSE

Plaintiff's Complaint should be dismissed or denied for failure to state a claim upon which relief can be granted.

## SECOND DEFENSE

As a further, separate, and alternative defense, Defendants incorporate all defenses available under New Mexico and federal case and statutory law, including but not limited to all applicable defenses under the New Mexico Human Rights Act ("NMHRA"), NMSA 1978, §§ 28-1-1 to -15, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2611.

## THIRD DEFENSE

As a further, separate, and alternative defense, Defendants state that Plaintiff's claims may be barred, in whole or in part, to the extent she failed to exhaust her administrative remedies.

## FOURTH DEFENSE

As a further, separate, and alternative defense, Plaintiff has not suffered any damages.

## FIFTH DEFENSE

As a further, separate, and alternative defense, Plaintiff's claims are barred in whole or in part because her damages, if any, were caused by her own acts or omissions.

**SIXTH DEFENSE**

As a further, separate, and alternative defense, Defendants state that to the extent Plaintiff has suffered any damages, which Defendants expressly deny, such damages may be denied or reduced based on Plaintiff's failure to mitigate her damages.

**SEVENTH DEFENSE**

As a further, separate, and alternative defense, Plaintiff's claims are barred by the doctrines of laches, waiver, unclean hands, estoppel, and/or other equitable common law doctrines.

**EIGHTH DEFENSE**

As a further, separate, and alternative defense, Defendants state that to the extent they are liable for any alleged damage or injury, which Defendants expressly deny, they are immune from an award of punitive damages, if any.

**NINTH DEFENSE**

As a further, separate, and alternative defense, Defendants state that to the extent Defendants are held liable to Plaintiff for punitive damages, such punitive damages must be related to Plaintiff's actual damages and Defendants' conduct.  Lack of reasonable relation of punitive damages to Plaintiff's actual damages and Defendants' conduct would violate Defendants' rights to due process, equal protection, and from excessive fines under the Constitution of the United States.  Also, the imposition of punitive damages would violate Defendants' rights to due process, equal protection, and from excessive fines because proof for punitive damages is not required by clear and convincing evidence.

**TENTH DEFENSE**

As a further, separate, and alternative defense, Plaintiff's claims are barred to the extent she failed to fully avail herself of internal complaint procedures and remedies at APS.

**ELEVENTH DEFENSE**

As a further, separate, and alternative defense, Plaintiff's claims are barred by the doctrines of collateral estoppel and/or res judicata.

**TWELFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent they exceed the scope of the allegations in her administrative charge of discrimination.

**THIRTEENTH DEFENSE**

Defendants further state that they have not knowingly or intentionally waived any applicable affirmative defense, and that they reserve the right to assert and rely upon such other defenses as may become available or apparent as this matter proceeds.

WHEREFORE, Defendants respectfully request this Court dismiss Plaintiff's Complaint in its entirety, with prejudice, and award Defendants all such other relief as this Court deems just and proper.

    Respectfully submitted,

    MODRALL, SPERLING, ROEHL, HARRIS
    & SISK, P.A.

    By: /s/ *Tessa L. Chrisman*
        Mia K. Lardy
        Tessa L. Chrisman
        *Attorneys for Defendant APS*
        P.O. Box 2168
        Albuquerque, NM 87103-2168
        505.848.1800/ Fax: 505.848.9710
        mia.lardy@modrall.com
        tessa.chrisman@modrall.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 24th day of September, 2024, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing, and by regular U.S. Mail:

**Heather Burke Law**
Heather Burke
1000 Cordova Place #24
Santa Fe, NM 87505
(505) 428-9424
heather@hburkelaw.com


By:  _/s/ Tessa L. Chrisman_
         Tessa L. Chrisman