**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ELIZABETH LINDSEY,

       Plaintiff,

v.                                          Case No. 1:24-CV-00393 GBW/JFR

ALBUQUERQUE PUBLIC SCHOOLS
BOARD OF EDUCATION,
MELANIE BLEA, in her individual capacity,

       Defendants.

## DEFENDANT BOARD OF EDUCATION OF ALBUQUERQUE PUBLIC SCHOOLS' MOTION TO COMPEL PLAINTIFF TO PROVIDE COMPLETE DISCOVERY RESPONSES

In responding to Defendant Board of Education for Albuquerque Public Schools' ("APS") First Set of Interrogatories and Requests for Production, Plaintiff has failed to fully comply with her discovery obligations. Accordingly, APS moves for an order compelling Plaintiff to supplement her deficient discovery responses pursuant to Fed. R. Civ. P. 37.[1] As set forth herein, Plaintiff has failed to provide complete responses, even where each request seeks materials related and relevant to an issue or issues which Plaintiff has raised in this litigation. As such, Plaintiff should be compelled to provide complete responses to the requests identified herein. APS also requests that the Court award APS its attorneys' fees and costs incurred in its attempt to obtain full discovery responses, as permitted by Fed. R. Civ. P. 37(a)(5)(A).

## BACKGROUND

### I.    General Background

This case arises from Plaintiff's claims that Defendants have discriminated against Plaintiff based on disability. *See generally* Second Amended Complaint, [Doc. 22]. Plaintiff has alleged that APS has failed to properly accommodate her disability under the Americans with Disabilities

---

[1] Pursuant to D.N.M. LR-7.1(a), APS sought Plaintiff's position on this Motion and, having received no response, presumes that this Motion is opposed.

Act (ADA) and has instead harassed Plaintiff based on her disability. *See id.*, at Counts I, II, III. Plaintiff has also alleged that Defendants interfered with her rights under the Family Medical Leave Act (FMLA). *Id.*, Count IV. Plaintiff's Complaint is express in seeking damages for lost earnings, specific damages available under the FMLA and New Mexico Human Rights Act (NMHRA), damages for mental anguish and humiliation, and punitive damages. *Id.*, ¶ 112 (B)-(F). Plaintiff is also seeks to "[e]njoin[] Defendants to reasonabl[y] accommodate" Plaintiff. *Id.*, ¶ 112 (A). Accordingly, and importantly for purposes of this Motion, Plaintiff's claims against APS have placed at issue:

- Plaintiff's employment history, earning capacity, and compensation, *see id.*, ¶ 112 (B) (seeking damages related to Plaintiff's earnings or wages);

- Plaintiff's prior complaints, disputes, or allegations against Defendants, *see id.*, ¶¶ 9-10 (alleging that Plaintiff filed EEOC, NMHRA, and Department of Labor Claims based on the same set of alleged facts underlying her Complaint, thereby purportedly exhausting her administrative remedies);

- Accommodations which Defendants allegedly "pervasive[ly] refused to" provide, *see id.*, ¶¶ 44-47;

- Alleged instances of discrimination and/or harassment toward Plaintiff by Defendants, *see id.*, ¶¶ 35-45; and

- Any conversations, potential witnesses, and/or documents which is relevant to any of the allegations raised in Plaintiff's Complaint, *see generally id.*; Fed. R. Civ. P. 26(b).

As demonstrated herein, Plaintiff has failed to provide complete responses to requests which seek relevant information and documentation concerning the foregoing issues. Plaintiff has, thus, failed to provide materials that fall squarely within the scope of discovery pursuant to Rule 26(b).

**II.     Written Discovery**

APS served its First Set of Interrogatories and Requests for Production to Plaintiff on July 18, 2024. *See* Certificate of Service, [Doc. 19]. Following an agreed extension to provide

responses, , Plaintiff provided her responses to discovery on September 9, 2024.[2] In reviewing Plaintiff's responses, APS noted a number of deficiencies. In multiple responses, entire aspects of a discovery request were left unaddressed. In others, Plaintiff refused to provide responsive information and/or documentation specifically tethered to particular allegations of her Complaint, including copies of materials related to the EEOC, NMHRA, and DOL charges which purportedly ground the instant litigation. Consequently, on September 24, 2024, APS sent Plaintiff a detailed good faith letter outlining the deficiencies present within twenty-eight (28) of Plaintiff's responses and seeking supplementation thereof. This letter is attached hereto as **Exhibit A**. Therein, APS specifically sought supplementation to correct two major types of deficiencies, including: (1) Plaintiff's failure to address all aspects of a given request; and (2) Plaintiff's failure to provide responsive materials undoubtedly relevant to issues expressly raised in her Complaint.

