

## MODRALL SPERLING
### L A W Y E R S

*Via Email Only*

<mark>September 24, 2024</mark>

Heather Burke
1000 Cordova Place #24
Santa Fe, New Mexico 87505
(505) 428-9424
heather@hburkelaw.com

Mia Kern Lardy
Tel: 505.848.1819
Fax: 505.944.8034
mia.lardy@modrall.com

Tessa L. Chrisman
Tel: 505.848.1869
Fax: 505.848.9710
tessa.chrisman@modrall.com

Re: *Elizabeth Lindsey v. Albuquerque Public Schools and Melanie Blea*
    Case No. 1:24-CV-393

Dear Ms. Burke:

We have received Plaintiff's Responses to APS's First Set of Interrogatories and Requests for Production, served September 9, 2024. The purpose of this letter is to engage in good faith communication with you, pursuant to Fed. R. Civ. P. 37, concerning the deficiencies we have identified in your client's answers and responses. These deficiencies are outlined below.

Pursuant to D.N.M.LR-Civ. 26.6, our deadline to file a motion to compel supplementation of Plaintiff's responses is **Monday, September 30**. As such, if you wish to avoid motions practice related to these discovery responses, **please supplement Plaintiff's responses and production by 12:00 pm on Friday, September 27.** In the alternative, if more time is needed, please inform us in writing that you are willing to stipulate to a motion seeking to extend time for APS to file its Motion to Compel by this time.

### DEFICIENCIES IDENTIFIED BY REQUEST

**Interrogatory No. 2** asks Plaintiff to provide specific information related to her current and past employment and money-making endeavors, including a brief description of job duties for each position listed and the amount or rate of compensation received. Plaintiff's response provides only one description of job duties, despite listing approximately twenty positions. Plaintiff must supplement to provide a description of job duties for all remaining positions. Further, Plaintiff does not provide any information with respect to compensation for any of the listed positions and must supplement to provide for each listed position. Notably, Plaintiff failed to raise any objections in response to this request, and, as such, any objections you would have made are now untimely and, thus, waived. Fed. R. Civ. P. 33(b)(4).

Modrall Sperling
Roehl Harris & Sisk P.A.

500 Fourth Street NW
Suite 1000
Albuquerque,
New Mexico 87102

PO Box 2168
Albuquerque,
New Mexico 87103-2168

Tel: 505.848.1800
www.modrall.com



**EXHIBIT A**

Page 2

**Interrogatory No. 3** asks Plaintiff to describe her educational background and identify each school she has attended, including dates of attendance and the degree or certificate obtained. Plaintiff's Response lists Eastern New Mexico University as a past school that Plaintiff attended, but fails to identify any date(s) of attendance and whether a degree/certificate was obtained and, if so, what degree/certificate. Plaintiff must supplement accordingly. Notably, Plaintiff failed to raise any objections in response to this request, and, as such, any objections you would have made are now untimely and, thus, waived. Fed. R. Civ. P. 33(b)(4).

**Interrogatories Nos. 4, 5, and 7**, respectively ask Plaintiff to identify and describe: past claims, complaints or lawsuits; benefits received; and her criminal history, if any. Additionally, **Request for Production No. 6** asks Plaintiff to produce all documents relating to any lawsuit or claim for injuries/damages she has asserted against any other party (excluding APS). In response to each of these requests, Plaintiff simply responded "Not applicable." This response is vague and ambiguous, as it is unclear whether Plaintiff is answering that she has no responsive information or documentation and/or if she is making a comment about the relevance of the request. Beyond this, any assertion that Plaintiff has not filed any other claims is belied by her own Second Amended Complaint, which indicates that she has filed EEOC, NMHRB, and DOL claims. Plaintiff must supplement her responses to provide all requested information and documents related to these claims.

**Interrogatory No. 6** asks Plaintiff for information concerning any application for employment of any nature made by Plaintiff within the past (10) years. In response, Plaintiff provides information for four positions, three of which she purportedly applied for in July 2024. Further, Plaintiff does not identify any information related to her application for the identified position with NMPED. Within her response, Plaintiff has indicated that additional responsive information exists, but she has unreasonably limited her response without even specifying why or how she limited her response in the manner she did. This makes the exact nature and amount of information being withheld by Plaintiff unclear contrary to Fed. R. Civ. P. 33(b)(3)-(4). Critically, Plaintiff failed to raise any objections in response to this request, and, as such, any objections you would have made are now untimely and, thus, waived. Fed. R. Civ. P. 33(b)(4). This includes any objection to the breadth and scope of the request. Plaintiff must supplement to provide all responsive information in her possession, custody, or control.

