**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**ELIZABETH LINDSEY,**

     **Plaintiff,**

**v.**                                                                                   **24-cv-00393-GBW-JFR**

**ALBUQUERQUE PUBLIC SCHOOLS**

**BOARD OF EDUCATION,**

**MELANIE BLEA, in her individual capacity,**


**Defendants**


**<u>PLAINTIFF'S FIRST MOTION TO COMPEL DISCOVERY</u>**


COMES NOW, Plaintiff Elizabeth Lindsey, by and through her counsel of record, Heather Burke, with her First Motion to Compel Discovery.

As required by this Court, Plaintiff took advantage of the Court's informal resolution procedure and submitted a joint statement on the issues herein. However, this Court stated it was inclined to rule against Plaintiff on the issue of comparator evidence, without formal briefing with full legal support. Therefore, Plaintiff submits the instant motion in order to fully inform the Court of the legal merit of Plaintiff's position on the issue of discoverability of comparator evidence in disability discrimination and/or failure to accommodate cases.

1

**Argument**

Discovery's proper scope is "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Discovery's scope under rule 26 is broad. See *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995). The federal discovery rules reflect that "mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385, 91 L. Ed. 451 (1947).

It is well established that denial of accommodations is discrimination based on disability. See *Smith v. Midland Brake, Inc.*, 180 F.3d 1154, 1178 n.12 (10th Cir. 1999) (en banc) (failure to offer a reasonable accommodation to an otherwise qualified disabled employee is unlawful discrimination) "In order to establish a prima face failure-to-accommodate claim, a plaintiff must show (1) he is disabled; (2) he is qualified; and (3) he requested a plausibly reasonable accommodation." *Sanchez v. Vilsack*, 695 F.3d 1174, 1177 (10th Cir. 2012). Whether an accommodation exists that will enable a Plaintiff to perform the essential functions of her job is a mixed question of law and fact. See *Dansie v. Union Pac. R.R. Co.*, 42 F.4th 1184, 1194 (10th Cir. 2022). Critical to the analysis is the question of whether an employer's policies, job descriptions and essential functions are "job-related, uniformly enforced, and consistent with business necessity." See *Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1191 (10th Cir. 2003).

2

A Plaintiff in a discrimination case must be allowed discovery of comparator evidence, which will reveal whether employers are uniformly enforcing and applying policy and other requirements, even when that evidence may be otherwise confidential.  "Clearly, an alleged perpetrator of discrimination cannot be allowed to pick and choose the evidence which may be necessary for…investigation. There may be evidence of discriminatory intent and of pretext in the confidential notes and memoranda which the [Defendant] seeks to protect." *Univ. of Pa. v. EEOC*, 493 U.S. 182, 193, 110 S. Ct. 577, 584 (1990)(quoting  *EEOC v. Franklin and Marshall College*, 775 F.2d 110, 116 (3d Cir. 1985)) Confidentiality cannot be conflated with privilege and to treat evidence as privileged should only be applied in rare circumstances.  "We do not create and apply an evidentiary privilege unless it "promotes sufficiently important interests to outweigh the need for probative evidence . . .." *Trammel v. United States*, 445 U.S. 40, 51 (1980).  The fact that Defendant maintains sole control of the information, weighs in favor of production. See *Albritton v. CVS Caremark Corp*., 2016 U.S. Dist. LEXIS 83606, *8 (W.D. Ky. June 28, 2016) (compelling production of comparator evidence despite defendant's contention they were not similarly situated, and noting plaintiff seeks discovery of salary information solely in the possession of the Defendants. It is highly unlikely that Plaintiff could discover similar information from another source or in another manner.) Defendants are in the best position to identify potential comparators.  See *United States EEOC v. McCormick & Schmick's Seafood Rests*., 2012 U.S. Dist. LEXIS 92157, *16-17 (D. Md. July 2, 2012) (in disability discrimination case, compelling defendant employer to identify potential comparators because information on whether Defendant similarly [treated] other employees in similar employment positions….is relevant to the claims in this case).

> When considering how evidence about other similarly situated employees may
> support a plaintiff's claim of disparate treatment based on an employer's failure to

accommodate a pregnancy-related restriction, first, a plaintiff may state a prima facie claim for disparate treatment by showing, among other things, that her employer accommodated non-[disabled] workers similar in their ability or inability to work. Second, evidence about other employees may show the employer's proffered reason for denying the accommodation was pretextual because it had accommodated a large percentage of non[disabled] workers while failing to accommodate a large percentage of [disabled] workers with similar lifting restrictions.

*EEOC v. Tricore Reference Labs*., 849 F.3d 929, 933 (10th Cir. 2017)

When seeking comparator evidence, those selected as comparators need not be exactly the same as a Plaintiff. *Id.* ("When considering whether an employee has presented sufficient evidence of disparate treatment, other employees need not be alike in all respects to serve as relevant comparators.")

