**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ELIZABETH LINDSEY,

     Plaintiff,

v.                                                                  Case No. 1:24-CV-00393 GBW/JFR

ALBUQUERQUE PUBLIC SCHOOLS
BOARD OF EDUCATION,
MELANIE BLEA, in her individual capacity,

     Defendants.

**DEFENDANTS' RESPONSE OPPOSING**
**PLAINTIFF'S FIRST MOTION TO COMPEL DISCOVERY**

Defendants Board of Education for Albuquerque Public Schools ("APS") and Melanie Blea

(collectively "Defendants"), by and through counsel of record, Modrall, Sperling, Roehl, Harris &

Sisk P.A. (Mia K. Lardy and Tessa L. Chrisman) hereby respond to Plaintiff's First Motion to

Compel [Doc. 47] as follows.[1]

Through her Motion, Plaintiff seeks: the identification of all APS employees who sought

remote work as an accommodation for a disability since June 2021 and the disposition of each

such request (Interrogatory No. 11); the identification of all APS employees who worked remotely

for all or any part of their workweek since June 2021 (Interrogatory No. 12); and all documents

(including forms, emails, letters, memos, and communications) created since January 2022 related

to any employee's request for an accommodation (Request for Production No. 8). As such,

Plaintiff's requests seek ***over two years' worth*** of information and documentation on APS

---

[1] Plaintiff's Motion asks that the Court compel both Defendants to produce the information and materials sought by Interrogatories Nos. 11 and 12, and Request for Production No. 8. *See* Motion, at 7. In so doing, Plaintiff failed to attach Defendants' responses to the requests at issue as required by D.N.M.LR-Civ. 37.1(b). As such, Defendants are attaching copies of the relevant responses as **Exhibit A**. Additionally, as stated in its response to each of the requests at issue, APS maintains that these requests appear to be directed at it alone, rather than to both Defendants.

1

employees who are non-parties in this litigation. Plaintiff's attempts to characterize these patently overbroad requests as targeted searches for comparator evidence are wholly belied by Plaintiff's failure to limit her requests to similarly-situated employees. Additionally, as set forth herein, Plaintiff's Motion misquotes, mischaracterizes, and misapplies case law to feign an entitlement to the overbroad, irrelevant materials she seeks. Comparatively, APS had properly objected to these requests as overbroad, irrelevant, and as seeking confidential information about its employees, and has, contrary to Plaintiff's assertions, engaged in good faith discussions concerning the scope of these requests, and has sufficiently supplemented its responses. Plaintiff's Motion should, thus, be denied in its entirety.

## RELEVANT BACKGROUND

Plaintiff has raised four claims against Defendants: disability discrimination, harassment on the basis of disability, failure to accommodate under the Americans with Disabilities Act (ADA), and interference with Plaintiff's rights under the Family Medical Leave Act (FMLA). *See* Second Amended Complaint "Complaint", [Doc. 22], at Counts I – IV. At the core of these claims is Plaintiff's assertion that she suffers from Superior Canal Dehiscence Syndrome and requires reasonable accommodations for this condition beyond those which have been provided by APS. *Id.*, at ¶ 72. As of August 2022, the time period in which Plaintiff's Complaint begins, Plaintiff was seeking accommodations for her condition's effects on her hearing, concentration, balance, and vestibular job functions. *See* August 8, 2022 Accommodation Plan, attached as **Exhibit B**.[2]

Plaintiff served her first set of discovery requests on Defendants on September 20, 2024. *See* Certificate of Service, [Doc. 25]. Defendants served their responses on Plaintiff on October 21, 2024. *See* Certificate of Service, [Doc. 33]. Plaintiff sent a letter addressing perceived

---

[2] Defendants have redacted Ms. Lindsey's employee number in the copy of Exhibit B attached.

