EXHIBIT
A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ELIZABETH LINDSEY,

      Plaintiff,

v.                                          24-cv-00393-GBW-JFR

ALBUQUERQUE PUBLIC SCHOOLS
BOARD OF EDUCATION,
MELANIE BLEA, in her individual capacity,

Defendants.

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S
FIRST INTERROGATORIES, REQUESTS FOR PRODUCTION AND
REQUESTS FOR ADMISSION**

Defendants Board of Education for Albuquerque Public Schools ("APS") and Melanie Blea (together "Defendants"), by and through counsel of record Modrall, Sperling, Roehl, Harris & Sisk, P.A. (Mia K. Lardy and Tessa L. Chrisman), hereby respond to Plaintiff's First Set of Interrogatories, Requests for Production, and Requests for Admission as follows:

The responses to these discovery requests are based on information available to Defendants at this time and are made on the basis of Defendants' current knowledge and belief, after reasonable inquiry. There may be additional facts and/or documents affecting Defendants' responses of which Defendants are currently unaware, despite reasonable investigation and inquiry. Defendants reserve the right to modify these responses with such relevant information as they may subsequently discover. Defendants' responses are made without prejudice to using or relying on subsequently discovered information or documents at trial that are omitted from these responses at the result of a good faith oversight, error, or mistake. By these voluntary responses, Defendants neither waive their objections to such discovery requests, nor limit their right to produce other relevant information or facts at trial.

1

**INTERROGATORY NO. 10:**    Explain the reasons for denying Plaintiff's specific accommodation request to work from home made by the plaintiff, including any evaluations, assessments, or analyses conducted in making these decisions.

**ANSWER:** This Interrogatory appears to be directed at Defendant APS only. Defendants object to this Interrogatory to the extent it seeks to obtain information protected by attorney-client privilege and/or attorney work product doctrine. Notwithstanding or waiving these objections, Defendants refer Plaintiff to documents produced herewith as **APS_EL_000001-000433** pursuant to Rule 1-033(E) and state that Defendant Blea was no longer Plaintiff's supervisor following August 15, 2023, after which time Ms. Blea had no role in determining Plaintiff's accommodations.

**INTERROGATORY NO. 11:**    List each and every employee, including name, job title and date of request, from June 2021 to present who has sought remote work as an accommodation for their disability.  For each, state whether the request was granted and the date it was granted.

**ANSWER:** This Interrogatory appears to be directed at Defendant APS only. Defendants object to this Interrogatory as overly broad, irrelevant, and on the ground that it seeks confidential, private, and protected medical and employment information of other APS employees, to which Plaintiff is not entitled.

9

**INTERROGATORY NO. 12:**    List each and every employee, including name, job title and date of hire, from June 2021 to present who works remotely for all or any part of their workweek.  For each, state how many hours they work remotely each week.

**ANSWER:** This Interrogatory appears to be directed at Defendant APS only. Defendants object to this Interrogatory as overly broad in time, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, APS refers Plaintiff to the Employee Handbook, Work Schedule, Business Hours, which states that "Albuquerque Public Schools does not permit working from home (telecommuting) except in infrequent, singular circumstances. All instances of telecommuting must be authorized in advance by both the department director and appropriate Executive Director/Superintendent."

**INTERROGATORY NO. 13:**    Describe all communications, assessments or evaluations conducted by Defendants to determine whether the "ADA Plan" issued on April 26, 2024 was effectively accommodating Plaintiff's disability.

**ANSWER:** This Interrogatory appears to be directed at Defendant APS only. Defendants object to this request as a premature contention interrogatory as discovery is in its early stages and no witnesses have been deposed. Defendants further object to this request as vague and ambiguous as it is unclear whether this request seeks communications, assessments, or evaluations conducted prior to and following or simply following the issuance of Plaintiff's April 26, 2024 ADA Plan. As to the former, Defendants object to this Interrogatory to the extent it seeks to obtain information protected by attorney-client privilege and/or attorney work product doctrine. Defendants state that Defendant Blea was no longer Plaintiff's supervisor following August 15, 2023, after which time Ms. Blea had no role in determining Plaintiff's accommodations. Notwithstanding or waiving

**REQUEST FOR PRODUCTION NO. 7:** Any and all APS policies, including but not limited to, ADA accommodations, FMLA leave, leave types, Timekeeping policies and procedures, and associated forms for those policies.

**RESPONSE:** This Request for Production appears to be directed at Defendant APS only. Defendant APS refers Plaintiff to **APS_EL_001104-1254.**

**REQUEST FOR PRODUCTION NO. 8:** Produce all documents related to accommodation requests made by APS employees from January 2022 to present, including forms, emails, letters, memos, and any related communications.

**RESPONSE:** This Request for Production appears to be directed at Defendant APS only. Defendants object to this request as overly broad, irrelevant, and on the ground that it seeks confidential, private, and protected medical and employment information of other APS employees, to which Plaintiff is not entitled.

**REQUEST FOR PRODUCTION NO. 9:** Produce all documents related to investigation and outcome of same of the February 29, 2024 harassment incident reported by Plaintiff, including but not limited to notes, interviews, and/or disciplinary actions.

**RESPONSE:** This Request for Production appears to be directed at APS only. Defendant APS refers Plaintiff to **APS_EL_001100-1103**.

**REQUEST FOR PRODUCTION NO. 10:** Produce all documents and communications including but not limited to emails, memos and recordings, including, mentioning and/or pertaining to Plaintiff, from January 2022 to present for the following:

15