

EXHIBIT

C

**Heather C. Burke, Esq.**
**Burke Law**
1000 Cordova Pl. #24
Santa Fe, NM 87505
Heather@HBurkeLaw.com
(505) 428-9424

Tessa Chrisman
Post Office Box 2168
500 Fourth Street NW, Suite 1000
Albuquerque, New Mexico 87103-2168
tessa.chrisman@modrall.com
VIA EMAIL ONLY

November 4, 2024

Dear Ms. Chrisman,

We are in receipt of Defendants responses to our discovery requests.  There are numerous deficiencies in these responses, and Pursuant to Rule 37, we are engaging with you in good faith in an attempt to resolve these issues without Court intervention.  As we have only until November 11 to file our Motion to Compel, Defendants must supplement their responses as identified herein by Noon on Friday, November 8, 2024.

One of the most obvious issues is that Defendants ignored the format requirement in our requests, and to the extent that any responsive documents were even produced, they were produced in the wrong form and without preserved metadata.  Those records must be produced in the form requested.  More specifically:

**INTERROGATORY NO. 1:** *Identify each individual supplying information for EACH of your Answers to these Interrogatories and EACH of your Responses to Plaintiff's Requests for Production of Documents. If more than one person supplied information, identify each person, and state the precise Interrogatories and/or Request for Production of Documents for which each individual supplied information.*

Defendants objections are without merit.  This is a standard discovery request which seeks discoverable information about who has knowledge of the underlying facts, and what that knowledge is.  Defendants identified Defendant Melanie Blea;  Jessica Rivera, Director Employee Relations and Staffing, APS Human Resources;  Socorro Rodriguez, ADA

Coordinator for APS; and  Jennifer O'Connell, Coordinator Equal Opportunity Services ("EOS")

for APS, as individuals who supplied information, but did not identify the "the precise

Interrogatories and/or Request for Production of Documents for which each individual supplied

information."  Defendants must supplement their response to include this information.

**INTERROGATORY NO. 2:** *If, in order to respond to Plaintiff's discovery requests, Defendant searched, or caused to be searched, any physical and/or electronic files and/or databases, describe the parameters set for the searches, and describe-by title and location-the files searched. If Defendant did not conduct, or did not cause to be conducted, a thorough review of its books, records, and electronic database, and/or did not seek information from any individuals in order to respond to these discovery requests, state why not.*

Defendants' objections have no merit.  This is a standard request, seeking discoverable

information to evaluate the sufficiency of Defendants' searches for responsive records.

Defendants responded: "Defendants state that APS they searched for and gathered documents

from APS's Human Resources Department, EOS Department, and APS' ADA Coordinator.

Additionally, APS submitted an IPRA request to the New Mexico Human Rights Bureau and a

Section 83 request to the Equal Employment Opportunity Commission related to Plaintiffs'

charges against APS."  This is not responsive.  Defendants must state how they conducted the

searches in the above-mentioned departments, what, specifically was searched in those

departments, and how those searches were conducted.  If search terms were used, Defendants

must include those.  If not, Defendants must state what other methods were used.

**INTERROGATORY NO. 7:** *Identify all training provided to employees, managers, and human resources personnel regarding the handling of accommodation requests. Include the dates of the training, the content covered, and the individuals who attended from January 2020 through present.*

Defendants objected stating that 4 years of time is overly broad in time and scope.  However,

that time period is relevant to Plaintiff's claims, and therefore is not overly broad.  Similarly,

Defendants objection regarding proprietary information is specious, as Plaintiff is not seeking

disclosure of any proprietary information.  Plaintiff is seeking disclosure of Defendants efforts to ensure that its employees, management and HR personnel are properly trained regarding disability accommodation requirements.  Defendants state that "all APS employees are required to complete a Discrimination Awareness in the Workplace."   If that is the only disability related training that is offered to any employee, including HR personnel and Managers, then Defendants must so state.

 **INTERROGATORY NO. 8:** *Describe how the defendant responded to accommodation requests made by APS employees from January 2020 through present, including the process for evaluating and deciding on each request, and the criteria used to determine whether an accommodation was reasonable.*

Defendants objection has no merit.  This requests a description of Defendants responses to accommodation requests over the past 4 years time. It is not responsive to merely cite Defendants' policies, particularly when they don't answer the request and weren't even followed in the instant case.   Defendants must describe each request made, what process they used for evaluating and deciding each request, and the criteria used to determine whether that request was reasonable.

