

## MODRALL SPERLING

L A W Y E R S

**EXHIBIT**

**D**

Mia Kern Lardy
Tel: 505.848.1819
Fax: 505.944.8034
mia.lardy@modrall.com

Tessa L. Chrisman
Tel: 505.848.1869
Fax: 505.848.9710
Tessa.Chrisman@modrall.com

*Via Email Only*

November 8, 2024

Heather Burke
1000 Cordova Place #24
Santa Fe, New Mexico 87505
(505) 428-9424
heather@hburkelaw.com

Re: *Elizabeth Lindsey v. Albuquerque Public Schools and Melanie Blea*
    Case No. 1:24-CV-393

Dear Ms. Burke:

We are in receipt of your November 4, 2024 letter concerning Defendants' responses to Plaintiff's First Set of Discovery and the deficiencies you have perceived therein. The purpose of this letter is to engage with you in good faith pursuant to Rule 37 to attempt to resolve the discovery issues you have raised, and also to continue to address the remaining deficiencies in Plaintiff's Responses to APS's First Set of Discovery.

As you know, APS filed its Motion to Compel on October 21, 2024 to preserve its arguments in light of the deadline to file this motion. *See* Doc. 34. Thereafter, the Court summarily denied APS's Motion *without prejudice* because the parties had not spoken over the phone concerning discovery, *see* Doc. 35, n.1, and had not requested an informal status conference with the Court to attempt to resolve any outstanding issues. Accordingly, while we do address the issues you have raised in your November 4 letter below, we believe that the best path forward to ensure both parties receive the discovery they are entitled to is to enter a stipulated motion extending both parties' deadlines to file motions to compel to allow time for us to engage in a phone conversation and informal status conference with the Court before pursuing motions practice. A draft motion and proposed order is attached for your review. **Please review the motion and proposed order and let us know if we can note your approval and file/submit.** Please also let us know your availability in the next two weeks for a phone conversation on outstanding discovery disputes.

Modrall Sperling
Roehl Harris & Sisk P.A.

500 Fourth Street NW
Suite 1000
Albuquerque,
New Mexico 87102

PO Box 2168
Albuquerque,
New Mexico 87103-2168

Tel: 505.848.1800
www.modrall.com

Page 2

## PERCEIVED DEFICIENCIES IN APS'S RESPONSES

As indicated above, APS is providing its responses to the perceived deficiencies you have identified in its discovery responses below. We are happy to discuss these issues further during the phone call discussed above.

**Interrogatory No. 1**: With respect to this request, you have taken issue with our objection to identifying which of the four listed individuals provided responsive information to which discovery requests. While you contest that Defendants' objections are without merit, you cite no authority in support of this proposition. Defendants maintain that providing the type of response to this request that you are asking for (namely, an itemized list of responses that each individual provided information for) would constitute a separate interrogatory for each subsequent request (totaling 24 requests), which would put you well over the 25-interrogatory limit. Beyond this, the response you request is unduly burdensome. To the extent you would like to know what specific knowledge each individual has (beyond what has been provided to you in response to Interrogatory 4), you may seek such information in a deposition. Accordingly, Defendants believe they have provided a complete response to Interrogatory No. 1 in light of the applicable rules and cited authority.

**Interrogatory No. 2**: This request asks Defendants to identify where they searched for information responsive to Plaintiff. As an initial matter, you have seemingly conceded that this request was directed only to APS (as stated in Defendants' response). We will continue to respond pursuant to that understanding. As indicated in your letter, APS identified specific departments from which it searched for and gathered documents and information responsive to Plaintiff's requests. It is unclear what additional information Plaintiff seeks aside from an express statement that APS, by and through counsel, searched files housed in each of the listed departments. APS believes it has fully responded to this request.

**Interrogatory No. 7**: Plaintiff is requesting the names of all individuals who attended approximately four years' worth of trainings, but has failed to demonstrate the relevance of the information sought. This is especially true given that Plaintiff's complaint does not allege any singular incident as having occurred until August 2022 at the earliest. Even still, Plaintiff has not demonstrated why the list of individuals who have attended the trainings is relevant to her claims – to the extent Plaintiff is interested in the training history of a specific individual, a more targeted request is appropriate. APS will not supplement to provide such an overbroad list of names, which would be unduly burdensome to create, and is irrelevant to Plaintiff's alleged claims. Further, Plaintiff has not pointed to any authority suggesting that training material provided by a non-party vendor is not proprietary – APS's objection on this point is valid and stands.

**Interrogatory No. 8**: Plaintiff's request asks for the process which APS used to respond to accommodation requests from January 2020 through the present. Your November 4 good faith letter seemingly takes issue with the fact that APS did not provide a narrative account of how it responded to each individual accommodation request from an APS employee over the course of four years. Your interpretation of the request is patently overbroad and seeks confidential and protected health

Page 3

information for individual employees who have no relevance or involvement in the facts underlying Plaintiff's claims. To the extent Plaintiff's request was intended to seek a narrative account of how APS responded to her accommodation requests in particular, APS has provided a full copy of Plaintiff's ADA file which Plaintiff can refer to pursuant to Rule 1-033(E). *See also* Response to Interrogatory No. 9. Otherwise, APS's responses, which outlines its general policy and procedure with respect to accommodations, provides a complete response as to how APS processed and responded to accommodation requests from its employees in the timeframe identified.

