**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ELIZABETH LINDSEY,

      Plaintiff,

v.                                        Case No. 1:24-CV-00393 GBW/JFR

ALBUQUERQUE PUBLIC SCHOOLS
BOARD OF EDUCATION,
MELANIE BLEA, in her individual capacity,

      Defendants.

## CONFIDENTIALITY AND PROTECTIVE ORDER

The Court, upon good cause shown and in accordance with FRCP Rule 26(C), and at the mutual request of all parties for a Protective Order, GRANTS a protective order as follows:

1. **Scope.** All documents and materials produced in the course of discovery of this case which fall into the definition of "Confidential Information" as set forth below are subject to this Protective Order. Testimony, whether oral or written, regarding the acts and omissions as alleged in the Complaint, and the defenses asserted by Defendants, are not subject to this Protective Order and shall not be deemed Confidential Information so long as said testimony is not referring directly to documents subject to this Order. This limited order grants the parties access to and use of the requested records while maintaining their confidentiality by placing limits on the dissemination and use of the requested records beyond this litigation. Nothing in this Protective Order limits a party's use and disclosure of its own Confidential Information.

2. **Definition of Confidential Information.** As used in this Protective Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially

cause harm to the interests of disclosing party or nonparties. For purposes of this Protective Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:

a.  Records whose disclosure is governed by the Family Educational Rights and Privacy Act of 1974, 20 U.S.C.§ 1232g, 34 CFR Part 99 ("FERPA").

b.  Plaintiff's medical records and reports.

3.  **Form and Timing of Designation.** The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Protective Order by marking or placing the words "CONFIDENTIAL INFORMATION" (hereinafter "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Protective Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time of the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Protective Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney thereby certifies that the document contains Confidential Information as defined in this Protective Order.

4.  **Electronic Documents and Data**. Where a producing party produces electronic files and documents in native electronic format, the electronic files and documents must be designated by the producing party for protection under this Protective Order by appending to the file names or

designators information indicating whether the file contains Confidential Information, or by any other reasonable method for appropriately designating such information produced in electronic format, including by making such designations in reasonably accessible metadata associated with the files. When Confidential Information is produced in electronic format on a disk or other medium that contains exclusively Confidential Information, the "CONFIDENTIAL INFORMATION" designation may be placed on the disk or other medium. When electronic files or documents in native form are printed for use at deposition, in a court proceeding, or for provision in printed form to any person described in subparagraph 8(b), the party printing the electronic files or documents must affix a marking to the printed document saying "CONFIDENTIAL INFORMATION" and include the production number and designation associated with the native file, or use another reasonable method for appropriately designating such information.

5. **Inadvertent Failure to Designate.**  Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Protective Order, so long as a claim of confidentiality is asserted within fourteen (14) calendar days after discovery of the inadvertent failure. Upon receipt of such written notice, the receiving party shall make all reasonable efforts  under the circumstances to (1) retrieve all such material disclosed to persons other than those so authorized pursuant to this Protective Order; (2) affix appropriate markings to the Confidential Information as provided herein; and (3) prevent further use or disclosure of the documents or information contained in the previously undesignated Confidential Information by or to persons other than those so authorized herein.

6. **Depositions.**  Deposition testimony is not confidential except as articulated in Subsection 1, Scope, of this Order. Portions of the deposition testimony will be deemed confidential only if

designated as such when the deposition is taken or within seven (7) calendar days after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

**7. Inadvertent Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.** The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited to, information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within seven (7) calendar days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Protective Order. Nothing in this Protective Order precludes either party from petitioning the Court for return of later-discovered, inadvertently produced attorney work product or attorney-client privileged documents.

**8. Protection of Confidential Material.** Designated Confidential Information must be protected from unauthorized disclosure and may be used or disclosed only for purposes of prosecuting or defending this lawsuit, including any appeals.

4

**a. Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the Court, designated Confidential information may only be disclosed to the following persons:

i. The parties to this litigation, including employees, agents, and representatives of the parties;

ii. Counsel for the parties and employees and agents of Counsel;

iii. Any mediator appointed by the Court or jointly selected by the parties in this matter;

iv. Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have agreed in writing to be bound by the terms of this Order;

v. Independent providers of documents reproduction, electronic discovery, or other litigation services retained or employed specifically in connection to this litigation;

vi. The author or recipient of the document (not including a person who received the document in the course of litigation);

vii. As required to comply with subpoena or court order.

**b. Parties' Rights in Parallel Criminal Proceedings.** Notwithstanding Section 8(a)(viii) of this Order, the parties maintain and reserve the right to file a motion to quash a subpoena issued in any parallel criminal proceeding wherein the subpoena seeks documents subject to this Order.

**c. Control of Documents.** The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Protective Order. Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the

5

documents along with the originals of the certification contained in Attachment A signed by those persons acknowledging their obligations under this Protective Order.

9. **Filing of Confidential Information.** In the event a party seeks to file any document containing confidential information subject to protection under this Protective Order with the Court, that party must take appropriate action to insure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or, (c) when the preceding measures are inadequate, seeking leave to file the document or portions thereof under seal by filing a written motion for leave to file under seal.

10. **Challenges to a Confidential Designation.** The designation of any material or document as Confidential Information is subject to challenge by any party. Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Protective Order.

This Protective Order does not restrict the parties' right to assert objection(s) to the production of documents or from seeking and obtaining from the Court, on an appropriate showing, additional protection, including an order that the material should not be produced at all.

**11.  Use of Confidential Documents or Information at Trial or Hearing.** The Parties agree that the provisions of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at court proceedings. Subject to the Rules of Evidence, a confidential document may be offered into evidence at trial or any court hearing, provided that the proponent of the evidence follows the provisions set out in paragraph 9 above. This Protective Order does not restrict the parties' right to assert objections to the submission of confidential documents as evidence or from seeking and obtaining from the Court, on an appropriate showing, additional protection for the proffered confidential document or confidential information in open court at trial or hearing, including an order that the information cannot be used at all in trial or hearing.

**12. Procedures upon Termination of the Present Matter.**  The obligations imposed by this Protective Order survive the termination of the present matter unless the Court, which retains jurisdiction to resolve any disputes arising out of this Order, orders otherwise. Within 60 days after receiving notice of the entry of an order, judgment, or decree terminating the present matter, all parties having received information designated as Confidential Information must either (i) return the material and all copies thereof to the party that produced it; or (ii) destroy or delete the Confidential Information such that it cannot be reassembled, reconstructed, or used in any way. Counsel for the parties are entitled to retain Confidential Information, contained in court papers, deposition and trial transcripts and exhibits, and work product, provided that the parties and their counsel and employees do not disclose the portions of court papers, deposition transcripts, exhibits, or work product containing information designated as Confidential Information to any person except under Court order or agreement with the party that produced the Confidential Information. All Confidential Information returned to the parties or their counsel by the Court likewise must be disposed of in accordance with this Paragraph.

**13. Jurisdiction.** The parties agree that the provisions of the Protective Order will remain binding on them until and unless the parties mutually agree to terminate its protection or the parties notify the Court and each other of a desire to re-open the case to modify and/or enforce the Protective Order.

**14. Persons Bound by Protective Order.** This Protective Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Protective Order by its terms.

_____

**JOHN F. ROBBENHAAR**
**UNITED STATES MAGISTRATE JUDGE**

8