## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**ELIZABETH LINDSEY,**

      **Plaintiff,**

**v.**                                                                 **24-cv-00393-GBW-JFR**

**ALBUQUERQUE PUBLIC SCHOOLS**
**BOARD OF EDUCATION,**
**MELANIE BLEA, in her individual capacity,**

**Defendants**

### REPLY IN  SUPPORT OF PLAINTIFF'S 1ST MOTION TO COMPEL

COMES NOW, Plaintiff Elizabeth Lindsey, by and through her counsel of record, Heather Burke, with her Reply in Support of her 1st Motion to Compel.

As an initial matter, undersigned counsel humbly apologizes for unintentionally misstating the outcome in *EEOC v. Tricore Reference Labs*., 849 F.3d 929 (10th Cir. 2017) in the main brief.  She is horrified to have made such a mistake. She would never intend to make any incorrect statement in a brief and must have confused that case with one of the many other EEOC captioned cases she reviewed while drafting it.  She will endeavor to be more careful in future to ensure that this mistake does not happen again. As this is a mistake completely on the part of undersigned counsel, and not the fault of Plaintiff,  she respectfully requests that this Court not hold this mistake against Plaintiff in the adjudication of the relief sought herein.

1

**Argument**

After the Covid-19 pandemic forced everyone to work remotely, there has been a distinct backlash against any telework from many employers, who often refuse to even consider remote work as a reasonable accommodation in their quest to erase the memory of telework from general consciousness. The fact is that an accommodation is reasonable if it allows an employee to perform the essential functions of their position. Defendants cannot completely exclude potential accommodations just because they worry it will somehow open the proverbial "floodgates" and everyone will demand to work from home. If, as here, remote work is the only sensible and cost-effective accommodation, Defendants can only refuse to provide it if it creates an "undue hardship." Defendants have never argued any hardship.

Most notably, Defendants herein provide NO legal support for their contention that Plaintiff has no right to discovery of comparator evidence in a disability discrimination case, or that comparator privacy interests outweigh a Plaintiff's need for discovery. Instead, they nitpick at her case support and fall back on their claim that her requests are too broad, burdensome and irrelevant. They are not.

**A. Plaintiff is entitled to discovery of comparator evidence.**

Despite this counsel's error in misstating its outcome, the bulk of Plaintiff's argument and reasoning from *EEOC v. Tricore Reference Labs.*, 849 F.3d 929 (10th Cir. 2017) still applies. *Tricore* was <u>not</u> reversed because the EEOC did not preserve argument about comparator evidence, and failed to inform the district court about why that information was relevant. The same is not true here. Plaintiff is specifically seeking evidence of how Defendants treat comparators, including how they provide reasonable accommodations, and has argued both

2

in the informal hearing, and in the instant motion, about how and why that comparator evidence is relevant.

The discussion in *Tricore* is instructive because it explains how and why Plaintiff's search for evidence about those granted accommodations to telework, and those teleworking even without the need for accommodations may lead to relevant and admissible evidence about Defendants' policies, practices and intent. Plaintiff's disability is far too rare to use it for comparison, and so it makes more sense to use the requested accommodation as the point of comparison. Just as discussed in *Tricore*, it is relevant if non-disabled people are accommodated and it is relevant whether differently disabled people are accommodated, and it is relevant if no one is accommodated. As stated in the informal hearing, Undersigned counsel has had two failure to accommodate cases recently against Defendants in which the evidence suggests that they may have a pattern or practice of failing to accommodate. This is relevant to Plaintiff's claims, her damages, and most importantly, to getting to the root of the problem and fixing it so that other employees are properly accommodated. The latter outcome is the true goal of civil rights litigation; to prevent future harm.

By discovering how, when and if Defendants allow employees to telework, Plaintiff can discover evidence about whether their policies and procedures are equitably applied. This information is critical to both her failure to accommodate claim and to her disability discrimination claim. Perhaps the evidence will show that Defendants only allow non-disabled employees to telework. Or perhaps it will show that Defendants only allow those with specific disabilities to telework. It's also possible that it will show that it never grants telework as an accommodation at all. Any or all of these potential outcomes would be relevant to the prosecution of Plaintiff's claims and her damages.

