**EXHIBIT**

**3**

exhibitsticker.com

**REQUEST FOR PRODUCTION NO. 4:** <mark>Any and all emails, text messages, and/or documents sent to or returned by Plaintiff involving or in any way related to her disabilities and/or FMLA from January 2019 to present.</mark>

**RESPONSE:** Defendants object to this request as overly burdensome to the extent that it seeks materials that are in Plaintiff's own possession, custody, or control. Notwithstanding this objection, Defendants refer Plaintiffs to **APS_EL_000001-000433, 001100-1103.**

**Second Supplemental Response (12.6.24)**: Subject to the foregoing objections, APS has identified emails sent by or to Plaintiff's APS email account from July 2020 through present. Upon review, APS has determined that many of the emails have content or materials protected by FERPA. Accordingly, APS objects to their production without entry of a confidentiality order. APS will supplement to produce these documents upon entry of mutually acceptable confidentiality order.

**Third Supplemental Response (1.20.25)**: Subject to the foregoing objections, APS refers Plaintiff to **<mark>EL-Emails-000001-118979</mark>** and **<mark>Confidential-EL-Emails-000001-016175</mark>**.

**REQUEST FOR PRODUCTION NO. 5:** Any and all ADA or NMHRA certifications, trainings or other education required and/or completed by APD[3] employees from January 2019 to present.

**RESPONSE:** This Request for Production appears to be directed at Defendant APS only. Defendants object to this request as overly broad in time and scope, and as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The identification of all APS employees who received training about the handling of accommodation is overly broad on its face,

---

[3] For purposes of providing a response to this request, Defendants assume that Plaintiff's request seeks the requested documents for APS (rather than APD – an undefined acronym) employees.