EXHIBIT
**A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ELIZABETH LINDSEY,

      Plaintiff,

v.                                    24-cv-00393-GBW-JFR

ALBUQUERQUE PUBLIC SCHOOLS
BOARD OF EDUCATION,
MELANIE BLEA, in her individual capacity,

Defendants.

<mark>**DEFENDANTS' THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSION**</mark>

      Defendants Board of Education for Albuquerque Public Schools ("APS") and Melanie Blea (together "Defendants"), by and through counsel of record Modrall, Sperling, Roehl, Harris & Sisk, P.A. (Mia K. Lardy and Tessa L. Chrisman), hereby provide their Third Supplemental Responses to Plaintiff's First Set of Interrogatories, Requests for Production, and Requests for Admission as follows:

      The responses to these discovery requests are based on information available to Defendants at this time and are made on the basis of Defendants' current knowledge and belief, after reasonable inquiry. There may be additional facts and/or documents affecting Defendants' responses of which Defendants are currently unaware, despite reasonable investigation and inquiry. Defendants reserve the right to modify these responses with such relevant information as they may subsequently discover. Defendants' responses are made without prejudice to using or relying on subsequently discovered information or documents at trial that are omitted from these responses at the result of a good faith oversight, error, or mistake. By these voluntary responses,

1

**Third Supplemental Response (1.20.25)**: Subject to and without waiving the foregoing objections, Defendants refer Plaintiff to **APS_EL_001441-1509**, which includes documents maintained by Defendant Blea during her time as Plaintiff's supervisor.

**REQUEST FOR PRODUCTION NO. 10:**  Produce all documents and communications including but not limited to emails, memos and recordings, including, mentioning and/or pertaining to Plaintiff, from January 2022 to present for the following:

Scott Elder,
Gabriella Blakey
Annitra Atler,
Teise Reiser
Socorro Rodriguez,
Kelly Marvin
Todd Torgeson,
Jessica Rivera,
Valerie Hoose
Meg Crist
OES office[4]
ADA office
Superintendent office
HR

**RESPONSE:** This Request for Production appears to be directed at Defendant APS only. Defendants object to this request as overly broad in time and scope, and as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request seeks information dating back over seven months from the date of the initial allegation in Plaintiff's Complaint. *See* Second Amended Complaint, ¶ 12 (alleging that something occurred in August 2022). Defendants object to this Request to the extent it seeks to obtain information protected by attorney-client privilege and/or attorney work product doctrine. Defendants do not

---

[4] For purposes of providing a response to this request, Defendants assume that Plaintiff's reference to the "OES Office" was intended to reference APS's EOS Office.

intend to create privilege logs for all of its post-charge/lawsuit activities, as they do not understand Plaintiff to be seeking to impose a requirement (which would apply equally to all parties, including Plaintiff) to document in a privilege log the many post-charge/litigation documents that might be created (*i.e.*, internal law firm memos, documents memorializing communications with clients, etc.). Notwithstanding and without waiving its objections, see **APS_EL_000001-001103.**

**Third Supplemental Response (1.20.25)**: Subject to the foregoing objections, APS refers Plaintiff to **EL-Emails-000001-118979** and **Confidential-EL-Emails-000001-016175**. *See also* Privilege Log.

MODRALL, SPERLING, ROEHL,
  HARRIS & SISK, P.A.

By: */s/ Tessa L. Chrisman*
Mia K. Lardy (mia.lardy@modrall.com)
Tessa Chrisman (tessa.chrisman@modrall.com)
*Attorneys for Defendants*
P.O. Box 2168
Albuquerque, NM 87103-2168
505.848.1800/ Fax: 505.848.9710

16

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ELIZABETH LINDSEY,

      Plaintiff,

v.                                      24-cv-00393-GBW-JFR

ALBUQUERQUE PUBLIC SCHOOLS
BOARD OF EDUCATION,
MELANIE BLEA, in her individual capacity,

      Defendants.

