**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

> **EXHIBIT**
> **C**

ELIZABETH LINDSEY,
     Plaintiff,

v.                                                             Case No. 1:24-CV-00393 GBW/JFR

ALBUQUERQUE PUBLIC SCHOOLS
BOARD OF EDUCATION,
MELANIE BLEA, in her individual capacity,
     Defendants.

### JOINT WRITTEN STATEMENT OF DISCOVERY DISPUTES

### Defendant APS' Responses to Plaintiff's First Set of Discovery

During the telephonic meet-and-confer on November 13, 2024, the Parties agreed to an initial course of proposed supplementation from Defendant APS for: **Interrogatory Nos. 1, 2, 7, 9, 10, 13**, and **14**; and **Requests for Production Nos. 1, 3, 4, 5, 6, 9**, and **10.** Plaintiff reserves her right to review the supplementations and identify any perceived remaining deficiencies or need for further supplementation on which a motion to compel may be necessary. Plaintiff expressly reserves her right to seek Court guidance on the following issues pursuant to the meet-and-confer:

- Sufficiency of searches for responsive information, including email search terms;
- Whether training history and/or materials for individuals or job positions beyond those identified by the Parties as an acceptable starting point for supplemental production are within the scope of discovery; and
- Sufficiency of Defendants' provision of meta-data for produced materials (including those produced in Defendants' initial or supplemented responses).

The Parties have ***not*** been able to reach an agreement concerning the following discovery requests and responses, copies of which are attached as **Exhibit A**. With each request, the Parties included brief statements of their position and identified the issue for Court resolution.

### *Interrogatory No. 8*

**Plaintiff's Position**: APS's response is insufficient in that it simply refers Plaintiff to its written policies concerning responses to accommodation requests, which is not necessarily indicative of APS's actual practice and does not explain "the process for evaluating and deciding on each request, and the criteria to determine whether an accommodation was reasonable." Any assertion that this is too broad is premature, as APS has not identified the number of employees to whom this request would apply. Finally, while this information may include confidential information (in that it may seek general information about other employees' accommodation requests, but is focused on APS' response, not the request in particular), It does not specifically request any individual's identification, it is not privileged and Defendant APS failed to request any