| | |
|---|---|
| **From:** | Mia K. Lardy |
| **Sent:** | Thursday, February 6, 2025 6:21 PM |
| **To:** | 'Heather@hburkelaw.com'; Tessa Chrisman |
| **Cc:** | Cindee Hernandez; Diane Garcia; Jessica A. Morin |
| **Subject:** | RE: Lindsey v. APS - 1.31.25 Meet and Confer |



**EXHIBIT**

**D**

Heather,

To be clear, we are also providing a load file, I forgot to mention that in my last email. That all being said, we emailed last Friday following our meet and confer, which is included in this email string. In that email we outlined what we discussed and what we were going to be producing tomorrow. We asked you to provide us with any case law to support your position on native format productions. Our email on Friday also stated that to the extent we misstated any portion of the conversation to let us know. Since last Friday we have not heard from you regarding the case law or any confusion regarding our discussion.

We will be producing the searchable pdfs, the excel spreadsheet, and the load file tomorrow.

Mia



Mia Lardy
Attorney
Modrall Sperling | www.modrall.com
P.O. Box 2168 | Albuquerque, NM 87103-2168
500 4th St. NW, Ste. 1000 | Albuquerque, NM 87102
D: 505.848.1819 | O: 505.848.1800 | F: 505.449.2019

---

**From:** Heather@hburkelaw.com <Heather@hburkelaw.com>
**Sent:** Thursday, February 6, 2025 5:59 PM
**To:** Mia K. Lardy <mlk@modrall.com>; Tessa Chrisman <tchrisman@modrall.com>
**Cc:** Cindee Hernandez <cindeeh@modrall.com>; Diane Garcia <dianeg@modrall.com>; Jessica A. Morin <jessm@modrall.com>
**Subject:** RE: Lindsey v. APS - 1.31.25 Meet and Confer

Hi Mia,

To start with I want to make sure we are clear:  We have never, and do not now, agreed to accept your production of searchable pdfs with its alleged metadata in a spreadsheet.  That is wholly non-responsive to our requests.  You keep suggesting this form, and I have repeatedly said no to that form, even before the informal hearing.  I also don't understand why you would have talked to the judge about "load files" and your e-discovery software if you were going to produce emails in the plain modified pdf format you state that you intend to produce them?

1

Why would the judge have ordered me to talk to your paralegal if you weren't producing the files from the e-discovery system? I have never liked that idea either, but it's at least more reliable than some random spreadsheet claiming to be metadata.  How, exactly, would we authenticate the data in such a spreadsheet?  And what evidentiary value would it have?  It certainly wouldn't have any processing use.

I have told you that you can produce emails as they were requested, in their native format, with metadata preserved, and, because bates numbering is important to you, you can produce the metadata in a spreadsheet which includes the bates numbers for each email as a reference so that we know what email has which bates numbers.  While you have suggested a spreadsheet of metadata, I have rejected that every time.  I have never said that you can produce pdfs without their metadata and then an export of what you allege to be metadata, which can't be confirmed from the pdfs, regardless of whether they are searchable.  It is completely useless to do that.

If you have another suggestion of how you can produce these emails which keeps the metadata attached to each email, let me know.  But doing it like you are planning to do is not acceptable.

Thanks!

Heather Burke
She/Her
Attorney at Law
Burke Law
1000 Cordova Place #24
Santa Fe, NM 87505
(505) 428-9424


http://www.HBurkelaw.com

---

**From:** Mia K. Lardy <mlk@modrall.com>
**Sent:** Thursday, February 6, 2025 10:19 AM
**To:** 'Heather@hburkelaw.com' <Heather@hburkelaw.com>; Tessa Chrisman <tchrisman@modrall.com>
**Cc:** Cindee Hernandez <cindeeh@modrall.com>; Diane Garcia <dianeg@modrall.com>; Jessica A. Morin <jessm@modrall.com>
**Subject:** RE: Lindsey v. APS - 1.31.25 Meet and Confer

Heather,

Let me start by saying that you can always call me to discuss this or other matters. Sometimes a phone call is helpful to walk through some of these issues. Nonetheless, in response to your email, here is our explanation:

What you are stating we represented to the Court is not what we represented. What I told the Court was that our initial production to you was based on what we discussed with you on November 13, where you wanted APS to search Elizabeth Lindsey's email from January 2020 to present with the following terms: accommodation/accommodations, or FMLA, or telework or remote work.

