



Mia Kern Lardy
Tel: 505.848.1819
Fax: 505.944.8034
mia.lardy@modrall.com

Tessa L. Chrisman
Tel: 505.848.1869
Fax: 505.848.9710
Tessa.Chrisman@modrall.com

*Via Email Only*

December 6, 2024

Heather Burke
1000 Cordova Place #24
Santa Fe, New Mexico 87505
(505) 428-9424
heather@hburkelaw.com

Re: *Elizabeth Lindsey v. Albuquerque Public Schools and Melanie Blea*
     Case No. 1:24-CV-393

Dear Ms. Burke:

We are in receipt of your November 26, 2024 email concerning Defendants' responses to Plaintiff's First Set of Discovery and the deficiencies you have perceived therein. The purpose of this letter is to engage with you in good faith pursuant to Rule 37 to attempt to resolve the discovery issues you have raised and to detail our ongoing attempts to supplement. This letter is being served contemporaneously with Defendants' Second Supplemental Responses to Plaintiff's First Set of Discovery.

As a prefatory matter, we prepared a detailed response letter to your initial request for supplementation (dated November 4, 2024) which was sent to you on November 8, 2024. To date, you have not responded to this letter or addressed any of APS's positions with respect to particular requests stated therein. Accordingly, we have had to restate some of our positions with respect to these requests below. We are happy to discuss these positions further, but ask that you please engage fully with the information we provide to better facilitate a cooperative discovery process.

### PERCEIVED DEFICIENCIES IN APS'S RESPONSES

As indicated above, APS is providing its responses to the perceived deficiencies you have identified in its discovery responses below.

**Interrogatory No. 1**: With respect to this request, you have taken issue with our objection to identifying which of the four listed individuals provided responsive information to which discovery requests. While you contest that Defendants' objections are without merit, you cite no authority in support of this proposition. Defendants maintain that providing the type of response to this request that you are

Modrall Sperling
Roehl Harris & Sisk P.A.

500 Fourth Street NW
Suite 1000
Albuquerque,
New Mexico 87102

PO Box 2168
Albuquerque,
New Mexico 87103-2168

Tel: 505.848.1800
www.modrall.com

Page 4

request and, notably, has produced its publically accessible policies *in three separate formats* as of the date of this letter.

**Request for Production Nos. 3 and 5**: As discussed in our November 8 letter and during the November 13 meet and confer call, Plaintiff has not shown any entitlement to select training certifications for all APS employees over a five-year span. Your letter does not articulate the relevance of these records. To the extent Plaintiff seeks the training certification materials for select individuals and is interested in narrowing the scope of these requests, APS is willing to engage in discussions to identify a compromise. To date, we have supplemented in good faith to provide the types of trainings required for Principals and employees in APS's ADA and Leave offices as we promised to do during our November 13 meet and confer call.

**Request for Production No. 4**: APS has identified email communications sent to or from Plaintiff's APS email address from January 2020 through the present. In reviewing these records, which are voluminous, we have determined that there are several messages which implicate confidentiality concerns, including FERPA. Accordingly, in order to produce these within this litigation, we require that a confidentiality order be entered. We are including a proposed draft order along with this letter. Please let us know if you would like to discuss further.

**Request for Production No. 6**: We require additional clarification concerning Plaintiff's initial request for supplementation of this request to produce the meta-data for Plaintiff's employee file. In the interest of clarity and compromise, would it be sufficient if APS was able to supplement with an access information concerning who has accessed Plaintiff's employee file and when, within the time period at issue (August 2022-present)? If so, we are willing to see what types of logs are maintained to see if we can provide this information for you.

**Request for Production No. 9**: APS has fully responded to this request and provided all materials that EOS has concerning Plaintiff's February 2024 complaint. Accordingly, it is unclear what additional information or materials you are seeking. With respect to the request in your November 26 email, we will not supplement to state that there are no responsive documents, as the documents we have referenced in our response are responsive based on our reading of the request.

**Request for Production No. 10**: Similar to the discussion of Interrogatory No. 13 above, we are still in the process of reviewing emails responsive to the search terms we agreed to during our November 13 meet and confer. Once we are able to determine which emails are response and, of those, which, if any, need to be privilege logged, we will supplement to provide these emails. We intend to provide these as soon as possible.

Page 5

## CONCLUSION

<mark>As demonstrated by APS's consistent efforts to supplement and respond to perceived deficiencies within its responses thus far, we are dedicated to participating in the discovery process in good faith. Additionally, we have attempted to address your stated concerns within written correspondence and over the phone. If you'd like to discuss further, please let us know and we will work to get something on the calendar.</mark>

Sincerely,

Tessa L. Chrisman