| | | EXHIBIT |
|---|---|---|
| **From:** | Tessa Chrisman | **F** |
| **Sent:** | Monday, January 27, 2025 5:03 PM | |
| **To:** | Heather@hburkelaw.com | |
| **Cc:** | Mia K. Lardy; Cindee Hernandez; Diane Garcia | |
| **Subject:** | RE: Production questions | |

Heather,

I was already in the process of preparing our submission to comply with Judge Robbenhaar's order and did not see your 4:55 pm email in time. Please remember to cc Mia, and our assistants Cindee and Diane, on your emails to us.

Thank you.
Tessa



Tessa L. Chrisman
Associate Attorney
Modrall Sperling | www.modrall.com
P.O. Box 2168 | Albuquerque, NM 87103-2168
500 4th St. NW, Ste. 1000 | Albuquerque, NM 87102
D: 505.848.1869 | O: 505.848.1800  |Cell: 505.494.4072

**From:** Heather@hburkelaw.com <Heather@hburkelaw.com>
**Sent:** Monday, January 27, 2025 4:55 PM
**To:** Tessa Chrisman <tchrisman@modrall.com>
**Subject:** RE: Production questions

Hi Tessa,

Here is our position statement.

Thanks!

Heather Burke
She/Her
Attorney at Law
Burke Law
1000 Cordova Place #24
Santa Fe, NM 87505
(505) 428-9424


http://www.HBurkelaw.com

1

**From:** Tessa Chrisman <tchrisman@modrall.com>
**Sent:** Monday, January 27, 2025 10:54 AM
**To:** Heather@hburkelaw.com
**Cc:** Cindee Hernandez <cindeeh@modrall.com>; Mia K. Lardy <mlk@modrall.com>; Diane Garcia <dianeg@modrall.com>
**Subject:** RE: Production questions

Heather,

I've conferred with Mia on this – as she mentioned, she's currently en route to Carlsbad. Given that you requested this conference, and that you did so without providing us with a full list of perceived deficiencies beforehand, we cannot agree to provide our portion of the joint statement to you first. We need to be able to review your portion of the statement and be provided the opportunity to respond fully to any positions you take therein.

Please provide your draft as soon as possible today – by noon is preferable, but no later than 2 pm to allow for a timely response to the court. Again – we are available by phone if you would like to discuss.

Best,
Tessa



Tessa L. Chrisman
Associate Attorney
Modrall Sperling | www.modrall.com
P.O. Box 2168 | Albuquerque, NM 87103-2168
500 4th St. NW, Ste. 1000 | Albuquerque, NM 87102
D: 505.848.1869 | O: 505.848.1800  |Cell: 505.494.4072

**From:** Heather@hburkelaw.com <Heather@hburkelaw.com>
**Sent:** Monday, January 27, 2025 10:35 AM
**To:** Mia K. Lardy <mlk@modrall.com>
**Cc:** Tessa Chrisman <tchrisman@modrall.com>; Cindee Hernandez <cindeeh@modrall.com>
**Subject:** RE: Production questions

Hi Mia,

Yes, obviously we do, and it's silly.  I'm not sure what you mean about not being able to separate certain emails?  Your production did this by placing the alleged confidential documents in a folder marked "confidential" and it would be just as easy to do that with native files, especially as you've clearly already identified which ones you believe are confidential.   To be honest most of what I've seen in your "confidential" folder hasn't been responsive and I'm not sure why it was produced.

At this point you haven't produced any emails.  You've produced pdfs.  We didn't ask for pdfs.

I can't speak to what happens in your other litigations, but I always request native files, particularly for emails.  The times it has been an issue and we have compelled them, we have been successful because the rules allow us to specify, and we did specify when making the request.  It's a reasonable request to expect electronic mail files to be produced in their original electronic form with its original metadata.   This really shouldn't be such an issue and it's weird that you guys made so much effort to not produce them in the requested form.  It probably would have taken half the time to do it right.     But the fact you did it wrong the first time doesn't mean that you don't need to do it right.

Again, we did not ask for metadata to be produced separately and I'm not even sure why you think that would address any issues because metadata is important to the file itself. I don't want to get into trying to explain this all to you because I'm not working as a technical expert for the defense.

I'm going to be out of the office part of today, so it might make more sense for you to send me your portion of the statement and I'll submit it to the Court this afternoon together with mine.

Thanks!

Heather Burke
Attorney at Law
Burke Law
1000 Cordova Place #24
Santa Fe, NM 87505
(505) 428-9424
Fax: (505) 372-0012

http://www.HBurkelaw.com

---

**From:** Mia K. Lardy <mlk@modrall.com>
**Sent:** Monday, January 27, 2025 10:06 AM
**To:** Heather@hburkelaw.com
**Cc:** Tessa Chrisman <tchrisman@modrall.com>; Cindee Hernandez <cindeeh@modrall.com>
**Subject:** Re: Production questions

Heather,

Clearly we will need the Court to weigh in on this. You can always call me on my cell phone to discuss. As Tessa and I have both noted, we would prefer to work with you on these issues rather than you immediately contacting the Court.