Within its September 24 letter, APS asked Plaintiff to respond with supplemental materials or an indication that she needed additional time to supplement no later than noon on Friday, September 27. *Id.*, at 1. Having received no response from Plaintiff's counsel addressing this letter by that time, counsel for APS sent a follow-up email the afternoon of September 27, a copy of which is attached hereto as **Exhibit B**. To allow Plaintiff an additional two weeks to supplement as requested, APS filed an unopposed motion to extend MHM's motion to compel deadline through October 21, 2024. [Doc. 27]. The Court entered an order granting this Motion on October 2, 2024. [Doc. 28].

Thereafter, Plaintiff provided her First Amended Responses to APS's discovery requests on October 11, 2024. *See* Certificate of Service, [Doc. 31]. Relevant portions of these responses are attached hereto as **Exhibit C.** Upon reviewing Plaintiff's supplemented responses, APS noted that there were continuing deficiencies with several. Accordingly, on October 18, 2024, APS, by counsel, sent Plaintiff an email outlining the remaining issues, a copy of which is attached hereto as **Exhibit D**. As of the date of filing, MHM has not received any response to this email, despite

---

[2] Plaintiff did not file a Certificate of Service denoting that these responses were served. Accordingly, APS refers the Court to a copy of the email serving Plaintiff's responses, attached hereto as **Exhibit E**.

3

indicating its willingness to allow Plaintiff additional time to supplement if requested. Accordingly, Plaintiff's continuing failure to provide responsive information and documents in response to APS's first set of discovery has necessitated the instant Motion.

<b>ARGUMENT</b>

Discovery's proper scope is "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" Fed. R. Civ. P. 26(b)(1). The purpose of discovery is to "make trial less of a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United Nuclear Corp. v. Gen. Atomic Co.*, 1980-NMSC-904, ¶ 54, 96 N.M. 155, 629 P.2d 231 (*citing United States v. Proctor & Gamble Co.*, 356 U.S., 677, 682 (1958)); *see also Herbert v. Lando*, 441 U.S. 153, 177 (1979) ("The Court has more than once declared that the deposition-discovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials."). Hence, "[t]he federal courts have held that the scope of discovery should be broadly and liberally construed to achieve the full disclosure of all potentially relevant information." *Sanchez v. Matta*, 229 F.R.D. 649, 654 (D.N.M. 2004).

It is well established that during discovery a party may inquire into, and must fully respond to, all relevant discovery requests (1) not covered by a recognized privilege and (2) that may lead to admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). A party is entitled to discovery relating to any party's claim or defense, and "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Additionally, both Rule 33 (governing interrogatories) and Rule 34 (governing requests for production) are express that a responding party must fully respond to a request to the extent it is not objected to. Fed. R. Civ. P. 33(b)(3), 34(b)(2)(B). Thus, despite the broad scope intended by the Federal Rules of Civil Procedure, Plaintiff has impermissibly refused to comply with his obligation to fully respond to APS's discovery requests.

4

**I.      This Court Should Compel Plaintiff to Provide Requested Information Regarding Her Wage History and Any Alleged Wage-Related Damages.**

In response to the following requests, Plaintiff has failed to provide information which is undeniably relevant to Plaintiff's claims and alleged damages concerning Plaintiff's wages. As discussed above, Plaintiff's Complaint, in seeking damages related to her wages or earnings, has put Plaintiff's earning history, and perhaps earning capacity, at issue. *See* p. 2 *supra.*

- Interrogatory No. 2 – This request asks Plaintiff to provide specific information related to her current and past employment, expressly including compensation information for any positions listed. *See* Ex. C, at 2-8. To date, Plaintiff has not provided any information responsive to this portion of the request. *Id.* Notably, APS alerted Plaintiff to her failure to address all parts of this interrogatory in its September 24 and October 18 communications. *See* Exs. A, D.

- Interrogatory No. 11 – This requests asks Plaintiff to clearly state whether she is pursuing a claim for lost earning capacity or lost wages. While her amended response, combined with her Complaint, *see* ¶ 112 (B), suggest that Plaintiff is seeking damages for alleged lost wages, Plaintiff has not clearly stated this in response to Interrogatory No. 11. Critically, Plaintiff has not made any attempt to indicate whether she is seeking damages for lost earning capacity. Further, to the extent Plaintiff is seeking damages for lost earning capacity, she has failed to fully respond to the request as she has not provided any information supporting such a request or identifying how she would calculate such damages, which the request expressly seeks. *See* Ex. C, at 21-22.

Plaintiff's failure to fully respond to these requests is discordant with her discovery obligations. Indeed, APS is entitled to learn exactly what types of expenses and damages Plaintiff is seeking in this case, including any factual bases she intends to use to support such claims. *See, e.g.*, *Melo-Fernandez v. Bearden*, 2020 WL 7353880, at *3-4 (D.N.M. Dec. 15, 2020) (compelling the plaintiff to respond to the defendant's request for the facts upon which the plaintiff was basing each element of damages). *See also Am. Prop. Const. Co. v. Sprenger Lang Found.*, 274 F.R.D. 1, 9, 11 (D.D.C.