**Interrogatory No. 8** asks Plaintiff to provide the name and anticipated knowledge of any potential witness known to her or her attorney and to indicate whether Plaintiff and her attorney intend to call the witness at trial. Plaintiff's response is devoid of any reference to her intent to call any of the listed individuals at trial and fails to state any objection or explanation for limiting her response in this manner. Further, Plaintiff claims that she cannot speak to what any of the listed individuals may recall or may have witnessed, but this does not excuse her total failure to state the subject matter for anticipated knowledge. In listing the individual in response to this interrogatory, Plaintiff is identifying that person as someone likely to have knowledge relevant to her claims; it is not unreasonable to ask Plaintiff to identify the general reason(s) or subject matter(s) that caused Plaintiff to identify each listed individual as someone likely to have relevant knowledge. Further, Plaintiff failed to raise any

Page 3

objections in response to this request, and, as such, any objections you would have made are now untimely and, thus, waived. Fed. R. Civ. P. 33(b)(4). Plaintiff must supplement to provide the requested information.

**Interrogatory No. 10** and **Request for Production No. 2** respectively ask Plaintiff to identify and itemize each expense she claims to be entitled to as damages in this dispute and to produce any supporting documents. In response to both requests, Plaintiff indicates that she will supplement as discovery remains ongoing, which APS understands and appreciates. However, this is insufficient. It is inconceivable that at present, Plaintiff cannot identify any of the claimed damages for which she has initiated the instant lawsuit. Plaintiff must supplement her response to provide the information and documents she presently has in her possession, custody, or control and must thereafter continue to supplement upon receipt of additional information and documents identified during the course of discovery. Any other approach will leave APS powerless to enforce these requests through a motion to compel under the time constraints enforced under this District's Local Rules.

**Interrogatory No. 11** asks Plaintiff to clearly state whether she is claiming lost wages or lost earning capacity in this litigation and, if so, to provide information on the lost wages or earning capacity sought. Plaintiff's response does not contain a clear indication of whether Plaintiff is seeking lost wages and/or lost earning capacity and must be supplemented to clarify. Plaintiff must also supplement to identify the source(s) or any of the information presently listed in her response, as this is information that is expressly sought by the request. Notably, Plaintiff failed to raise any objections in response to this request, and, as such, any objections you would have made are now untimely and, thus, waived. Fed. R. Civ. P. 33(b)(4).

**Interrogatory No. 12** asks Plaintiff to describe any and all measures she has taken to mitigate the damages she seeks. Plaintiff objected and did not provide any substantive response. As the basis for her objection, Plaintiff states that the request suggests she has a duty to mitigate her damages that she believes is inapplicable to her claims. As an initial matter, Plaintiff is incorrect on the law, as federal courts in New Mexico have recognized that FMLA claimants have a duty to mitigate their damages. *See Gunderson v. Bradbury Stamm Construction, Inc.*, 2004 WL 7337606, *2 (D.N.M. Aug. 4, 2004). Beyond this, Plaintiff fails to consider that the scope of discovery is far broader than that of admissibility. *See In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1189 (10th Cir. 2009). Accordingly, Plaintiff must supplement to provide all responsive information in her possession, custody, or control.

**Interrogatory No. 16** asks Plaintiff to identify and describe conversations with any individuals (aside from counsel) regarding the allegations in her Complaint or her alleged injuries or damages. Plaintiff has objected to the request as overly broad and burdensome and has failed to identify any person(s) with whom she has had responsive conversations and/or the subjects for any such conversations. Plaintiff's statements with respect to her allegations in the Complaint, including alleged damages, are critically relevant in this litigation and this request is reasonably calculated to lead to the discovery of witnesses with discoverable and potentially admissible information. Plaintiff's claims that she will supplement "if she remembers any" conversations is insufficient, as it is inconceivable that Plaintiff cannot at present

Page 4

recall at least some individuals which whom she has engaged in responsive conversations. Accordingly, Plaintiff must supplement her response and then continue to supplement as discovery remains ongoing.