The 10th Circuit has reversed district courts who have refused to allow discovery of comparator evidence in disability discrimination and failure to accommodate cases. In *EEOC v. Tricore Reference Labs*., the 10th Circuit, when reversing the district court's refusal to enforce a subpoena requesting comparator evidence, the Court reasoned "Unlike the district court, we think the pregnancy request may seek information that is potentially relevant to [Plaintiff's] charge. For instance, evidence that other non-disabled, pregnant employees were granted accommodations may tend to prove that [Plaintiff] was denied an accommodation on the basis of her disability. Also, as suggested in *Young*, possible evidence that [Defendant] accommodated nonpregnant employees, but not pregnant employees, might be relevant to show that a proffered reason for [Plaintiff's] termination was pretextual."

Here, Plaintiff is bringing failure to accommodate and disability discrimination claims. While failure to accommodate is an act of discrimination itself, she seeks discovery of how other disabled employees are treated because that is relevant to the question of reasonableness, but also

to the question of whether Defendants are uniformly applying policies, requirements and job descriptions, or whether Defendants have a practice of discrimination and/or failure to properly accommodate disabled employees.

Plaintiff is indisputably disabled, she is qualified for the position in which she works, and she requested an extremely plausible and reasonable accommodation that would allow her to perform the essential functions of her position.   Defendants have repeatedly failed to properly respond to these requests, or to work interactively towards a mutually acceptable solution. Plaintiff continues to not be reasonably accommodated, causing tremendous stress and emotional distress, and adversely affecting Plaintiff's ability to complete the essential functions of her position.  Plaintiff requested discovery of evidence which would shed light on Defendants' reasoning for its denial of her requested accommodations.  Defendants have failed to produce any.  Since Plaintiff's disability is rare, it is unlikely she will find comparators with her exact disability, and so she is more likely to find comparators who require the same or similar accommodation. She requested discovery of any requests for telework as an accommodation and whether the request was granted or denied:

*INTERROGATORY NO. 11: List each and every employee, including name, job title and date of request, from June 2021 to present who has sought remote work as an accommodation for their disability. For each, state whether the request was granted and the date it was granted.*

She also sought discovery of evidence of anyone who was allowed to telework for any reason:

5

*INTERROGATORY NO. 12: List each and every employee, including name, job title and date of hire, from June 2021 to present who works remotely for all or any part of their workweek. For each, state how many hours they work remotely each week.*

These two requests seek information expressly calculated to discover how often Defendants are granting Telework as a reasonable accommodation, and the second seek to discovery how often Defendants are granting Telework not on the basis of disability.

She also requested production of documents regarding accommodations of other APS employees:

*REQUEST FOR PRODUCTION NO. 8: Produce all documents related to accommodation requests made by APS employees from January 2022 to present, including forms, emails, letters, memos, and any related communications.*

While Plaintiff concedes that the document request in RFP 8 could likely be narrowed further in conference with Defendants in order to better identify likely comparators, it requests probative evidence of the process actually used by Defendant APS in applying its policies; how comparators are treated, whether they are subjected to the same analysis as Plaintiff, whether they have the same or similar essential functions, and whether they are granted or denied reasonable accommodations.   Like *Tricore Reference Labs*, this evidence may tend to prove whether non-disabled individuals are treated more favorably than disabled individuals.  It may also tend to prove whether some disabilities are treated more favorably than others, or whether APS doesn't properly accommodate any disabilities. Defendants have claimed that the confidential nature of these records makes them off limits to discovery, but there is no legal basis for that claim. In fact, our Supreme Court specifically analyzed and recognized how overly broad

application of a confidentiality privilege could be abused to "frustrate" the intent of civil rights laws like Title VII.  See *Univ. of Pa. v. EEOC* at 584. (The Court refused to create a new privilege for peer review materials, as a Defendant faced with a disclosure request might well utilize privilege in a way that frustrates the EEOC's mission.) Defendants can, request a protective order and/or confidentiality agreement for this evidence, and should already have done so.  They cannot refuse to produce any and all evidence of how other disabled employees are treated and otherwise obscure their employment practices for disabled employees.  Plaintiff can only get this information from Defendants and it is indisputably relevant to the claims at issue, and potentially essential to the prosecution of Plaintiff's claims.

## Conclusion

For the reasons argued herein, Plaintiff requests that this Court compel Defendants to produce the evidence discussed above, and award Plaintiff costs and fees for this briefing as required by Rule 37 and for whatever other relief this Court finds proper.


Respectfully Submitted.

Heather Burke
Attorney at Law
1000 Cordova Place #24
Santa Fe, NM 87505
(505) 428-9424
heather@hburkelaw.com

7

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed to be served upon opposing counsel of record through the Court's efile and serve system on this 2nd day of December, 2024.

Respectfully Submitted.

Heather Burke
Attorney at Law
1000 Cordova Place #24
Santa Fe, NM 87505
(505) 428-9424
heather@hburkelaw.com

8