deficiencies in Defendants' responses on November 4, 2024, a copy of which is attached hereto as **Exhibit C**. In response, Defendants provided a detailed response letter on November 8, 2024, a copy of which is attached hereto as **Exhibit D**. Thereafter, pursuant to this Court's Order Setting Informal Discovery Dispute Status Conference, [Doc. 39], counsel for both Plaintiff and Defendants engaged in a two-hour meet-and-confer discussion on November 13, 2024, on the identified discovery disputes. Following this call, the Parties submitted a Joint Written Statement of Discovery Disputes to the Court outlining their positions on Interrogatory Nos. 11 and 12, and Request for Production No. 8, among other requests. In its responses to the requests, and throughout its participation in good faith efforts to resolve the discovery disputes on the foregoing requests, APS has maintained that Plaintiff's requests seek the production of confidential, private, and protected medical and employment information of other APS employees, to which Plaintiff is not entitled. APS has also demonstrated that responding to these requests in the manner requested by Plaintiff would present an undue burden on APS far and above the limited potential benefit of producing the requested materials. *See* Declaration of Socorro Rodriguez, attached hereto as **Exhibit E** (detailing the number of initial requests received from the 2020-2021 school year forward and, thus, giving some indication as to the minimum number of employee ADA files APS would have to review to respond to the requests at issue as presently drafted). Nevertheless, APS supplemented its responses to each of these requests in its Second Supplemental Responses to Plaintiff's first set of discovery, served on December 6. *See* Certificate of Service, [Doc. 48]; Ex. A. Therein, APS provided additional clarity on the process its ADA office uses when determining accommodations, including that its relies on "the requesting employee's job description, job function description, employee medical documentation submitted by treating physicians with ADA Accommodation Recommendations, and the request for accommodation form filled out by

the employee during the interactive process." Ex. A, at 14. APS also clarified that neither human

resources nor its ADA office maintain a list of individuals engaged in remote work. *Id.*, at 7-8.

Accordingly, Plaintiff's claims that Defendants have "repeatedly failed to properly respond to

these requests, or to work interactively towards a mutually acceptable solution," are baseless. *See*

Motion, at 5.

## LEGAL STANDARD

Under Rule Fed. R. Civ. P. 26(b)(1), a party may discover any information so long as it is

(1) not privileged, (2) relevant, and (3) "proportional to the needs of the case." Fed. R. Civ. P.

26(b)(1); *see also Tanner v. McMurray*, 405 F. Supp. 3d 1115, 1177 (D.N.M. 2019) (Browning,

J.) (stating that "[d]iscovery's proper scope is any nonprivileged matter that is relevant to any

party's claim or defense and proportional to the needs of the case[.]" (citation and internal

quotation marks omitted)). Relevant evidence is that which "has any tendency to make a fact more

or less probable than it would be without the evidence; and the fact is of consequence in

determining the action." *Id*. "While relevancy in discovery is broader than that required for

admissibility at trial, the object of inquiry must have some evidentiary value before an order to

compel disclosure of otherwise inadmissible material will issue." *Deakin v. Magellan Health, Inc.*,

340 F.R.D. 424, 431 (D.N.M. 2022) (citations and internal quotation marks omitted); *see also*

*Montes v. Pinnacle Propane, L.L.C.*, No. 16-cv-0126 JCH/SMV, 2016 WL 10179315, at *2

(D.N.M. Sep. 20, 2016). A district court is not, however, "required to permit plaintiff to engage in

a 'fishing expedition' in the hope of supporting his claim." *McGee v. Hayes*, 43 Fed.Appx. 214,

217 (10th Cir. 2002); *see also Landry v. Swire Oilfield Services, L.L.C.*, 323 F.R.D. 360, 376

(D.N.M. 2018); *Harris*, 2023 WL 8561329, at *2. "Discovery ... is not intended to be a fishing

expedition, but rather is meant to allow the parties to flesh out allegations for which they initially

have at least a modicum of objective support." *Rivera v. DJO, LLC*, No. 11-1119, 2012 WL 3860744, at *1 (D.N.M. August 27, 2012) (Browning, J.) (quoting *Tottenham v. Trans World Gaming Corp.*, No. 00-7697, 2002 WL 1967023, at *2 (S.D.N.Y. 2002)(Knapp, J.)) "[B]road discovery is not without limits[,] and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Montes*, 2016 WL 10179315, at *2. Further, when the documents requested are tangentially relevant, they are not discoverable if the request is overbroad, unduly burdensome, invasive of third parties' privacy interests, and not proportional to the needs of the case. *See Willis v. Geico General Insurance Company*, No. 13-280KG/KK, 2016 WL 1749665, at *10 (D.N.M. Mar. 29, 2016).