**INTERROGATORY NO. 9:** *For each accommodation request related to this case, including any and all modification of accommodation requests, detail the decision made by the defendant, including the reasons for approval or denial, and any alternative accommodations considered and the name of those involved in the process.*

Defendants objections are without merit.  It is not sufficient to merely cite to over 400 documents, which purports to be Plaintiff's ADA file, and which do not detail the information requested.  The file doesn't even have anything from 2024 in it and is clearly incomplete. Moreover, the fact that Defendant Blea wasn't Plaintiff's supervisor after August 15, 2023, doesn't preclude her responding to this request regarding decisions before that date.  Defendants must fully respond.

*INTERROGATORY NO. 10:* *Explain the reasons for denying Plaintiff's specific accommodation request to work from home made by the plaintiff, including any evaluations, assessments, or analyses conducted in making these decisions.*

Defendants objections have no merit. is not sufficient to merely cite to over 400 documents, which appear to be Plaintiff's entire personnel file and which do not detail the information requested, or even include all of her ADA information. There doesn't even appear to be a single record from 2024.  Moreover, the fact that Defendant Blea wasn't Plaintiff's supervisor after August 15, 2023, doesn't preclude her responding to this request regarding decisions before that date.  Defendants must fully respond.

*INTERROGATORY NO. 11:* *List each and every employee, including name, job title and date of request, from June 2021 to present who has sought remote work as an accommodation for their disability. For each, state whether the request was granted and the date it was granted.*

Defendants objections are without merit.  Plaintiff has the right to discovery comparator evidence.  Defendants must fully respond.

*INTERROGATORY NO. 12:* *List each and every employee, including name, job title and date of hire, from June 2021 to present who works remotely for all or any part of their workweek. For each, state how many hours they work remotely each week.*

Defendants' objections have no merit.  This request is limited in scope and in time.  Defendant state "Albuquerque Public Schools does not permit working from home (telecommuting) except in infrequent, singular circumstances. All instances of telecommuting must be authorized in advance by both the department director and appropriate Executive Director/Superintendent."

Plaintiff requested identification of all employees who work remotely for all or any part of their workweek.  If Defendants contend that no APS employees from June 2021 to present have ever worked remotely, then it must so state.

***INTERROGATORY NO. 13:*** *Describe all communications, assessments or evaluations conducted by Defendants to determine whether the "ADA Plan" issued on April 26, 2024 was effectively accommodating Plaintiff's disability.*

Defendants objections are without merit.  Plaintiff specifically requests "communications, assessments or evaluations" to determine whether the "ADA Plan" issued on April 26, 2024 was effectively accommodating Plaintiff's disability.  This would encompass any responsive documents determining whether that plan was effective, whether before its issue, or after.  Yet again, pointing to the production of what appears to be Plaintiff's personnel file, and over 400 pages, is not responsive to this request.  Defendants must fully respond.

***INTERROGATORY NO. 14:*** *Describe all policies, requirements and/or procedures which address alternate coverage of work duties, assignments and/or responsibilities when an employee is taking FMLA leave.*

In response to this request, Defendants merely point to their entire employee handbook, encompassing 29 pages. This is not responsive and does not even appear to address the requested information.  Defendants must respond to this request.

***REQUEST FOR PRODUCTION NO. 1:*** *Any and all documents or records referenced, relied on, and/or described in the foregoing interrogatories.*

Defendants objections are without merit.  Defendants must label the documents responsive to this request.   Defendants have produced NO electronic files with preserved metadata, which is the form specified in these requests, and must do so.

***REQUEST FOR PRODUCTION NO. 3:*** *Any and all FMLA certifications, trainings or other FMLA education required and/or completed by APD2 employees from January 2019 to present.*

 Defendants are correct that APD was a typo and APS was intended here, and apparently #2 was omitted.  Defendants other objections are without merit.  This is only a 5-year span of time, and requests production of records of FMLA training, certifications or other education completed by

Defendant employees, including management and HR staff.  Plaintiff has a right to discover Defendants efforts to ensure compliance with federal law.  Defendants mention a discrimination training, which does not appear to be an FMLA training, and so is not relevant.  If Defendants do not have any records of FMLA trainings, certifications and/or education, they must so state.