**Interrogatory Nos. 9 and 10**: These requests asked for a narrative account of APS's responses to Plaintiff's requests for accommodation and the reasons underlying such decisions during her time with APS. Plaintiff's issue with APS's response is seemingly predicated on the fact that that APS referred Plaintiff to her ADA file, which it produced in full. Plaintiff is incorrect that no materials were provided from 2024 and refers Plaintiff to the following Bates ranges for examples of such materials: APS_EL_000013-15, 000428-433. Plaintiff has not shown why APS's reference to the ADA file is invalid, especially pursuant to Rule 1-033(E). Plaintiff's requests for accommodation and notes from interactive process meetings during which proposed accommodations were discussed (providing APS's rationale underlying its decisions). Defendants have responded fully.

**Interrogatory Nos. 11 and 12 and Request for Production No. 8**: Plaintiff has not cited to any authority demonstrating her entitlement to information concerning accommodations requested by or provided to other non-party APS employees. Plaintiff is not entitled to any information concerning why such accommodations why be appropriate or reasonable for one employee based on their underlying condition(s) or needs. APS maintains its objection to producing this material.

**Interrogatory No. 13**: Again, with respect to this request, Plaintiff is seemingly aggrieved that APS has cited to Plaintiff's ADA file in response to this request. Within Plaintiff's ADA file, there are documents concerning communications surrounding the propriety and sufficiency of Plaintiff's accommodations. APS is not aware of any additional non-privileged communications concerning the sufficiency of Plaintiff's accommodations issued on April 26, 2024. As noted, APS is not privilege logging attorney-client communications that took place around this time, during which Plaintiff had already initiated a dispute with APS concerning the sufficiency of her accommodations, as alleged in Plaintiff's Amended Complaint (referencing Plaintiff's complaints to the Human Rights Bureau and EEOC). It is unclear what additional information or documents Plaintiff seeks, but APS has fully responded to this request.

**Interrogatory No. 14**: This request seeks policies, requirements, and/or procedures addressing alternative coverage of work duties, assignments, and responsibilities where an employee is taking FMLA leave. Contrary to your assertions in your November 4 letter, the Bates range cited in APS's response encompasses:
- APS's employee handbook (APS_EL_001112-1140);
- Family and Medical Leave Act information page from its website (APS_EL_1141-1143);

Page 4

- A handout concerning Employee Rights and Responsibilities under the FMLA (APS_EL_1144);
- An Employee's Guide to the FMLA (APS_EL_1145-1164);
- An Employer's Guide to the FMLA (APS_EL_1165-1240); and
- APS Leave Forms (APS_EL_1241-1254).

While APS has no obligation to refer you to a specific page within the employee handbook, pursuant to the request in your letter, APS refers Plaintiff to the Leaves portion of the handbook (beginning on internal page no. 25). APS has fully responded to this request.

**Request for Production No. 1**: Defendants have produced documents in the form in which they are maintained, except where it has scanned hard copy files to produce electronically (e.g., Plaintiff's personnel or ADA file) and/or where it has pulled policies from its publically accessible website and produced in PDF form as a courtesy. Defendants have not deprived Plaintiff of any responsive metadata and have fully responded to this request.

**Request for Production Nos. 3 and 5**: Plaintiff has not shown any entitlement to select training certifications for all APS employees over a five-year span. Your letter does not articulate the relevance of these records. To the extent Plaintiff seeks the training certification materials for select individuals and is interested in narrowing the scope of these requests, APS is willing to engage in discussions to identify a compromise.

**Request for Production No. 4**: APS has produced Plaintiff's ADA file and personnel file in response to this request. To APS's knowledge, these files contain any emails, text messages, and/or documents sent to or returned by Plaintiff and which are, thus, responsive to the request as worded. It is unclear what additional materials Plaintiff seeks through this request, but APS has responded fully based on its current knowledge. And, while APS maintains its objection that it should not have to produce documents that are equally accessible to Plaintiff, it has not withheld any documents on the basis of its objection.

**Request for Production No. 6**: While Plaintiff may believe that it is common practice for employers to maintain an unofficial file on employees, APS is not aware of any such file. As such, APS has fully responded to this request by providing a copy of Plaintiff's personnel file.

**Request for Production No. 9**: As stated in the introductory paragraph of APS's responses, APS's responses are complete based on its current knowledge. While APS reserves the right to supplement as discovery remains ongoing, the documents encompassed in the cited Bates range are the only materials that APS has identified as being responsive to this request to date.

**Request for Production No. 10**: APS has referred Plaintiffs to materials, including Plaintiff's personnel file, which contain documents that are ostensibly responsive to this broad request. APS has produced a scanned in copy of Plaintiff's

Page 5

hard-copy personnel file and ADA file and, thus, has not deprived Plaintiff of any meta-data contrary to your assertions in your November 4 letter. While discovery remains ongoing, APS reserves its right to supplement. Presently, however, Plaintiff has all materials that APS has determined to be responsive to this request.

**Request for Admission No. 2**: Again, Plaintiff has not disputed that this request appears to be directed at APS only and will continue to respond on that understanding. The wording of the request suggests that the policy requires an appeal, while the policy simply allows for it, as clarified in APS's response to this request. As such, APS has admitted to this request in part, subject to the clarifications provided in its response.

## CONCLUSION

As stated above, we look forward to working with you to set up a phone call to discuss outstanding discovery issues on both sides, and to setting up a status conference with the Court if needed. Please review the attached draft motion and proposed order and let us know if we may note your approval and file.

Sincerely,

Tessa L. Chrisman