It is irrelevant, at this point, whether any or all of those individuals had the same job, supervisor or the same exact disability as Plaintiff, because this request seeks discovery of the application of Defendants own policies and procedures.  Construing comparators too narrowly may well enable Defendants to obscure unlawful discrimination, particularly as Plaintiff's rare disability is not likely to have any direct comparators.   Defendants attempt to misdirect this Court into believing that Plaintiff's own cited cases requires a strict application of comparators but it is not true.  Defendants ask this Court to narrowly construe "similarly situated" to those with the same supervisors by citing a case about sexual discrimination where the issue was treatment by supervisors.  See *Green v. New Mexico*, 420 F.3d 1189 (10th Cir. 2005).  Determining comparators on that basis make sense in a case where the supervisors are making the alleged adverse decision, like in *Green*.   But Plaintiff's direct supervisors don't make decisions about reasonable accommodations for her, and aren't responsible for the accommodations decisions alleged herein, with the exception of the discrete acts alleged against Defendant Blea.

Accommodations decisions are made by Defendants' ADA department, including by Ms. Rodriguez, for all APS employees. Therefore, all employees seeking reasonable accommodations from the ADA department would be similarly situated for purposes of those decisions because the ADA department should be uniformly deciding those requests.  Plaintiff has proactively further narrowed the potential pool of comparators by requesting discovery only of those who were seeking the same type of accommodation as Plaintiff, and only during the years that Plaintiff was requesting accommodations.

Defendants confusingly claim that their discovery responses "reflect" that  "the ADA office relies on employee-specific position requirements, medical information, and requests for

4

accommodation when engaging in the ADA interactive process to identify potential reasonable accommodations. *See* Ex. A, at 14." This is a confusing citation because Exhibit A doesn't have 14 pages, doesn't include page 14 of the requests and the disputed requests are interrogatories 11 and 12 and RFP 8. Plaintiff can't find a response from Defendants which includes that specific information. Their response does, however cite to Defendants broad prohibition on teleworking, stating that it's only granted in "infrequent, singular, circumstances." [Defendants Ex A page 3] This suggests that Defendants deny this accommodation the majority of the time.

Defendants' policies are overly vague and merely state that accommodations are granted on a "case by case basis" but that doesn't shed any light at all on how that process works, and if it works the same every time and the same for all employees. It is unclear who the "infrequent, singular" employees are, and what those "circumstances" are that warrant telework. Plaintiff has a right to equitable application of policies, and so she must be able to discovery how the policies are applied to others to ensure that Defendants are complying with the law, and that they are applying their policies equitably.

**B.  Plaintiff's requests are not overly broad or burdensome, and are certainly not irrelevant.**

In past discussions, Defendants have never even estimated how many records might be involved. For the first time in 2 months, Defendants submit an affidavit providing alleged numbers of requests for accommodations. Notably, those numbers aren't a part of their discovery responses, or their objections. Ms. Rodruguez, who works in the ADA office, testifies that she charts the number of requests in an electronic spreadsheet. But Defendants have never provided this information that she apparently has had at her disposal the entire time. In addition, she states exact number of all requests per year, but not the number of <u>responsive </u>requests. She

doesn't state how many of the 240 requests in 2020-21 (which is before the requested time frame) were for remote work. She doesn't state how many of the 264 in 2021-22 were for remote work. If 240 people asked for ergonomic office chairs as an accommodation and only 24 of the requests were for remote work, then only 24 of the 264 are therefore responsive.

In 2022-23, only 120 accommodations requests were received. She doesn't state how many were responsive. In 2023-24, 230 requests were received. She doesn't state how many were responsive. In 2024-25, halfway through the year, they have received 112 requests. She again, doesn't state how many were responsive. The total number of accommodations requested in all the years Plaintiff requested them appears to be 726. It seems like that at least some of those were repeat requests and modification requests. As stated, it is wholly unclear how many of them are responsive and are requests for telework/remote work. We can assume that there are less than 726 employees who applied for telework accommodations. Particularly given that Defendants' policy is to only grant telework in "infrequent, singular, circumstances" it seems very likely that the number of responsive names is far less than 726.