==**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND**==
==**INTERROGATORIES, REQUESTS FOR PRODUCTION AND**==
==**REQUESTS FOR ADMISSION**==

Defendants Board of Education for Albuquerque Public Schools ("APS") and Melanie Blea (together "Defendants"), by and through counsel of record Modrall, Sperling, Roehl, Harris & Sisk, P.A. (Mia K. Lardy and Tessa L. Chrisman), hereby provide their Responses and Objections to Plaintiff's Second Set of Interrogatories, Requests for Production, and Requests for Admission[1] as follows:

The responses to these discovery requests are based on information available to Defendants at this time and are made on the basis of Defendants' current knowledge and belief, after reasonable inquiry. There may be additional facts and/or documents affecting Defendants' responses of which Defendants are currently unaware, despite reasonable investigation and inquiry. Defendants reserve the right to modify these responses with such relevant information as

---

[1] Plaintiff's Second Set of Interrogatories, Requests for Production, and Requests for Admission to Defendants included a lengthy set of definitions and prefatory instructions. As an initial matter, it is clear that Plaintiff did not modify these definitions for this matter, as Plaintiff and Defendant are misidentified. Further, Defendants object to these definitions as being overly broad, unduly burdensome, and not proportional to needs of the case. Additionally, with these definitions, all of Plaintiff's Interrogatories below contain multiple subparts and constitute multiple separate interrogatories under the guise of one interrogatory, and should be counted as such.

1

they may subsequently discover. Defendants' responses are made without prejudice to using or relying on subsequently discovered information or documents at trial that are omitted from these responses at the result of a good faith oversight, error, or mistake. By these voluntary responses, Defendants neither waive their objections to such discovery requests, nor limit their right to produce other relevant information or facts at trial.

## **INTERROGATORIES**

As a prefatory matter, in serving this set of interrogatories, Plaintiff has exceeded the number of interrogatories permitted by the Federal Rules of Civil Procedure and by the Court's Order. *See* Fed. R. Civ. P. 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."); *see also* Order Adopting Joint Status Report and Provisional Discovery Plan with Changes and Setting Case Management Deadlines [Doc. 15] (granting each side a maximum of 25 interrogatories). Defendants timely objected to Interrogatory No. 1 in Plaintiff's First Set of Interrogatories which constituted twenty-four separate interrogatories under the guise of one request. Defendants have also timely objected to Interrogatory Nos. 19, 22, and 23 below, which all constitute multiple interrogatories. Taken together, Plaintiff's discovery requests exceed the limit. While Defendants are open to discussing with Plaintiff how to limit discovery, and which, if any, of the requests below they would be willing to respond to, Defendants maintain their objection to the numerosity of Plaintiff's discovery, and are unable to provide substantive responses to any of Plaintiff's Second Set of Interrogatories. *See e.g., Allahverdi v. Regents of Univ. of New Mexico*, 228 F.R.D. 696 (D.N.M. 2005) ("When a party believes that another party has asked too many interrogatories, the party to which the discovery has been propounded should object to all interrogatories or file a motion for protective order; the responding party should not

answer some interrogatories and object to the ones to which it does not want to respond."); *Coyne v. Los Alamos Nat'l Sec., LLC,* 2016 WL 10591983 (D.N.M. Feb. 29, 2016) ("The Court finds that Defendant LANS has waived its counting objections. Defendant was free to move for a protective order regarding the number of interrogatories prior to answering them, or to object to all of the interrogatories. Either mechanism would have permitted the Court to resolve the counting objections in the first instance and permitted it to determine the interrogatories Defendant was required to answer...").

**INTERROGATORY NO. 15:**    Describe the "reasonable steps," as contemplated by Defendants policy step #5 (APS_EL_001109),  taken by Defendants to ensure that "only accommodations that can reasonably be expected to afford the qualified individual with a disability an opportunity to enjoy benefits and privileges of employment equal to those available to a similarly-situated employee without a disability and attain the same level of job performance as co-workers with similar skills and abilities" for each of her[2] requests for accommodation and/or review.

**ANSWER**: This Interrogatory appears to be directed at Defendant APS only, as the portion of the policy cited above, states in its entirety:

> ***The ADA Coordinator*** shall ***take every reasonable step*** necessary to ensure that there is an interactive process and that only accommodations that can reasonably be expected to afford the qualified individual with a disability an opportunity to enjoy the benefits and privileges of employment equal to those available to a similarly-situated employee without a disability and attain the same level of job performance as co-workers with similar skills and abilities.

APS_EL_001109 (emphasis added). Melanie Blea was not and is not the ADA coordinator for APS and, thus, this step of the policy does not charge her with any responsibilities as this

---

[2] For purposes of this response, Defendants assume that "her" refers to Plaintiff, as the interrogatory does not clarify. Defendants reserve the right to supplement or modify this response based upon any clarification from Plaintiff.