You also wanted us to search the email accounts of certain named individuals:
•     Scott Elder,
•     Gabriella Blakey
•     Annitra Atler,

2

- Teise Reiser
- Socorro Rodriguez,
- Kelly Marvin
- Todd Torgeson,
- Jessica Rivera,
- Valerie Hoose
- Meg Crist
- OES office (general account)
- ADA office (general account)
- Superintendent office (general account)
- HR (general account)

And the limits on that were from July 2022 to the present. The terms were "Elizabeth Lindsey, or Beth Lindsey, or Beth and Lindsey. We did that, and that is what was originally produced to you back on January 20.

What we discussed last week was that within those searches that we already have and have already produced to you on January 20, we would run other searches through our discovery software to narrow down the number of documents produced to you.

What we said we would do is run the search terms that we discussed with you within the overly-broad search that was originally done and produced. In other words, narrow down the documents that are re-produced to you so that your discovery review of these documents can be more targeted and narrow.

So, within the production that you already have, we have spent a significant amount of this week searching these terms:

- Balance
- Captioning
- Closed captioning
- EOS
- Gabriella Blakey
- Jessica Rivera
- Kelly Marvin
- Meg Crist
- SCDS
- Scott Elder
- Socorro Rodriguez
- Teise Reiser
- Todd Torgerson
- Valerie Hoose
- Vertigo
- Accommodation
- ADA
- Annitra Atler
- Hearing
- HR

- Superintendent

We have searched and tagged the above list of terms. These terms were run in and of themselves, they were not combined with other terms.

These more narrowed results will be produced to you tomorrow in searchable pdf format with the metadata in an excel spreadsheet. In conducting our searches, we did NOT include any emails/documents that were related to an individual student. To be clear, you do have those emails, but as you indicated to the Court, those are not the emails that you were wanting. We explained to the Court, both last year and last week, that our initial concern with the initial email search was that it would produce emails that do not relate to Ms. Lindsey's claims, and that was the issue you raised with the Court last week.

Last week we discussed with you that in looking at these more specific terms, that there may still be several false positives. Superintendent resulted in 1440 hits within the 11736 documents that were originally produced to you (minus any privileged documents). The reason for this many hits, is that Superintendent appears within every email that has, for example, Annittra Atler's signature line because she is the Associate Superintendent of Special Education.

We will have the new production, which includes only these narrowed terms (it also does NOT include anything that relates to students, what was marked as confidential in the initial production) to you by tomorrow. The one caveat is that for the Superintendent search, I narrowed it to superintendent@aps.edu. Anything else with Superintendent should be captured by us having searched Scott Elder and Gabriella Blakey's names.

So, we do not need an extension, but if you would like to discuss this matter, I am available from now until 11. From 1pm to 2pm, and then after 5pm today. I can also make time tomorrow between 11am and 2pm to discuss this with you. I need to emphasize again that I am happy to have a phone call with you to discuss this matter.

Mia



Mia Lardy
Attorney
Modrall Sperling | www.modrall.com
P.O. Box 2168 | Albuquerque, NM 87103-2168
500 4th St. NW, Ste. 1000 | Albuquerque, NM 87102
D: 505.848.1819 | O: 505.848.1800 | F: 505.449.2019

---

**From:** Heather@hburkelaw.com <Heather@hburkelaw.com>
**Sent:** Thursday, February 6, 2025 9:53 AM
**To:** Mia K. Lardy <mlk@modrall.com>; Tessa Chrisman <tchrisman@modrall.com>
**Cc:** Cindee Hernandez <cindeeh@modrall.com>; Diane Garcia <dianeg@modrall.com>; Jessica A. Morin <jessm@modrall.com>
**Subject:** RE: Lindsey v. APS - 1.31.25 Meet and Confer

Hi Mia,

I guess I'm confused by your explanation. My understanding, based on what you told the Court last week,  was that you guys had already run the previous search terms, with the exception of the new terms we added last week, and this was just going to be rerunning them to produce them with their metadata preserved.   You stated last week that you were going to be running the same production batch as before because you already knew that all the responsive records were in that batch, but just needed to be run to produce again with metadata.  (in the form we aren't requesting but that you told the Court was the way you could produce them with your existing system)  Since you've already used that system to run these searches before they were produced the first time, they'd already be part of the system.  Given all that, I'm not sure why you're needing to run them all over again?

Am I misunderstanding something?


Thanks!