At this point we have produced all emails from the individuals you requested that referenced Beth Lindsey. We also produced all emails to and from your client's account as we discussed and agreed upon. To the extent you are wanting to.pst files, we cannot provide those because we have no way to indicate what is confidential, privileged, or overall bates labeled. Furthermore, I have never produced .pst files in any other case I have litigated. What we provided to you was reasonable and within the parameters of the Rules of Civil Procedure.

As I stated, we are working on the metadata, however, what we produced to you were all the emails you requested from the overly broad search terms you gave us. As I also stated we are working to try and get that to you this week, even though we stand by our position that we have fully responded to your discovery and you still have not provided us with a reason for why you need metadata.

We are supposed to provide a joint statement to the Court today, please let us know the status of your draft.

Mia
Sent from my iPhone

> On Jan 27, 2025, at 9:05 AM, Heather@hburkelaw.com wrote:

> Hi Mia,

We have never requested metadata to be provided separately from the file it is related to, so I'm not sure why you are doing that.  We requested these emails to be produced in their native form with the metadata preserved.  That means that each file will still have its original metadata.  Producing hundreds of thousands of pages of poor quality, non-searchable pdf documents purporting to be responsive emails is not at all responsive to our requests.  What you have produced is virtually unusable, and honestly doesn't even seem to be what we asked for as far as content.

I am not aware of any requirement for me to articulate why we want files in their original form.  Rule 34 allows us to specify the form and it's far less reasonable of you to change the form of the document like you did, than to produce it as it normally exists.   Since I don't know what program you are working with, I have listed the most common native (or near native) email file types, such as .msg, .eml, etc.   If mbox is easier than pst, that may be acceptable too, but I can't really say when I don't know what you're working with.  As I have said before, if you had questions about production of these files, you should just ask.

However, there is absolutely no basis for you to completely ignore the form we have specified and just produce them how you want even after we have discussed our preference for native form multiple times.

Please produce all documents in the proper form immediately.

Thanks!

Heather Burke
Attorney at Law
Burke Law
1000 Cordova Place #24
Santa Fe, NM 87505
(505) 428-9424
Fax: (505) 372-0012

http://www.HBurkelaw.com

---

**From:** Mia K. Lardy <mlk@modrall.com>
**Sent:** Monday, January 27, 2025 6:08 AM
**To:** 'Heather@hburkelaw.com' <Heather@hburkelaw.com>; Tessa Chrisman <tchrisman@modrall.com>
**Cc:** Cindee Hernandez <cindeeh@modrall.com>
**Subject:** RE: Production questions

Heather,

We are preparing the metadata for production and expect to have that to you this week, even though you have not provided us with any explanation as to why the metadata for emails is necessary in this case. I need to be clear that we still maintain our position that with the pdfs we provided you, we have fully responded to the discovery requests to which the emails are responsive. We have attempted to confer with you on this issue in the past, and offered to confer with you again in our response on Tuesday, but you have opted to go immediately to the court without discussion.

We never agreed to provide .pst files and have comported with your definition of documents as discussed previously. Additionally, discovery is intended to be reasonable and often requires compromise – we cannot do so if you refuse to articulate why you need native files.

Per the Court's Order, a joint position statement is due today for the informal discovery conference on Thursday. I am traveling to Carlsbad today, so if you please send your position statement by noon so that we can respond timely, it would be appreciated.

Mia
<image001.jpg>

Mia Lardy
Attorney
Modrall Sperling | www.modrall.com
P.O. Box 2168 | Albuquerque, NM 87103-2168
500 4th St. NW, Ste. 1000 | Albuquerque, NM 87102
D: 505.848.1819 | O: 505.848.1800 | F: 505.449.2019

---

**From:** Heather@hburkelaw.com <Heather@hburkelaw.com>
**Sent:** Tuesday, January 21, 2025 6:10 PM
**To:** Tessa Chrisman <tchrisman@modrall.com>
**Cc:** Mia K. Lardy <mlk@modrall.com>
**Subject:** RE: Production questions

Hi Tessa,

That is just not true. It is up to Defendants to hire experts to help them comply with discovery requirements if you aren't able to determine how to do this yourself. I have repeatedly stated that we want production in native form, in the requests, in my good faith letters, etc. In that standard definition, it states "Readily accessible" to allow for issues with proprietary systems. APS Email is not that, and is routinely produced in native form in litigations across the country.

At the very least, you had a duty to confer with me to try to determine how these files should be produced if you had questions or were having trouble. I have repeatedly stated that producing documents as .pdf instead of their native form is not acceptable and none of the metadata was preserved. The way they have been produced is virtually unusable.

Defendants need to produce these emails in native form, whether it's msg, eml, or aggregated into a .pst container, with original metadata preserved. They were due yesterday. When will they be produced?

Thanks!