2011) ("Simply put, it is [the plaintiff's] burden to specifically identify, itemize, and document its claimed damages" and compelling the plaintiff to "identify with particularity all claimed damages, and correlate those damages with specific citations to any and all supporting materials").

Further, Plaintiff has wholly failed to object to the relevance of these requests, which fall clearly within the scope of discovery, and should not be allowed to challenge the relevance of the foregoing requests now. Notably, when discovery sought appears relevant, the party resisting the discovery has the burden to prove otherwise "by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under [Rule] 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery." *Roybal v. United States*, 2014 WL 12594705, *1 (D.N.M. April 3, 2014) (internal citations and quotations omitted). Here, Plaintiff's Complaint raises the issue of her wages and leaves ambiguous the extent of wage-related damages sought. Plaintiff's discovery requests have not clarified this issue as requested by Interrogatory No. 11, and have failed to provide information related to Plaintiff's earning history in response to Interrogatory No. 2. Plaintiff did not raise any relevance objections within her initial or supplemented responses to these requests. *See* Ex. C, at 2-8, 21-22. Accordingly, she should not be permitted to withhold any responsive information based on her estimation of what is relevant, as any relevance objections are untimely and waived. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived…."); *C&J Equip. Mfg. Corp. v. Grady*, CV 23-99 MV/SCY, 2023 WL 7385110 at *2-3 (D.N.M. Nov. 8, 2023) (untimely responses to requests for production resulted in waiver); *Lucero v. Valdez*, 240 F.R.D. 591, 593 (D.N.M. 2007) ("It is well established that all objections to discovery requests must be timely or they are waived, unless the court excuses the failure to object for good cause."); *Boles v. Aramark Corr. Servs., LLC,* No. 17-1919, 2018 WL 3854143, at *5 (6th Cir. Mar. 19, 2018) (holding that the district court "appropriately applied" the Rule 33 waiver standard to objections to Rule 34 requests for production); *Cargill, Inc. v. Ron Burge Trucking, Inc.,* 284 F.R.D. 421, 424 (D. Minn. 2012) ("Although Rule 34 does not contain an automatic waiver provision for untimely objections as

does Rule 33(b)(4), courts have reasoned that Rule 33(b)(4) type waiver should be implied into all rules involving the use of the various discovery mechanisms." (internal quotation marks and citation omitted)).

Accordingly, the information sought by Interrogatories Nos. 2 and 11 is within the scope of discovery as they are relevant to Plaintiff's claims for wage-based damages. Plaintiff should be compelled to provide complete responses to these requests as set forth above.

**II.    This Court Should Compel Plaintiff to Provide Requested Information and Documentation Concerning the Allegations in Her Complaint.**

Each of the following requests seeks information or documents which support specific allegations within the Complaint or the Complaint in its entirety. As demonstrated below, Plaintiff has failed to provide the requested materials in response.

- Interrogatory No. 4 asks Plaintiff to identify and provide specific details concerning any prior dispute, claim, legal proceeding, or grievance of any nature Plaintiff has made against an employer. *See* Ex. C, at 10. As stated in APS's September 24 letter, Plaintiff failed to identify or provide the requested information for her EEOC, HRB, or DOL claims. *See* Ex. A, at 2. Plaintiff's assertion, in her amended response, that these claims would not constitute a prior "dispute" with APS within the scope of this request is unavailing, *see* Ex. C, at 10, as these charges are born of the same facts as the instant Complaint – which is made clear by the fact that Plaintiff addresses them within her Complaint, *see* ¶¶ 9-10. Plaintiff's Complaint specifically alleges that through these charges, she exhausted her administrative remedies in relation to the claims raised in the instant suit. APS is entitled to assess the information underlying such allegations. Further, Plaintiff's supplemented response is deficient on its face, as it is cut off in the middle of a date, making it indisputably incomplete.

- Interrogatory No. 16 seeks the identification of conversations that Plaintiff has had with anyone concerning the allegations in her Complaint, including any alleged damages. *See* Ex. C, at 25. Plaintiff did not supplement this response, and does not include or

7

identify any responsive information about any conversations she has had concerning her allegations. Plaintiff, in opting not to supplement, also ignored APS's articulation of the relevance of this request within its September 24 letter. *See* Ex. A, at 3-4 (stating that this request is reasonably calculated to lead to the discovery of witnesses with discoverable and potentially admissible information concerning Plaintiff's own statements made at the time or after the events alleged in her Complaint took place). Plaintiff has not articulated any reason why she is incapable of identifying any responsive conversations, much less why this request is unduly burdensome in requiring her to try.