**Interrogatory No. 17** and **Request for Production No. 15** respectively ask Plaintiff to identify and produce all text messages, emails, and/or social media postings she has sent or received relating to the claims asserted in her Complaint, including any alleged damages. Plaintiff objects as overly broad and burdensome without taking any steps to explain why it is too burdensome for Plaintiff to identify, recover, and produce and/or describe the responsive communications in her possession, custody, or control. Further, Plaintiff objects to the request to the extent that the records are already in APS's possession. It is unclear why or how Plaintiff expects that APS would already have access to text her messages or social media posts. With respect to responsive email messages, it is unclear why or how Plaintiff expects that APS would have access to any emails sent via Plaintiff's personal account. In any event, the District of New Mexico has held that the fact that the requesting party may already have some of the documents they are seeking does not relieve the responding party of their discovery obligations to produce information/records in the responding party's possession, custody, or control. *See Strobel v. Rusch*, 2020 WL 80797786, *6 (D.N.M. Jan. 23, 2020). Plaintiff must supplement her response accordingly.

**Interrogatory No. 18** asks that Plaintiff describe any formal or informal disciplinary actions taken against her during the course of her employment by APS. Plaintiff's response details only one disciplinary action, but fails to provide any context for this disciplinary action (basis, approximate date), and fails to provide the date and location of the "meeting" discussed therein. Plaintiff must supplement to provide a complete response. Fed. R. Civ. P. 33(b)(3).

**Interrogatory No. 19, 20, 21, and 22** ask for Plaintiff to identify support for specific allegations in her First Amended Complaint, citing to the paragraph ranges which make up a given claim or Count therein. Plaintiff's responses to each of these lack any substantive information and are equally deficient. Plaintiff cannot deny that APS is entitled to the factual support, if any, underlying Plaintiff's allegations. Accordingly, it is not overly or unduly burdensome for Plaintiff to explicate the bases for the claims she has raised, identify the individuals involved, and provide approximate dates for any specific alleged acts or omissions. Plaintiff must supplement her responses to these requests to provide complete responses. Fed. R. Civ. P. 33(b)(3).

**Interrogatory No. 23** asks Plaintiff to identify each disability or physical or mental impairment she claims to have and to provide specific details on each. Plaintiff's objection that this is overly broad and burdensome is unfounded, as it is unclear why Plaintiff cannot articulate information about disabilities or conditions she experiences. Similarly, Plaintiff's objection that the request requires medical testimony is absurd, as the request itself asks for information concerning what provider(s) have diagnosed her and what treatment(s) she has undergone. These are questions that Plaintiff has the answers to and the description of any resulting symptoms is similarly based on Plaintiff's lived experience. She must provide all

Page 5

information in her possession, custody, and control. Further, with respect to the one condition she did list, SCDS, her response was not clear as to whether the listed symptoms are those that are experienced by Plaintiff, how frequency she experienced any of those symptoms, who diagnosed her with this condition, and what type(s) of treatment she has undergone related to the condition. Plaintiff must supplement to provide a complete response.

**Request for Production No. 5** asks for all documents referred to by Plaintiff or her counsel in preparing her responses to interrogatories. Plaintiff objected and failed to produce any documents in response to this request on the basis of privilege, but failed to provide any privilege log. To the extent Plaintiff is asserting that all documents shared with or reviewed by counsel are privileged, this argument has been denied within the District of New Mexico. *See U.S. ex rel. Baker v. Cmty. Health Sys., Inc.,* 2012 WL 12342816, *4 (D.N.M. May 16, 2012). Further, the law is also well-settled that the party claiming privilege must show why the document(s) are privileged and should not be produced and that failure to produce a privilege log may constitute waiver of privilege. *See id.* (citing *Barclays–American Corporation v. Kane*, 746 F.2d 653 (10th Cir.1984); *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir.1984); *Dorf & Stanton Communications, Inc. v. Molson Breweries*, 100 F.3d 919, 923 (Fed.Cir.1996)). Accordingly, Plaintiff must supplement to produce all responsive documents and produce a sufficient privilege log providing sufficient information for any documents withheld to APS to determine the propriety of Plaintiff's privilege designation.