## ARGUMENT

**I.      Plaintiff Has Failed to Demonstrate the Relevance of the Discovery Sought.**

Plaintiff has misstated and mischaracterized the authority on which her Motion relies and, as such, has failed to demonstrate the relevance of the materials sought by the discovery requests at issue. Further still, Plaintiff has not sufficiently articulated the relevance of the wide range of materials she seeks, which encompass any APS employees, from any position, with any disability, who have requested accommodations given the fact-specific nature of the determinations that arise from her disability discrimination and failure to accommodate claims. Consequently, Plaintiff has failed to carry her burden to show the discoverability of the information and documents sought, and her Motion should be denied.

First, Plaintiff argues that in order to determine "[w]hether an accommodation exists that will enable a plaintiff to perform the essential functions of her job," the "critical" analysis is "whether an employer's policies, job descriptions, and essential functions are 'job-related, uniformly enforced, and consistent with business necessity.'" Motion, at 2 (quoting *Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1191 (10th Cir. 2003)). This premise mischaracterizes the quoted

portion of *Davidson*'s holding, which actually established the standard for determining whether a job requirement is a necessary requisite to employment, such that it can be considered an essential function of the position. 337 F.3d at 1191 ("Provided that any ***necessary job specification*** is job-related, uniformly enforced, and consistent with business necessary, the employer has a right to establish what a job is and what is required to perform it.") (emphasis added). As such, Plaintiff has misrepresented how determinations as to the reasonableness of a proposed accommodation are made in the Tenth Circuit. "The determination of whether a requested accommodation is reasonable must be made on the facts of each case taking into consideration the particular individual's disability and employment position." *Punt v. Kelly Services*, 862 F.3d 1040, 1050 (10th Cir. 2017). Accordingly, Plaintiff's assertion that the determination of what a reasonable accommodation is relies on uniform enforcement lacks any citation to authority that actually support this premise and is, instead, contrary to precedent demonstrating the circumstance-specific nature of any such determination.

Next, Plaintiff relies on *Univ. of Pa. v. EEOC*, to claim an entitlement to comparator evidence in order to "reveal whether employees are uniformly enforcing and applying policy and other requirements." *See* Motion, at 3 (citing and quoting 493 U.S. 182, 110 S. Ct. 577, 584 (1990)). Notably absent from Plaintiff's excerpt of the aforementioned Supreme Court decision is the fact the holding 1) was textually limited to the disclosure of peer review materials gathered during the tenure selection process and 2) concerned only peer review materials reviewing EEOC's Complainant. Accordingly, Plaintiff's reliance on the *Univ. of Pa.* decision is misplaced in this case. Here, Plaintiff is not seeking peer review materials generated about Plaintiff at all and, further, is not seeking only those materials pertaining to Plaintiff's own accommodations (which have been produced by APS in this litigation in their entirety). Instead, Plaintiff's request is much

6

broader than the subpoena at issue in *Univ. of Pa.*, as Plaintiff seeks information and materials related to any APS employee's requests for accommodation.

Plaintiff's reliance on *EEOC v. Tricore Reference Labs*, is also unavailing. 849 F.3d 929, 933 (10th Cir. 2017).[3] This case addresses the potential relevance of evidence relating to the employer's accommodation of pregnant as compared to non-pregnant workers with similar ability/inability to work where there is an allegation of a failure to accommodate a pregnancy-related restriction. *See generally, id.* Initially, Plaintiff impermissibly attempts to broaden the Tenth Circuit's decision by changing the word "pregnant" to "disabled" within brackets in the excerpted portion of the opinion. Plaintiff provides no supporting authority for exchanging a specific type of condition or disability with a generalized, over-arching category like "disabled," which encompasses wide-ranging conditions with dramatically different effects on job functions. Similarly, Plaintiff makes no attempt to demonstrate that the Tenth Circuit intended its holding to cut so broadly or to reconcile these changes with the Court's requirement that a party must articulate a clear rationale for how the intended comparator evidence relates to the determination at issue in order to demonstrate the relevancy of the evidence sought. *See generally*, Motion; *Tricore*, 849 F.3d at n.15.