**REQUEST FOR PRODUCTION NO. 4:** *Any and all emails, text messages, and/or documents sent to or returned by Plaintiff involving or in any way related to her disabilities and/or FMLA from January 2019 to present.*

Defendants objection is without merit, and Defendants have, themselves, stated that this is not a proper objection.  It is not responsive to merely point to over 400 documents, which appear to be Plaintiff's personnel file, with a single other 3 page document.  Defendants must fully respond, and produce files in the form requested, with metadata preserved.

**REQUEST FOR PRODUCTION NO. 5:** *Any and all ADA or NMHRA certifications, trainings or other education required and/or completed by APD3 employees from January 2019 to present.*

Defendants objections are without merit, and this is a request for production, not an interrogatory.  This is for only a 5 year span of time.  Defendants had much larger scopes in their own requests.  Plaintiff has NMHRA/ADA claims at issue.  Plaintiff has the right to discover Defendants' effort to ensure compliance with these laws.  Defendants, in their response, appear to have produced printed out policies and other legal documents, but not training records. These are not in the requested native file format, and do not have preserved metadata.  These documents are non-responsive.  If Defendants do not have any records of any trainings on these laws, they must so state.

**REQUEST FOR PRODUCTION NO. 6:** *A complete copy of Plaintiff's employment file, including both any and all formal files kept by HR, and any and all "soft files" kept by any and all of her chain of command.*

Defendants objection is meritless.  It is a regular and common practice for managers to keep

"unofficial" files on their employees.  Defendants must produce any such files, in addition to the

"official" file, typically maintained by HR.  Defendants have produced APS_EL_000434-001099

as responsive to this request, and must state if they have produced all responsive records. If these

records are kept electronically, they must be produced in their original form, with metadata

preserved.

**REQUEST FOR PRODUCTION NO. 8:** *Produce all documents related to accommodation requests made by APS employees from January 2022 to present, including forms, emails, letters, memos, and any related communications.*

Defendants' objections are boilerplate, improper, and without merit.  Plaintiff is entitled to

evidence of other, similarly situated individuals and Defendants treatment of them.  Defendants

must produce the requested records, in their native form, with metadata preserved.

**REQUEST FOR PRODUCTION NO. 9:** *Produce all documents related to investigation and outcome of same of the February 29, 2024 harassment incident reported by Plaintiff, including but not limited to notes, interviews, and/or disciplinary actions.*

Defendants have identified and produced 3 pages as responsive to this request.  Defendants must

state whether they produced all responsive records, and must produce these records in their

requested format, with metadata preserved.

**REQUEST FOR PRODUCTION NO. 10:** *Produce all documents and communications including but not limited to emails, memos and recordings, including, mentioning and/or pertaining to Plaintiff, from January 2022 to present for the following:*

*Scott Elder,*
*Gabriella Blakey*
*Annitra Atler,*
*Teise Reiser*
*Socorro Rodriguez,*

*Kelly Marvin*
*Todd Torgeson,*
*Jessica Rivera,*
*Valerie Hoose*
*Meg Crist*
*OES office*
*ADA office*
*Superintendent office*
*HR*

Defendants objections have no merit.  This request is limited in time, and in scope, identifying 14 persons and/or divisions who were likely to have communicated with or about Plaintiff and/or her claims.  In response, Defendants point to 1103 documents, the bulk of which is Plaintiff's personnel file.  It does not appear that Defendants searched for or produced the requested documents, and they did not produce them in the proper format, which is original email files with preserved metadata. These must be produced in native format with preserved metadata, and Defendants must certify that they have produced all responsive records in their custody and/or control.

**REQUEST FOR ADMISSION NO. 2**: Admit that the defendant's accommodations policy PG19 Section 504 includes an appeal to the APS Superintendent.

Defendants claim that they admit this request "in part" but do not deny any part. Defendants must properly admit this request.

Sincerely,

Heather C. Burke
Attorney at Law