Even assuming that all of these requests were for remote work accommodations, having to provide a list of a few hundred names, the date they requested remote work and whether it was granted is not overly broad or burdensome. It would be overly broad if Plaintiff were asking for Defendants to produce all the records about any type of accommodation requested for any reason which is what Defendants appear to have provided in this declaration. But Plaintiff is not asking for that. The information provided by Defendants in their declaration is only a short step away from providing the requested information which is integral to Plaintiff's claims, so they cannot in good faith continue to claim that it would be too difficult to see which of those requests were for telework accommodations.

6

**C.  There are no privacy interests implicated by Interrogatory 12.**

In Rog 12 Plaintiff is asking for information about who is allowed to work remotely at all.  This request doesn't seek anything remotely protected by any privacy interest and does request any information about any disability.  It merely requests the information related to the <u>location</u> that employees may work for some or all of their shifts.  That location, in this case is "remote."  Plaintiff requests the name of the individual, what their job title is, date of hire and how many hours a work they work from the "remote" location.

This will not only allow Plaintiff to discover how and what "infrequent, singular, circumstances" Defendants are granting telework, whether they are equitably applying policies, but will also likely shed light on which positions Defendants believe are able to be performed remotely.  While Defendants have a remote online learning academy, and it is likely that the employees at that virtual school all work remotely, they cannot restrict reasonable accommodations to only the number of positions available at that school and refuse to accommodate any of the employees at all the other schools if working remotely is a reasonable accommodation for that person.   If Defendants are only allowing remote work at that one school, that would be relevant and discoverable.  If Defendants are only allowing non-disabled employees to telework, that would also be relevant and discoverable.

Information about the location that Defendant employees work from, their name and how often they work there is not confidential information.

**D.  There is no case which holds that comparator evidence is wholly off limits because it might include confidential information.**

7

As Plaintiff has acknowledged, RFP 8 could be narrowed and could conceivably include private medical information.  However, that does not make all of the requested information completely off limits.  Defendants cite *Herring v. Keenan*, 218 F.3d 1171 (10th Cir. 2000) as though it completely precludes any production of potentially private information in discovery. *Herring* isn't even about discovery at all and is about the disclosure of a prisoner's HIV status by his probation officer.  That doesn't have anything whatsoever to do with whether Plaintiff can discover the accommodation requests of potential comparators, and associated documents of other employees.  Notably, the Court in *Tricore* did not analyze whether the district court had acted contrary to *University of Pennsylvania v. EEOC,* 493 U.S. 182, 194, 110 S. Ct. 577, 107 L. Ed. 2d 571 (1990) because "it denied the application on relevance grounds, not on privacy grounds." *EEOC v. Tricore Reference Labs*., 849 F.3d 929, 943 (10th Cir. 2017).

Plaintiff has a right to discovery of relevant and/or admissible evidence necessary to fully prosecute her claims including supporting any and all damages.  While she is willing to work with Defendants to narrow the scope of RFP 8, such as making it consistent with her other requests and limiting it to only telework accommodation requests, there is no basis in law to find that she is not allowed any of the comparator information requested at all, and Defendants cite none.

## Conclusion

For the reasons argued herein, Plaintiff respectfully requests that this Court grant her Motion to Compel Comparator evidence and for fees and costs associated with this Motion.

Respectfully Submitted.

8

Heather Burke
Attorney at Law
1000 Cordova Place #24
Santa Fe, NM 87505
(505) 428-9424
heather@hburkelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed to be served upon opposing counsel of record through the Court's efile and serve system on this 15th day of January, 2025.

Respectfully Submitted.

Heather Burke
Attorney at Law
1000 Cordova Place #24
Santa Fe, NM 87505
(505) 428-9424
heather@hburkelaw.com

9