Interrogatory suggests. Defendants object to this request as a premature contention interrogatory as discovery is ongoing and not all witnesses have been deposed. Defendants object to this request as unduly burdensome as it seeks a narrative response as to each decision made during ADA meetings. Such a response is more properly obtained through deposition testimony. *See e.g., Mattera v. Gambro, Inc.*, 94 Fed. Appx. 725, 729-730 (10th Cir. 2004) (in which the Court denied motion seeking to compel any and all documentation regarding criticisms of plaintiff's job performance and any and all "altered entries in the company's computerized time-keeping system" by "any and all supervisors or managers" within the previous five years by stating that the type of information sought could be more appropriately obtained through depositions). Defendants further object to this Interrogatory on the grounds that this request contains multiple subparts and is in actuality ***at least*** seventeen separate interrogatories under the guise of one interrogatory (in that it asks Defendants to provide a narrative response with respect to each request for accommodation, of which there are at least seventeen within Plaintiff's ADA file, which has been produced in its entirety in this litigation). *See* Fed. R. Civ. P. 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."); *see also* Order Adopting Joint Status Report and Provisional Discovery Plan with Changes and Setting Case Management Deadlines [Doc. 15] (granting each side a maximum of 25 interrogatories).

Pursuant to the foregoing objection concerning the excessive number of interrogatories Plaintiff has served on Defendants, and without waiving any of Defendants' additional objections, Defendants are not responding to this interrogatory.

4

**INTERROGATORY NO. 16:**    Describe the process Defendants currently use to provide captioning services in meetings to hearing impaired staff, including any equipment and/or software that is provided on site for this service.

**ANSWER**: This Interrogatory appears to be directed at Defendant APS only. Defendants object to this Interrogatory as overly broad in time, as it is unlimited in time, and, thus, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that the request is overbroad in time to the extent it seeks information related to any requested accommodations for which Plaintiff has not exhausted her administrative remedies. Defendants further object to this Interrogatory as it is not limited in scope to the types of meetings Plaintiff has to/had to attend during the scope of her job performance for the time period at issue during the Complaint.

Pursuant to the foregoing objection concerning the excessive number of interrogatories Plaintiff has served on Defendants, and without waiving any of Defendants' additional objections, Defendants are not responding to this interrogatory.

**INTERROGATORY NO. 17:**    Describe the complete process used by Defendant APS to determine whether a request for accommodation is reasonable, as specifically contemplated in Defendants' policy: "Albuquerque Public Schools shall consider all requests for accommodation individually to determine if the request is reasonable and necessary to meet the essential functions of a job." (APS_EL_001110)

**ANSWER**: This Interrogatory appears to be directed at Defendant APS only. Defendants object to this Interrogatory as overly broad in time, as it is unlimited in time, and, thus, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible

5

evidence. Defendants further object that the request is overbroad in time to the extent it seeks information related to any requested accommodations for which Plaintiff has not exhausted her administrative remedies. Defendants object to this request as unduly burdensome as it is duplicative of Interrogatory Nos. 6 and 15.

<mark>Pursuant to the foregoing objection concerning the excessive number of interrogatories Plaintiff has served on Defendants, and without waiving any of Defendants' additional objections, Defendants are not responding to this interrogatory.</mark>

**INTERROGATORY NO. 18:**    State any and all facts upon which Defendants base the contention that they have fully complied with their duty of reasonable accommodation for Plaintiff.

**ANSWER**: Defendants object to this request as a premature contention interrogatory as discovery is ongoing and not all witnesses have been deposed. Defendants object to this interrogatory to the extent it seeks to shift the burden of proof from Plaintiff to the Defendants. Defendants object to this Interrogatory as overly broad in time, as it is unlimited in time, and, thus, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that the request is overbroad in time to the extent it seeks information related to any requested accommodations for which Plaintiff has not exhausted her administrative remedies. Defendants object to this Interrogatory to the extent it seeks to obtain information protected by attorney-client privilege and/or attorney work product doctrine. Defendants further object to this interrogatory to the extent it seeks the mental impressions of Defendants' counsel, to which Plaintiff is not entitled.

Additionally, Defendants state that Defendant Blea was no longer Plaintiff's supervisor following August 15, 2023, after which time Ms. Blea had no role in determining Plaintiff's

accommodations – accordingly, to the extent this interrogatory seeks information concerning accommodations beyond that date, it appears to be directed at Defendant APS only.