Heather Burke
Attorney at Law
Burke Law
1000 Cordova Place #24
Santa Fe, NM 87505
(505) 428-9424
Fax: (505) 372-0012

http://www.HBurkelaw.com

---

**From:** Mia K. Lardy <mlk@modrall.com>
**Sent:** Wednesday, February 5, 2025 7:52 AM
**To:** Tessa Chrisman <tchrisman@modrall.com>; Heather@hburkelaw.com
**Cc:** Cindee Hernandez <cindeeh@modrall.com>; Diane Garcia <dianeg@modrall.com>; Jessica A. Morin <jessm@modrall.com>
**Subject:** RE: Lindsey v. APS - 1.31.25 Meet and Confer


EXTERNAL EMAIL: Please do not click any links or open any attachments unless you trust the sender and are expecting this message and know the content is safe.


Heather,

I wanted to provide an update on our email searches. The Court stated at the informal discovery dispute conference last week that we needed to meet and confer and then rerun the production and provide to you by Friday.

We have searched and tagged the following terms, these terms were run in and of themselves, they were not combined with other terms:
- Balance
- Captioning
- Closed captioning
- EOS
- Gabriella Blakey

- Jessica Rivera
- Kelly Marvin
- Meg Crist
- SCDS
- Scott Elder
- Socorro Rodriguez
- Teise Reiser
- Todd Torgerson
- Valerie Hoose
- Vertigo

The terms that we have remaining to search are:
- Accommodation
- ADA
- Annitra Atler
- Hearing
- HR
- Superintendent

These terms resulted in hundreds of hits, for example, Superintendent was 1440, Hearing was 776, Atler was 593, HR was 440, and ADA was 579. We have been working hard all week on these reviews, but we will not be able to complete the last six by Friday.

In terms of running the production, because we know that there is going to be some overlap for the terms that we have already searched and tagged and some of the terms that we have searched but not tagged, our fear is that providing a partial production (for example, providing the responsive documents for the searched and tagged terms) will result in you getting duplicative documents if we supplement with the remaining production once we tag those terms. In talking with Jess Morin, the paralegal you spoke with last week, the cleanest way to do this where it decreased the duplicative production is for us to run the production once, when all the terms are tagged.

**Therefore, we are asking for two things.**

1. Can we narrow the superintendent search somehow? My thought was that we search for the superintendent@aps.edu email address, if that is what you are looking for. That will decrease the number from 1440 to 85.  While I would like to narrow the term "hearing" we are willing to review all 776 of those hits, if you can agree to narrow the Superintendent search.
2. Can we please have an agreement that we have until **Wednesday, February 12**, next week, to provide you with a full production of all of the above terms. We know we can get these reviewed by then, we just need a few more days.

If you are in agreement with this short extension, I can email the Court and let them know that we are in agreement.

I can always be reached on my cell to discuss, 505-239-1371. To the extent you want to discuss what we have found, or need me to explain anything that I have communicated this morning, I am more than happy to do so. I will tell you, this narrowing of the terms within the production we already provided you, has resulted in a smaller production that is targeted to your client and her disability. I did use my discretion when searching,

and if the result related to a student's IEP or education, I did not tag that as responsive, since I did not want to burden you with false positives.

Thank you,

Mia



Mia Lardy
Attorney
Modrall Sperling | www.modrall.com
P.O. Box 2168 | Albuquerque, NM 87103-2168
500 4th St. NW, Ste. 1000 | Albuquerque, NM 87102
D: 505.848.1819 | O: 505.848.1800 | F: 505.449.2019

---

**From:** Tessa Chrisman <tchrisman@modrall.com>
**Sent:** Friday, January 31, 2025 1:03 PM
**To:** Heather@hburkelaw.com
**Cc:** Mia K. Lardy <mlk@modrall.com>; Cindee Hernandez <cindeeh@modrall.com>; Diane Garcia <dianeg@modrall.com>
**Subject:** RE: Lindsey v. APS - 1.31.25 Meet and Confer

Heather,

Thanks for speaking with us again this morning. We hope it was helpful and clarifying for you to get to speak with our paralegal Jess.

To sum up what we discussed and where we stand:
- We'll run individual searches for the following terms (which we will also run in conjunction with accommodation as discussed below) within the existing pool of emails pulled from our initial searches:
    - SCDS
    - Balance
    - Vertigo
    - o While reviewing, Mia and I will call you if we feel that these terms are pulling too many false positives so that we can collaborate on how to narrow or adjust the terms.