Heather Burke
Attorney at Law
Burke Law
1000 Cordova Place #24
Santa Fe, NM 87505

(505) 428-9424
Fax: (505) 372-0012

http://www.HBurkelaw.com

---

**From:** Tessa Chrisman <tchrisman@modrall.com>
**Sent:** Tuesday, January 21, 2025 4:01 PM
**To:** Heather@hburkelaw.com
**Cc:** Mia K. Lardy <mlk@modrall.com>
**Subject:** RE: Production questions

Heather,

Your definitions do not specify that the emails should be produced in native format and we have not discussed that with the Court. With respect to documents and meta-data, your instructions state:

1. "All metadata should be preserved and produced with requested documents. These documents should be produced in native format ***if this format is readily accessible*** such as docx, pdf, etc. If native format is proprietary or requires specific software to be accessible, these files should also be produced in a ***readily accessible format (pdf, TIF, etc), with care taken to preserve all associated metadata***."

(emphasis added). The emails' native format is not readily accessible under this definition. We are happy to work with you to determine a manner which we can provide the meta-data (which we have taken care to preserve), but we cannot provide you with the native format of these emails. Further, you would not get any additional information from having them in native format.

With respect to our objections to your second set of interrogatories, we believe that we can discuss among ourselves and determine a way to limit the discovery you are seeking so that it complies with the rules. Rule 37, in our reading, requires that we do so in a good-faith effort to compromise ahead of seeking court intervention. We are happy to set up a time to discuss.

Best,
Tessa

<image001.jpg>

Tessa L. Chrisman
Associate Attorney
Modrall Sperling | www.modrall.com
P.O. Box 2168 | Albuquerque, NM 87103-2168
500 4th St. NW, Ste. 1000 | Albuquerque, NM 87102
D: 505.848.1869 | O: 505.848.1800 |Cell: 505.494.4072

---

**From:** Heather@hburkelaw.com <Heather@hburkelaw.com>
**Sent:** Tuesday, January 21, 2025 3:43 PM
**To:** Tessa Chrisman <tchrisman@modrall.com>
**Cc:** Mia K. Lardy <mlk@modrall.com>
**Subject:** RE: Production questions

Hi Tessa,

We requested these documents in native form. We have repeatedly asked for them to be produced in native electronic form during our good faith discussions. We engaged in the Court's informal process, where I seem to remember that he agreed that you should produce the native electronic records as requested. Defendants must produce the records in the form we requested, which is, in fact, the original form of those records. I don't have the obligation of explaining why Plaintiff requested them in the form that we did. There are no grounds for you to refuse to produce them in the form requested.

If you have no intention of producing these in the proper form, I guess we have to go back to the Court?

Speaking of, given your blanket numerosity objections to all of Plaintiff's interrogatories in her 2nd discovery requests, we could probably ask for the Court to weigh in on that issue too before grappling with the other objections on each. It doesn't seem like that's the kind of dispute that we can resolve between us and that way we don't waste time over the other objections until we know whether the Court will support that blanket objection or not.

Thanks!

Heather Burke
Attorney at Law
Burke Law
1000 Cordova Place #24
Santa Fe, NM 87505
(505) 428-9424
Fax: (505) 372-0012

http://www.HBurkelaw.com

---

**From:** Tessa Chrisman <tchrisman@modrall.com>
**Sent:** Tuesday, January 21, 2025 1:55 PM
**To:** Heather@hburkelaw.com
**Cc:** Mia K. Lardy <mlk@modrall.com>
**Subject:** RE: Production questions

Heather,

Can you please clarify what information you're seeking that cannot be obtained from the provided PDFs? These documents have been produced as PDFs so that they are readily accessible, but also capable of being redacted and Bates-labeled. We cannot produce the native files, but are happy to engage in a discussion with you to see if the information you're after might be accessible in another way.

Best,
Tessa

<image001.jpg>

Tessa L. Chrisman
Associate Attorney
Modrall Sperling | www.modrall.com
P.O. Box 2168 | Albuquerque, NM 87103-2168
500 4th St. NW, Ste. 1000 | Albuquerque, NM 87102
D: 505.848.1869 | O: 505.848.1800 | Cell: 505.494.4072

**From:** Heather@hburkelaw.com <Heather@hburkelaw.com>
**Sent:** Tuesday, January 21, 2025 9:42 AM
**To:** Mia K. Lardy <mlk@modrall.com>; Tessa Chrisman <tchrisman@modrall.com>
**Subject:** Production questions

<mark>**EXTERNAL EMAIL:** Please do not click any links or open any attachments unless you trust the sender and are expecting this message and know the content is safe.</mark>

Hi Mia and Tessa,

I'm reviewing Defendants production and I'm not seeing the native email files.  Am I missing something?   I still just see emails produced as pdf, rather than their native form.   The native folders don't seem the have any native emails in them.   Where are those files?

Thanks!

Heather Burke
Attorney at Law
Burke Law
1000 Cordova Place #24
Santa Fe, NM 87505
(505) 428-9424
Fax: (505) 372-0012

http://www.HBurkelaw.com