- <u>Interrogatory No. 17</u> and <u>Request for Production No. 15</u> seek the production of information and documents concerning all text messages, emails, and/or social media postings which relate to the allegations in Plaintiff's Complaint, including any alleged damages. *See* Ex. C, at 26, 44. Plaintiff did not supplement her response to Interrogatory No. 17. She did supplement her response to Request for Production No. 15, but did not provide any copies of personal communications (aside from emails or documents created during work and a copy of an undated EEOC charge she purportedly filled out). As such, Plaintiff has wholly failed to provide complete responses to these requests, including Plaintiff's text messages, personal emails, and social media posts in which Plaintiff may have discussed the subjects or events she has raised within her Complaint. She has also failed to identify how any of the foregoing personal messages would already be in APS's possession, much less why this should excuse Plaintiff from producing responsive materials.

- <u>Interrogatories Nos. 19, 20, and 21</u> seek information underlying specifically identified paragraphs within Plaintiffs' Complaint which allege that Defendants "pervasive[ly] refused to" provide accommodations to Plaintiff and suggest specific acts of discrimination or harassment on the basis of disability. *See* Ex. C, at 27, 28. Plaintiff's responses to these requests do no provide the requested information, even as

8

supplemented. Plaintiff fails to list and describe any specific instances of accommodations she has been denied (Interrogatory No. 19), any act of disability discrimination (Interrogatory No. 20), and/or any specific instance of harassment (Interrogatory No. 21) by a defendant in this case. APS is entitled to the information which purportedly supports these allegations within Plaintiff's Complaint.

Plaintiff's failure or refusal to provide requested information and materials which specifically concern portions of the Complaint or the Complaint as a whole is discordant with her discovery obligations. "A party may not assert a claim for damages and then seek to prevent the other side from obtaining information relevant to the claim, thereby depriving the opposing party of an opportunity to evaluate the claim for settlement or alternatively, to be prepared to meet the proofs at trial." *Gonzales v. Goodyear Tire and Rubber Company*, 2006 WL 8444095 at *5 (D.N.M. Jul. 28, 2006). Accordingly, APS is entitled to the materials sought by each of the foregoing requests.

### III.    The Court Should Compel Plaintiff to Provide an Unambiguous Response to Request for Production No. 6.

Request for Production No. 6 asks Plaintiff to produce copies of any lawsuit or claim for injuries or damages asserted by Plaintiff against anyone other than APS. *See* Ex. C, at 40. Plaintiff's initial and only response to this request reads "Not applicable." *Id.* As articulated in APS's September 24 letter, this response is vague and ambiguous, as it is unclear whether Plaintiff is is commenting on the relevance of the request or whether she is claiming to have no responsive materials. Ex. A, at 2. Taking each in turn, this request certainly seeks relevant information, especially given the liberal scope of discovery afforded by the Federal Rules. *See e.g., Benavidez v. Sandia Nat'l Laboratories,* 319 F.R.D. 696 (D.N.M. 2017) ("Relevance is still to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense."). Indeed, to the extent Plaintiff has raised prior claims against other employers, such information is reasonably calculated to lead to the discovery of evidence related to Plaintiff's veracity and credibility as a likely witness on any trial of this case. Beyond this, Plaintiff's refusal to clarify her language and support any imbedded relevance

9

objection despite APS's request for clarification is not indicative of good-faith participation in discovery. Accordingly, Plaintiff should be required to supplement and clarify, and to provide any materials withheld on the basis of her improper, ambiguous relevance objection. *See* Fed. R. Civ. P. 34(b)(2)(c) ("An objection *must state* whether any responsive materials are being withheld on the basis of that objection.") (emphasis added).

## CONCLUSION

As demonstrated herein, Plaintiff has failed to provide complete discovery responses to APS with respect to issues specifically raised in her Complaint. Accordingly, APS respectfully requests that this Court enter an Order compelling Plaintiff to provide full and complete responses to **Interrogatories Nos. 2, 4, 11, 16, 17, 19, 20, and 21** and **Requests for Production Nos. 6 and 15**. APS further requests an award of its attorneys' fees and costs incurred in its attempts to obtain full responses to discovery.

Respectfully submitted,

MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.

By: /s/ *Tessa L. Chrisman*
  Mia K. Lardy
  Tessa L. Chrisman
  *Attorneys for Defendant APS*
  P.O. Box 2168
  Albuquerque, NM 87103-2168
  505.848.1800/ Fax: 505.848.9710
  mia.lardy@modrall.com
  tessa.chrisman@modrall.com

10

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 21st day of October, 2024, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**Heather Burke Law**
Heather Burke
1000 Cordova Place #24
Santa Fe, NM 87505
(505) 428-9424
heather@hburkelaw.com

By:  */s/ Tessa L. Chrisman*
      Tessa L. Chrisman

11