**Request for Production No. 10** asks Plaintiff to produce all documents, including correspondence, related to her discrimination and harassment claims. Plaintiff has responded that the request is ambiguous because the request seeks documents that evidence any alleged discrimination or retaliation against Plaintiff, but ignores that Plaintiff herself has conflated these standards within her own Second Amended Complaint, which, despite raising no claim for retaliation, mentions the alleged threat of "retaliatory demotion." Additionally, it is clear from the plain wording of the request that it seeks production of documents Plaintiff intends to use as support for her discrimination and harassment claims, including any allegations related to retaliation. Plaintiff must supplement.

**Request for Production No. 11** seeks production of any assessments of Plaintiff's work by APS, including any notes she took related to any evaluations received and any written follow-up communications between Plaintiff and any APS employees. Plaintiff's sole objection to this request is that these documents are in APS's possession. This assertion ignores that APS would not necessarily have copies of the notes or follow-up communications sought by the request. Additionally, it ignores that the District of New Mexico has held that the fact that the requesting party may already have some of the documents they are seeking does not relieve the responding party of their discovery obligations to produce information/records in the responding party's possession, custody, or control. *See Strobel v. Rusch*, 2020 WL 80797786, *6 (D.N.M. Jan.  23, 2020). Plaintiff must supplement her response accordingly. Plaintiff must clarify that she has not withheld any documents on the basis of this improper objection.

Page 6

**Request for Production No. 12** seeks production of any documents concerning, referencing, or relating to the allegations in Plaintiff's Complaint, her alleged injuries, or claims for damages. Plaintiff claims that this request is overly broad and vague as to each item, but has failed to produce or reference any documents in response to any request for production. It is inconceivable that Plaintiff has no documents which relate to her Complaint or alleged injuries/damages. Plaintiff must supplement to produce.

**Request for Production No. 13** asks Plaintiff to produce for inspection all social media or networking accounts she has used or maintained since January 1, 2014. While Plaintiff claims that this is overly broad and "absurd", she cannot deny that the materials posted on this page could provide responsive, discoverable, and admissible information concerning Plaintiff's posted sentiments about working conditions, her condition(s) and disability(ies) that are at issue and the affect of these on Plaintiff's functioning, and Plaintiff's relationship(s) with co-workers. Plaintiff has not shown how making these pages available for inspection is unduly burdensome, especially so burdensome as to outweigh the likely evidentiary benefit. Plaintiff must supplement to produce these materials.

**Request for Production No. 15** seeks production of any documents or correspondence reflecting Plaintiff's attempts to bring discrimination, harassment, or interference with the FMLA to APS's attention. Plaintiff objects on the basis that this request purportedly suggests a non-existent duty on Plaintiff's part to report FMLA obligations. To the extent any documentation exists, Plaintiff is obligated to produce it regardless of whether she believes she had such a duty. It still has bearing on her claims. Further, Plaintiff has not even finished her response to this request, as it ends with "Notwithstanding this objection:" and fails to continue. Plaintiff must supplement.

**Request for Production No. 16** seeks production of all documents, emails, or other communications received or sent to anyone in APS concerning her claims in this case. Plaintiff claims that this request is overly broad, burdensome, and vague. With respect to vagueness, it is clear what types of documents this request seeks, the subject matter of these documents, and who these documents would have been exchanged between. Thus, the request is not vague. Further, Plaintiff has not shown how or why it is unduly burdensome to produce documents or communications related to the allegations in her Complaint. Additionally, Plaintiff's claim that APS may already have some of the documents ignores that Plaintiff may have used her personal account or devices to exchange in these communications and that some communications may be written rather than electronic. Further, this claim is immaterial as it does not affect her obligations to produce those records in her possession, custody, or control. *See Strobel v. Rusch*, 2020 WL 80797786, \*6 (D.N.M. Jan. 23, 2020).

Page 7


It is our sincere hope that we can come to an agreement on these issues without court intervention. As set forth above, we ask that you please supplement or indicate your willingness to stipulate to a motion to extend our deadline to file a motion to compel, if needed, no later than **12:00 pm on Friday, September 27**. If you would like to discuss anything raised herein, please give us a call.


Sincerely,

Mia K. Lardy
Tessa L. Chrisman