Relatedly, Plaintiff completely misstates the nature of the *Tricore* opinion by representing that the Tenth Circuit "revers[ed] the district court's refusal to enforce a subpoena requesting comparator evidence." Motion, at 4. Indeed, in *Tricore*, the Tenth Circuit affirmed the district court's decision in full, finding that the EEOC had failed to demonstrate the relevance of the

---

[3] The initial portion of Plaintiff's block quote citing the *Tricore* case does not contain the same language stated in the opinion. *Compare* Motion, at 3-4 ("When considering how evidence about other similarly situated employees may support a plaintiff's claim of disparate treatment based on an employer's failure to accommodate a pregnancy-related restriction, first, a plaintiff may…") and *Tricore*, 849 F.3d at 933 ("The Supreme Court clarified how evidence about other similarly situated employees could support the plaintiff's claim. First, the plaintiff could…").

comparator evidence sought. The Tenth Circuit found that comparator evidence concerning the treatment of other non-disabled, pregnant employees may be relevant to the pregnant employee's failure to accommodate claim, but also held that EEOC failed to specifically demonstrate how the particular evidence sought would be relevant to investigating the claim at issue. *Tricore,* 849 F.3d at n.15, 16. Further, the Tenth Circuit held that the request for comparator evidence was overbroad, including similarly situated individuals who had not sought an accommodation (and were, thus, unlike the complainant, who had pursued an accommodation). *Id.* at 942. Here, like the overbroad request in *Tricore* Plaintiff's requests are overbroad in seeking information and materials on individuals who have not sought any accommodation (Interrogatory No. 12). Plaintiff's requests are also overbroad by seeking information about all employees seeking accommodation for a disability, rather than those employee(s), if any, who have a similar condition or impairment to Plaintiff, (Interrogatory No. 11, Request for Production No. 8). Additionally, like the EEOC in *Tricore*, Plaintiff fails to demonstrate the specific relevance of the broad comparator evidence sought, as she has failed to show how evidence of individuals in different positions, with different disabilities, and different abilities or inabilities to work with respect to specific job functions, will have any tendency to show that APS's accommodation process was discriminatory based on Plaintiff's disability. This is especially true given APS's discovery responses, which reflect that the ADA office relies on employee-specific position requirements, medical information, and requests for accommodation when engaging in the ADA interactive process to identify potential reasonable accommodations. *See* Ex. A, at 14.

Accordingly, Plaintiff has not adduced any authority which supports her claimed entitlement to the comparator evidence she seeks. Plaintiff's Motion should, thus, be denied, as Plaintiff has failed to carry her burden to demonstrate that the relevance of the discovery sought.

II.    **Plaintiff's Requests Are Impermissibly Overbroad, Irrelevant, and Unduly Burdensome.**

The discovery requests at issue in Plaintiff's Motion are extremely overbroad, irrelevant, and unduly burdensome. Accordingly, these requests exceed the scope of discovery under Rule 26(b)(1) and Defendants ask that the Court exercise its discretion to deny Plaintiff's Motion.

Plaintiff's own cited authority demonstrates that comparator evidence can only be relevant where the comparators are similarly situated to the plaintiff. *See* Motion, at 3 (citing *United States EEOC v. McCormick & Schmick's Seafood Rests.*, 2012 U.S. Dist. LEXIS 91257, *16-17 (D. MD. July 2, 2012)). In the Tenth Circuit, "[a] similarly situated employee is one who deals with the same supervisor and is subject to the same standards governing performance evaluation and discipline." *Green v. New Mexico*, 420 F.3d 1189 (10th Cir. 2005). Here, Plaintiff's requests are not limited to seeking comparator evidence for similarly situated employees, as the requests are not limited to employees with the same supervisor, in the same position, or subject to the same performance evaluation standards. *See* Ex. A; *see generally,* Motion. Plaintiff's Motion does not even identify or address this standard. Instead, Plaintiff attempts to sidestep this issue to seek information and materials about any APS employees who have sought accommodations (Request for Production No. 8)[4] by stating that "those selected as comparators need not be exactly the same as a [p]laintiff." Motion, at 4. In support thereof, Plaintiff cites only to *Tricore*, in which the Tenth Circuit stated that "other employees need not be alike in all respects to serve as relevant comparators." *Id.* In so doing, Plaintiff ignores that in the *Tricore* opinion, the Tenth Circuit simply determined that a comparator could still be sufficiently similar if they were pregnant like the complainant (who was alleging failure to accommodate a pregnancy-based restriction) but did not

---

[4] Notably, Plaintiff has conceded that this request is overbroad as written. Accordingly, to the extent the Court is inclined to grant Plaintiff's Motion with respect to Request for Production No. 8, Defendants respectfully request that the Court considerably narrow this request.

also have rheumatoid arthritis like the complainant did. 849 F.3d, at n.14. This narrow difference allowed by the Tenth Circuit is a far cry from the requests Plaintiff seeks to enforce, which are not limited to seek comparator evidence of similarly situated individuals under applicable precedent. As such, Plaintiff's requests are impermissibly overbroad and irrelevant and should be denied.