Pursuant to the foregoing objection concerning the excessive number of interrogatories Plaintiff has served on Defendants, and without waiving any of Defendants' additional objections, Defendants are not responding to this interrogatory.

**INTERROGATORY NO. 19:**    Describe in detail for each date that Plaintiff has taken FMLA leave, all arrangements made by Defendants APS and/or Blea to ensure that Plaintiff's work duties were covered by someone else while she was out on FMLA leave from January 2019 to present.  For each, state the name of the individual who covered that work assignment and the specific assignment that was covered.

**ANSWER**: Defendants object to this Interrogatory on the grounds that this request contains multiple subparts and is in actuality a separate interrogatory for each instance of FMLA leave taken by Plaintiff in the time period identified. *See* Fed. R. Civ. P. 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."); *see also* Order Adopting Joint Status Report and Provisional Discovery Plan with Changes and Setting Case Management Deadlines [Doc. 15] (granting each side a maximum of 25 interrogatories). Defendants object to this request as overly broad in time and scope, and as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request seeks information dating back three years from the date of the initial allegation in Plaintiff's Complaint. *See* Second Amended Complaint, ¶ 12 (alleging that something occurred in August 2022). Defendants object to this

Interrogatory to the extent it seeks confidential or private information concerning other APS employees, to which Plaintiff is not entitled.

Additionally, Defendants state that Defendant Blea was no longer Plaintiff's supervisor following August 15, 2023; accordingly, to the extent this interrogatory seeks information FMLA leave taken after that date, it appears to be directed at Defendant APS only.

Pursuant to the foregoing objection concerning the excessive number of interrogatories Plaintiff has served on Defendants, and without waiving any of Defendants' additional objections, Defendants are not responding to this interrogatory.

**INTERROGATORY NO. 20:**    List each and every work duty for Plaintiff's current position at APS which does not require any concentration to complete.  For each duty, describe in detail how that duty is performed.

**ANSWER**: This Interrogatory appears to be directed at Defendant APS only. Defendants object to this interrogatory as it misarticulates the April 26, 2024 letter which constitutes Plaintiff's active ADA plan. Defendants object to this request as overly burdensome to the extent it seeks a narrative response categorizing each of Plaintiff's job duties.

Pursuant to the foregoing objection concerning the excessive number of interrogatories Plaintiff has served on Defendants, and without waiving any of Defendants' additional objections, Defendants are not responding to this interrogatory.

8

**INTERROGATORY NO. 21:**    Describe the process APS has put in place for Plaintiff to fully participate in meetings in person, while also allowing her to utilize her reasonable accommodations, including but not limited to, captioning.

**ANSWER**: This Interrogatory appears to be directed at Defendant APS only. Defendants object to this response as vague and ambiguous as it is not directed to any particular type of meeting and is not clear as to any time period for which it seeks information. Defendants object to this Interrogatory as overly broad in time, as it is unlimited in time, and, thus, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that the request is overbroad in time to the extent it seeks information related to any requested accommodations for which Plaintiff has not exhausted her administrative remedies.

Pursuant to the foregoing objection concerning the excessive number of interrogatories Plaintiff has served on Defendants, and without waiving any of Defendants' additional objections, Defendants are not responding to this interrogatory.

**INTERROGATORY NO. 22:**    Describe in detail, by date, each and every interactive and or collaborative step taken by Defendants throughout 2024 to ensure that Plaintiff's disability is being reasonably accommodated.  For each, state the name of the individual completing that interactive step.

**ANSWER**: This Interrogatory appears to be directed at Defendant APS only. Defendants object to this request as a premature contention interrogatory as discovery is ongoing and not all witnesses have been deposed. Defendants object to this request as unduly burdensome as it seeks a narrative response as to each decision made during ADA meetings. Such a response is more

properly obtained through deposition testimony. *See e.g., Mattera v. Gambro, Inc.*, 94 Fed. Appx. 725, 729-730 (10th Cir. 2004) (in which the Court denied motion seeking to compel any and all documentation regarding criticisms of plaintiff's job performance and any and all "altered entries in the company's computerized time-keeping system" by "any and all supervisors or managers" within the previous five years by stating that the type of information sought could be more appropriately obtained through depositions). This request is also unduly burdensome as it is duplicative of other requests for discovery, including but not necessarily limited to Interrogatory Nos. 6 and 15. Defendants further object to this Interrogatory on the grounds that this request contains multiple subparts and is in actuality a separate interrogatory for each request for accommodation in 2024. *See* Fed. R. Civ. P. 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."); *see also* Order Adopting Joint Status Report and Provisional Discovery Plan with Changes and Setting Case Management Deadlines [Doc. 15] (granting each side a maximum of 25 interrogatories).