- We offered the following compromise with respect to the format of production and plan to produce the emails in this form by Friday, February 7. As stated during the call, please feel free to send us any case law or orders underlying your stance on native format productions. We feel the following approach addresses all the components you spoke to regarding what makes a production usable (including the ability to sort productions by date or chain, have metadata, and easily search the documents without having to OCR the production yourself) while protecting our legitimate concerns (allowing us to Bates-label, redact, mark as confidential, and keep track of what APS documents have been produced and to whom).
    - o We will produce the emails responsive based on the narrowed search terms discussed today and yesterday (which are being pulled from the initial email search results) as searchable PDFs with an accompanying excel spreadsheet with metadata (including data/time and subject line).
    - o We are happy to discuss further if you would like to make a counterproposal in the spirit of compromise.

- We briefly raised but did not substantively discuss Defendants' numerosity objection to Plaintiff's second set of interrogatories. Our position on this issue is stated within our position statement to the court, but we are willing to discuss how to narrow or limit your interrogatories. The easiest solution may be you providing us with a list of up to 11 single interrogatories (given that you used 14 in your initial set) that you most want answers to, but we are open to discussing other solutions as well. Please let us know how you want to proceed on this issue.

To the extent you believe I've misstated any portion of this morning's conversation, please let us know.

Best,
Tessa



Tessa L. Chrisman
Associate Attorney
Modrall Sperling | www.modrall.com
P.O. Box 2168 | Albuquerque, NM 87103-2168
500 4th St. NW, Ste. 1000 | Albuquerque, NM 87102
D: 505.848.1869 | O: 505.848.1800  |Cell: 505.494.4072

---

**From:** Tessa Chrisman
**Sent:** Thursday, January 30, 2025 4:10 PM
**To:** 'Heather@hburkelaw.com' <Heather@hburkelaw.com>
**Cc:** Mia K. Lardy <mlk@modrall.com>; Cindee Hernandez <cindeeh@modrall.com>; Diane Garcia <dianeg@modrall.com>
**Subject:** Lindsey v. APS - 1.30.25 Meet and Confer on Search Terms

Heather,

Thank you for your time this afternoon. I am including below the additional search terms that we have agreed to run within the existing pool of emails captured by our initial search terms.

By way of recap, the original terms we discussed and ran were:
- RFP 4:
    - o **Email Account: Elizabeth Lindsey**
        - ▪ Date: from January 2020 to Present
        - ▪ Terms: "accommodation/accommodations" or "FMLA" or "telework" or "remote work"
- RFP 10:
    - o **Email Accounts**
        - ▪ Scott Elder,
        - ▪ Gabriella Blakey
        - ▪ Annitra Atler,
        - ▪ Teise Reiser
        - ▪ Socorro Rodriguez,
        - ▪ Kelly Marvin
        - ▪ Todd Torgeson,
        - ▪ Jessica Rivera,
        - ▪ Valerie Hoose
        - ▪ Meg Crist
        - ▪ OES office (general account)

- ADA office (general account)
- Superintendent office (general account)
- HR (general account)
  - o Date: July 2022-Present
  - o Terms: "Elizabeth Lindsey" or "Beth Lindsey" or "Beth" and "Lindsey"

The additional terms we agreed to today to run within the results from Elizabeth Lindsey's inbox and outbox (within the results captured by the initial search discussed above) are:
- ("SCDS" and "accommodation")
- ("balance" and "accommodation")
- ("vertigo" and "accommodation")
- ("hearing" and "accommodation")
- ("captioning")
- ("closed captioning")
- ("Scott Elder")
- ("Gabriella Blakey")
- ("Annitra Atler")
- ("Teise Reiser")
- ("Socorro Rodriguez")
- ("Kelly Marvin")
- ("Todd Torgerson")
- ("Jessica Rivera")
- ("Valerie Hoose")
- ("Meg Crist")
- ("EOS")
- ("ADA")
- ("superintendent")
- ("HR")

Let me know if I've misunderstood anything. We will give you a call tomorrow at 10 am to discuss format with our paralegal, as ordered by Judge Robbenhaar this afternoon.

Thanks,
Tessa



Tessa L. Chrisman
Associate Attorney
Modrall Sperling | www.modrall.com
P.O. Box 2168 | Albuquerque, NM 87103-2168
500 4th St. NW, Ste. 1000 | Albuquerque, NM 87102
D: 505.848.1869 | O: 505.848.1800  |Cell: 505.494.4072

9