In addition to being overbroad and seeking irrelevant information which cannot be properly used as comparator evidence, the requests at issue seek to impose an undue burden on APS. Indeed, as APS has consistently raised in its objections to these requests and in good faith discussions with Plaintiff, to provide further responses to these requests would require APS to sift through every employee ADA file back to June 2021 and review all requests for accommodation, plan, and meeting notes therein to determine the accommodations granted and summarize the thought process underlying accommodations provided. *See* Ex. A; Ex. D; and Joint Written Statement of Discovery Disputes. As demonstrated by Ms. Rodriguez's declaration, in order to respond to Plaintiff's requests as written, APS would have to review over 900 employee files to determine whether that employee's accommodation requests are responsive. *See* Ex. E. This number does not include the number of employee files that APS would have to look through to capture reassessments in which a potentially responsive accommodation may have been requested. At this time, APS has not been able to determine how many additional files it would have to review to determine potentially responsive information to Plaintiff's broad discovery requests. Given that Plaintiff has failed to articulate the relevance of the information sought and the extreme burden these requests would place on APS, the information and materials sought by the requests at issue fall beyond the scope of Rule 26(b)(1).

**III.     The Requests Indisputably Seek Private, Confidential Information.**

Plaintiff has misarticulated APS's position in suggesting that it has "claimed that the confidential nature of these records makes them off limits to discovery." Motion, at 6. APS has objected to preserve its concerns with respect to the privacy of its employees' and their medical information, which is discussed within their ADA files. Exs. A, D. Notably, Plaintiff concedes the confidential nature of these materials. Motion, at 6-7;  *see also  Herring v. Keenan*, 218 F.3d 1171 (10th Cir. 2000) ("This circuit…has repeatedly interpreted the Supreme Court's decision in *Whalen v. Roe*, 429 U.S. 589, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977), as creating a right to privacy in the non-disclosure of personal information); *A.L.A. v. W. Valley City*, 26 F.3d 989 (10th Cir. 1994) ("There is no dispute that confidential medical information is entitled to constitutional privacy protection."). Accordingly, to the extent any such information or documents are produced, Defendants' respectfully request that the Court only require such production upon entry of a mutually agreeable confidentiality agreement and accompanying order.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion to Compel in its entirety, as it seeks to enforce requests that are irrelevant, extremely overbroad, and unduly burdensome, which are therefore beyond the proper scope of discovery under Rule 26(b)(1). To the extent the Court is inclined to grant all or a portion of Plaintiff's Motion to Compel, Defendants respectfully request that the Court severely limit the scope of Request for Production No. 8, given Plaintiff's concession that the request is overbroad as written, and Interrogatories Nos. 11 and 12 for the reasons set forth above. Defendants also respectfully request that the Court order that any information or materials produced pursuant to Plaintiff's

Motion be produced only upon entry of a mutually agreeable confidentiality agreement and accompanying order, and for any other such relief this Court deems proper.

Respectfully Submitted,

MODRALL, SPERLING, ROEHL,
   HARRIS & SISK, P.A.

By: */s/ Tessa L. Chrisman*
Mia K. Lardy (mia.lardy@modrall.com)
Tessa Chrisman (tessa.chrisman@modrall.com)
*Attorneys for Defendants*
P.O. Box 2168
Albuquerque, NM 87103-2168
505.848.1800/ Fax: 505.848.9710

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 16th day of December, 2024, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**Heather Burke Law**
Heather Burke
1000 Cordova Place #24
Santa Fe, NM 87505
(505) 428-9424
heather@hburkelaw.com

By:  */s/ Tessa L. Chrisman*
        Tessa L. Chrisman