Pursuant to the foregoing objection concerning the excessive number of interrogatories Plaintiff has served on Defendants, and without waiving any of Defendants' additional objections, Defendants are not responding to this interrogatory.

10

**INTERROGATORY NO. 23:**    State any and all defenses and/or contentions upon which Defendants intend to rely in their defense of the allegations of the 2nd Amended Complaint.  For each, include a complete description of facts upon which that contention is based, and the names of any and all witnesses to those facts.

**ANSWER**: Defendants object to this interrogatory on the grounds that this request contains multiple subparts and is in actuality a separate interrogatory for each defense for which it seeks information, totaling at least thirteen interrogatories, *see* Defendants' Answer to Second Amended Complaint [Doc. 26], and should be counted as such. *See* Fed. R. Civ. P. 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."); *see also* Order Adopting Joint Status Report and Provisional Discovery Plan with Changes and Setting Case Management Deadlines [Doc. 15] (granting each side a maximum of 25 interrogatories). Defendants object to this request as a premature contention interrogatory as discovery is ongoing and not all witnesses have been deposed. Defendants object to this Interrogatory to the extent it seeks to obtain information protected by attorney-client privilege and/or attorney work product doctrine. Defendants further object to this interrogatory to the extent it seeks the mental impressions of Defendants' counsel, to which Plaintiff is not entitled. Defendants object to this request to the extent it assumes that all legal defenses must be factually based rather than presenting a legal objection to the allegations.

Pursuant to the foregoing objection concerning the excessive number of interrogatories Plaintiff has served on Defendants, and without waiving any of Defendants' additional objections, Defendants are not responding to this interrogatory.

11

## REQUESTS FOR PRODUCTION[3]

**REQUEST FOR PRODUCTION NO. 11:**  Produce any and all communications by and/or between Principal Natalie Martinez and any other Defendant employee about or in regards to Plaintiff's disability and/or requests for accommodation.

**RESPONSE:** This Request appears to be directed at Defendant APS only. Defendants object to this Request to the extent it seeks to obtain information protected by attorney-client privilege and/or attorney work product doctrine. Defendants do not intend to create privilege logs for all of its post-charge/lawsuit activities, as they do not understand Plaintiff to be seeking to impose a requirement (which would apply equally to all parties, including Plaintiff) to document in a privilege log the many post-charge/litigation documents that might be created (*i.e.*, internal law firm memos, documents memorializing communications with clients, etc.). Defendants object to this request as overly broad in time, as it is unlimited in time, and, thus, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Defendants state that they have run an email search for responsive, non-privileged communications in Principal Martinez's inbox from July 2022 to present, and refer Plaintiff to **APS_EL_001261-1320**.[4]

---

[3] With respect to Plaintiff's statement that: "[w]hen records are requested to 'present' this includes a continuing duty to supplement if additional records are created, through the date of trial,"  Defendants do not intend to create privilege logs for all of its post-charge/lawsuit activities, as they do not understand Plaintiff to be seeking to impose a requirement (which would apply equally to all parties, including Plaintiff) to document in a privilege log the many post-charge/litigation documents that might be created (i.e., internal law firm memos, documents memorializing communications with clients, etc.).

[4] Portions of APS_EL_001318-1319 have been redacted due to attorney client privilege. As stated with Defendants' Responses to Plaintiff's First Set of Discovery and herein, Defendants do not intend to create privilege logs for all of its post-charge/lawsuit activities, as they do not understand Plaintiff to be seeking to impose a requirement (which would apply equally to all parties, including Plaintiff) to document in a privilege log the many post-charge/litigation documents that might be created (*i.e.*, internal law firm memos, documents memorializing communications with clients, etc.). Accordingly, Defendants have not listed the redactions on APS_EL_001318-1319 on a privilege log, because the protected communication occurred after Plaintiff filed her 2023 EEOC charge.

12